GEORGE W. ABELE (SBN 149846)
georgeabele@paulhastings.com
JAN E. EAKINS (SBN 100612)
janeakins@paulhastings.com
RYAN J. CRAIN (SBN 266172)
ryancrain@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
AT&T MOBILITY SERVICES LLC

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 8 2010
11:38

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10,<br><br>Defendant. | CASE NO. CV10-8869-MMM (FMOx)<br><br>(Superior Court of California for the County of Los Angeles Case No. BC 447776)<br><br>**DEFENDANT AT&T MOBILITY SERVICES LLC'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446** |

LEGAL_US_W # 66311461.3

1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2  COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF

3  JERRY WONG AND TO HIS ATTORNEYS OF RECORD, JASON M.

4  WUCETICH AND DIMITRIOS V. KOROVILAS, AND THE LAW OFFICES OF

5  WUCETICH & KOROVILAS LLP:

6

7       PLEASE TAKE NOTICE that Defendant AT&T Mobility Services

8  LLC ("AT&T Mobility" or "Defendant"), hereby removes this action from the

9  Superior Court of the State California for the County of Los Angeles to the United

10  States District Court for the Central District of California, pursuant to 28 U.S.C.

11  §§ 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, §

12  4(a) ("CAFA")) and 1441(a) and (b), for the following reasons:

13

14       1.    On or about October 19, 2010, plaintiff Jerry Wong ("Plaintiff")

15  filed his class action complaint ("Complaint") in the Superior Court of the State of

16  California for the County of Los Angeles entitled: *"JERRY WONG, individually*

17  *and on behalf of all others similarly situated, Plaintiff v. AT&T MOBILITY*

18  *SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10,*

19  *Defendants,"* designated as Case No. BC447776.  This Complaint alleged the

20  following eight purported causes of action against AT&T Mobility:  (1) failure to

21  pay mandated overtime wages; (2) failure to provide adequate rest breaks;

22  (3) failure to provide adequate meal breaks; (4) failure to pay business expenses;

23  (5) waiting time penalties; (6) failure to keep accurate payroll records; (7) failure to

24  furnish accurate itemized wage statements; and (8) unfair competition.

25

26       2.    A copy of the Summons and Complaint was served on AT&T

27  Mobility by delivery to its agent for service of process on October 19, 2010. *See*

28  October 19 service of process, attached hereto as Exhibit A.  The Summons and

-1-

DEFENDANT AT&T MOBILITY SERVICES
LLC'S NOTICE OF REMOVAL

1  Complaint, attached hereto as Exhibit B, is the initial pleading that was served upon

2  AT&T Mobility.

3

4        3.  On or about November 12, 2010, Plaintiff filed his first

5  amended class action complaint ("First Amended Complaint") in the Superior

6  Court of the State of California for the County of Los Angeles. This complaint

7  alleged the following five purported causes of action against AT&T Mobility: (1)

8  failure to pay mandated overtime wages; (2) waiting time penalties; (3) failure to

9  keep accurate payroll records; (4) failure to furnish accurate itemized wage

10  statements; and (5) unfair competition.

11

12        4.  A copy of the First Amended Complaint was served on AT&T

13  Mobility by delivery to its agent for service of process on November 12, 2010. *See*

14  November 12 service of process, attached hereto as Exhibit C. The First Amended

15  Complaint, attached hereto as Exhibit D, is the pleading that was served upon

16  AT&T Mobility setting forth the claims for relief upon which this action is based

17  and may be removed.

18

19        5.  On November 16, 2010, AT&T Mobility served Plaintiff with

20  its Answer to the First Amended Complaint, and filed same in the Los Angeles

21  County Superior Court on November 16, 2010. A true and correct copy of AT&T

22  Mobility's Answer to the First Amended Complaint is attached as Exhibit E.

23

24        6.  In accordance with 28 U.S.C. § 1446(d), the undersigned

25  counsel certifies that a copy of this Notice of Removal and all supporting papers

26  will be promptly served on Plaintiff's counsel and filed with the Clerk of the Los

27  Angeles County Superior Court. True and correct copies of the Notice of Removal

28  of Civil Action to Federal Court and the Notice to Adverse Party of Removal of

-2-  DEFENDANT AT&T MOBILITY SERVICES
LLC'S NOTICE OF REMOVAL

1   Civil Action are attached hereto as Exhibits F and G, respectively.  Therefore, all

2   procedural requirements under 28 U.S.C. § 1446 have been satisfied.

3

4          7.    This Notice of Removal is effected properly and timely pursuant

5   to 28 U.S.C. § 1441(b).

6

7          8.    Venue is proper in this District pursuant to 28 U.S.C. § 1441(a)

8   because the Superior Court where the removed case was pending is located within

9   this District.

10

11          9.    This Action is one over which this Court has original

12   jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this

13   Court pursuant to 28 U.S.C. § 1441(a) on the following separate and independent

14   grounds:

15

16   <u>REMOVAL BASED ON DIVERSITY AND/OR CLASS ACTION FAIRNESS</u>

17   <u>ACT OF 2005 (28 U.S.C. §§ 1332(a) and/or (d))</u>

18

19         10.    This Action is properly removed to this Court under the rules for

20   diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005,

21   Pub. L. 109-2, § 4(a), 119 Stat. 9.

22

23         11.    The Class Action Fairness Act of 2005 amended 28 U.S.C.

24   § 1332 to provide that a putative class action is removable to federal court if: (a) the

25   proposed class members number at least 100; (b) the amount in controversy

26   exceeds $5,000,000, exclusive of interest and costs; (c) and any member of a class

27   of plaintiffs is a citizen of a state different from any defendant.

28

-3-

1         12.    The First Amended Complaint is pled as a putative class action

2 by which Plaintiff seeks to represent all store managers employed at AT&T

3 Mobility store locations in California ("Putative Class Members"). (First Amended

4 Complaint ¶ 27). There currently are over 200 Putative Class Members who are

5 employed as store managers by AT&T Mobility in California. (*See* Declaration of

6 Diane Kawashima ("Kawashima Decl.") ¶ 3)

7

8         13.    AT&T Mobility may properly remove the Complaint on the

9 basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a) and/or

10 28 U.S.C. § 1332(d)(2), because:

11

12         (a)    Plaintiff is now, and was at the time this action was

13 commenced, a citizen of the State of California within the meaning of 28 U.S.C.

14 § 1332(a), because his place of residence and domicile is, and was, within the State

15 of California. (First Amended Complaint ¶ 2).

16

17         (b)    AT&T Mobility is now, and was at the time this action

18 was commenced, a citizen of the states of Georgia, Delaware, and Texas within the

19 meaning of 28 U.S.C. § 1332(c)(1). AT&T Mobility is a limited liability company

20 organized and existing under the laws of the state of Delaware with its headquarters

21 located in Georgia. (First Amended Complaint ¶ 3). *Johnson v. Columbia Props.*

22 *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). AT&T Mobility's sole member

23 is AT&T Mobility II LLC, which is comprised of the following four members:

24

25         (i)    BellSouth Mobile Data, Inc., a Georgia corporation

26 whose principal place of business is 1025 Lenox Park Blvd., N.E., Atlanta, Georgia

27 30319;

28

DEFENDANT AT&T MOBILITY SERVICES
LLC'S NOTICE OF REMOVAL

LEGAL_US_W # 66311461.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(ii)    New Cingular Wireless Services, Inc., a Delaware corporation whose principal place of business is 1025 Lenox Park Blvd., N.E., Atlanta, Georgia 30319;

(iii)    Centennial Communications Corporation, a Delaware domestic corporation whose principal place of business is 208 S. Akard Street, Dallas, Texas 75202; and

(iv)    AT&T Mobility LLC, a Delaware limited liability company, which is comprised of the following five members:

(a)    SBC Long Distance, LLC, a Delaware limited liability company whose sole member is SBC Telecom, Inc., a Delaware corporation whose principal place of business is 208 S. Akard St., Dallas, Texas 75202;

(b)    SBC Alloy Holdings, Inc., a Delaware corporation whose principal place of business is 208 S. Akard St., Dallas, Texas 75202;

(c)    AT&T Mobility Corporation, a Delaware corporation whose principal place of business is 1025 Lenox Park Blvd., N.E., Atlanta, Georgia 30319;

1      (d) New BellSouth Cingular Holdings, Inc., a

2        Delaware corporation whose principal place

3        of business is 1025 Lenox Park Blvd., N.E.,

4        Atlanta, Georgia 30319; and

5

6      (e) BellSouth Mobile Data, Inc., a Georgia

7        corporation whose principal place of

8        business is 1025 Lenox Park Blvd., N.E.,

9        Atlanta, Georgia 30319.

10

11 *See* Declaration of Carolyn J. Wilder, ¶¶ 3-5.

12

13    (c) Accordingly, AT&T Mobility's members are citizens of

14 the states of Delaware, Georgia and Texas. Under 28 U.S.C. § 1332, therefore,

15 AT&T Mobility is also a citizen of the States of Delaware, Georgia and Texas.

16

17    (d) AT&T Mobility is the only defendant named in this

18 action and the presence of Doe defendants has no bearing on diversity with respect

19 to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter,

20 the citizenship of defendants sued under a fictitious name shall be disregarded.").

21

22    14. Without admitting that Plaintiff and/or the purported class could

23 recover any damages, the amount in controversy in this action for which Plaintiff

24 asserts a maximum four year liability period exceeds $5,000,000, exclusive of

25 interest and costs, on the following grounds:

26

27    (a) AT&T Mobility employs approximately one Putative

28 Class Member per store location and has had 200 or more AT&T Mobility store

DEFENDANT AT&T MOBILITY SERVICES
LLC'S NOTICE OF REMOVAL

1    locations in California at all times from October 19, 2006 to the present.

2    Accordingly, there are now, and there were at any time during the liability period,

3    200 or more Putative Class Members employed by AT&T Mobility in California.

4    (Kawashima Decl. ¶ 3).

5

6              (b)    The current average salary of the Putative Class Members

7    is approximately $45,000. (Kawashima Decl. ¶ 5). The average salary of Putative

8    Class Members employed at AT&T Mobility has been substantially the same since

9    October 19, 2006. (*Id.*). Based on a conservative estimate of an average salary of

10   $40,000, the hourly rate of Putative Class Members is $20.83. This estimate is

11   based on the following calculation:  an annual salary of $40,000 divided by the

12   standard number of workweeks in a year of forty-eight (48) and the standard

13   number of hours in a workweek of forty (40).  ($40,000 ÷ 48 ÷ 40 = $20.83 per

14   hour).

15

16             (c)    Approximately 197 Putative Class Members are no longer

17   employed by AT&T Mobility. (Kawashima Decl. ¶ 4).

18

19             (d)    In the Class Action Complaint, Plaintiff alleges, among

20   other things, that Defendant misclassified the Putative Class Members as exempt

21   and failed to pay required overtime, timely pay all wages due at the time of

22   termination, and furnish accurate itemized wage statements in violation of multiple

23   California Labor Code Sections, including, but not limited to, Sections 203, 204,

24   226, 510, 1174, 1194, 2802, as well as the applicable wage orders and California

25   Business and Professions Code Section 17200, *et seq.* (*See* First Amended

26   Complaint, ¶¶ 17-21, 31-32, 35, 39, 43-46, 50-51, 53, Prayer for Relief).  Based on

27   these alleged violations, Plaintiff, on behalf of himself and those he alleges are

28   similarly situated, seeks to recover unpaid wages, statutory penalties, restitution,

DEFENDANT AT&T MOBILITY SERVICES
LLC'S NOTICE OF REMOVAL

1   and attorneys' fees against Defendant for a period up to four years. (*Id*). Based on

2   these allegations, the amount in controversy exceeds $5,000,000 as summarized and

3   explained below

4

5   | Overtime | $3,600,000 |
    | Waiting Time Penalties | 984,842 |
    | Wage Statement Violations | 800,000 |
    | TOTAL | > **$5,000,000** |

6

7

8

9

10                 (i)   <u>Overtime</u>.  In his First Amended Complaint,

11   Plaintiff alleges that he and Putative Class Members regularly worked shifts that

12   caused them to work in excess of eight hours per day and forty hours per work-

13   week. (First Amended Complaint ¶¶ 30-35). He seeks overtime wages for the four

14   years prior to the filing of his lawsuit. (First Amended Complaint ¶ 32). Based on

15   his demand letter alone, the amount in controversy exceeds $5,000,000.[1]  In his

16   demand letter, Plaintiff alleges that he "routinely worked a minimum of 10-hour

17   days, 7 days a week" or 30 overtime hours per week. *See* Letter to AT&T Mobility

18   from Plaintiff's Counsel dated August 25, 2010, attached to Declaration of Jan E.

19   Eakins ("Eakins Decl."), Ex. A at 5. Based on his average total compensation of

20   approximately $75,000, Plaintiff calculates his overtime liability for one year alone

21   to be $84,250 (1560 overtime hours x $54 per hour). Assuming the Putative Class

22   Members worked similar overtime hours but based on the lower average

23   compensation rate, the potential liability for one year of overtime alone would be

24   $9,750,000 (1560 overtime hours x 31.25 per hour x 200 Putative Class Members).

25

26

27

28   _____

[1]  *See Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (settlement
demand letter may be used to establish amount in controversy).

DEFENDANT AT&T MOBILITY SERVICES
LLC'S NOTICE OF REMOVAL

LEGAL_US_W # 66311461.3

1    Even assuming a vastly lower figure of three (3) hours of overtime pay per

2  week and a 4-year statutory period and an overtime rate of $31.25 ($20.83 x 1.5

3  hourly rate = $31.25), the amount in controversy for overtime pay is $3,600,000

4  (200 class members x 4 years x 48 weeks x 3 hours x $31.25 overtime rate =

5  $3,600,000).

6

7    (ii)    <u>Waiting Time Penalties</u>.  In his First Amended

8  Complaint, Plaintiff also alleges that terminated class members who did not receive

9  all wages due and are owed thirty days of pay. (*See* First Amended Complaint ¶¶

10  36-41).  Approximately 197 Putative Class Members fit into this category, as they

11  are no longer employed by AT&T Mobility. (Kawashima Decl. ¶ 4).  Based on the

12  average hourly rate of $20.83 for the putative class multiplied by the standard work

13  day of eight (8) hours, thirty days (30) of pay for the 197 terminated class members,

14  Plaintiff seeks $984,842 in waiting time payments. (197 terminated class members

15  x $20.83 hourly rate x 30 days x 8 hours per day = $984,842).

16

17    (iii)    <u>Wage Statements Violations</u>.  Among other

18  monetary relief, Plaintiff seeks penalties pursuant to California Labor Code section

19  226(e) in the amount of $50 for each initial violation and $100 for each subsequent

20  pay period violation, not to exceed an aggregate penalty of four thousand dollars

21  ($4,000), for each of the more than 200 putative class members for the alleged one

22  year liability period. (First Amended Complaint ¶¶ 47-51).  The amount of these

23  alleged penalties equals $800,000 dollars (200 employees x $4,000 = $800,000).

24

25    (iv)    In addition, Plaintiff's First Amended Complaint

26  seeks an unspecified amount of compensatory damages, attorneys' fees, and

27  punitive damages in connection with the other causes of action set forth in their

28  Complaint. (First Amended Complaint ¶¶ 35, 41, 46, 51, Prayer for Relief).

DEFENDANT AT&T MOBILITY SERVICES
LLC'S NOTICE OF REMOVAL

LEGAL_US_W # 66311461.3

1   Plaintiff's failure to specify in his Complaint the amount of damages he seeks does

2   not deprive this Court of jurisdiction. *See, e.g., White v. J.C. Penney Life Ins. Co.*,

3   861 F. Supp. 25, 26 (S.D. W.Va. 1994) (finding that a defendant may remove a suit

4   to federal court notwithstanding the failure of plaintiff to plead a specific dollar

5   amount in controversy; if the rules were otherwise, "any plaintiff could avoid

6   removal simply by declining . . . to place a specific dollar value upon its claim").

7   Further, in determining whether a complaint meets the amount in controversy

8   threshold for a removal under 28 U.S.C. § 1332(a), a court may consider the

9   aggregate value of claims for compensatory, punitive damages, statutory penalties

10  and attorneys' fees. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240

11  (1943) ("Where both actual and punitive damages are recoverable under a

12  complaint, each must be considered to the extent claimed in determining

13  jurisdictional amount.") (footnote omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d

14  1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine

15  jurisdictional amount); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004,

16  1009 (N.D. Cal. 2002) (penalties may be counted in determining the amount in

17  controversy); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir.

18  1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be

19  considered in determining whether the jurisdictional amount is met . . . .").

20

21       15.   The Court may not decline to exercise jurisdiction over the

22  action pursuant to 28 U.S.C. §§ 1332(d)(3), because AT&T Mobility is not a citizen

23  of the state in which the action was filed. (First Amended Complaint ¶ 3).

24

25

26

27

28

LEGAL_US_W # 66311461.3

1         WHEREFORE, AT&T Mobility removes the above-entitled action

2   now pending in the Superior Court of the State of California for the County of Los

3   Angeles to this Court.

4

5   DATED:  November 17, 2010     GEORGE W. ABELE

6                                      JAN E. EAKINS
                                   RYAN J. CRAIN

7                                      PAUL, HASTINGS, JANOFSKY & WALKER LLP

8

9                     By:_____
                                      JAN E. EAKINS

10                    Attorneys for Defendant
                  AT&T MOBILITY SERVICES LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 66311461.3

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
10/19/2010
CT Log Number 517464633

**TO:** Jan Mendel
AT&T Mobility LLC
1025 Lenox Park Blvd
Atlanta, GA 30319-5309

**RE:** **Process Served in California**

**FOR:** AT&T Mobility Services LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jerry Wong, individually and on behalf of all others similarly situated, Pltf. vs. AT&T Mobility Services LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand for Jury Trial, Cover Sheet, Instruction(s), Cover Sheet Addendum and Statement, Notice, Attachment |
| **COURT/AGENCY:** | County of Los Angeles, Superior Court, CA<br>Case # BC447776 |
| **NATURE OF ACTION:** | Employee Litigation - Class action - Failure to pay mandated overtime wages and business expenses and failure to provide adequate rest and meal breaks |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/19/2010 at 10:05 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Dimitrios V. Korovilas<br>Wucetich & Korovilas LLP<br>222 N. Sepulveda Blvd., Suite 2000<br>El Segundo, CA 90245<br>(310) 335-2001 |
| **REMARKS:** | Documents received have been changed by the process server to reflect the name of the entity being served at the time of service. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/19/2010, Expected Purge Date: 10/24/2010<br>Image SOP |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / JJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A
Page 13

# EXHIBIT B

10/19/10 10:05 A.M.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AT&T MOBILITY SERVICES LLC, a Delaware limited liability
company; and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JERRY WONG, individually and on behalf of all others similarly
situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 19 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. LaFLEUR-CLAYTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>B C 4 4 7 7 7 6 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dimitrios V. Korovilas, Esq., 222 N. Sepulveda Blvd., Suite 2000, El Segundo, CA, 90245; (310) 335-2001

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | John A. Clarke Clerk, by<br>*(Secretario)* AMBER LaFLEUR-CLAYTON | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

(SEAL)

OCT 19 2010

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit B
Page 15

1   JASON M. WUCETICH (STATE BAR NO. 222113)
    jason@wukolaw.com
2   DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
    dimitri@wukolaw.com
3   WUCETICH & KOROVILAS LLP
    222 North Sepulveda Boulevard, Suite 2000
4   El Segundo, CA 90245
5   Telephone:   (310) 335-2001
    Facsimile:   (310) 364-5201
6
7   Attorneys for Plaintiff
    JERRY WONG, individually and on
8   behalf of all others similarly situated

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 19 2010

John A Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF LOS ANGELES

12   JERRY WONG, individually and on behalf    CASE NO.   B C 4 4 7 7 7 6
13   of all others similarly situated,

14          Plaintiff,                          CLASS ACTION COMPLAINT FOR:

15      v.                                      1. FAILURE TO PAY MANDATED
                                                   OVERTIME WAGES;
16   AT&T MOBILITY SERVICES LLC, a             2. FAILURE TO PROVIDE
17   Delaware limited liability company; and       ADEQUATE REST BREAKS;
     DOES 1 through 10,                         3. FAILURE TO PROVIDE
18                                                 ADEQUATE MEAL BREAKS;
            Defendants.                         4. FAILURE TO PAY BUSINESS
19                                                 EXPENSES;
                                                5. WAITING TIME PENALTIES;
20                                              6. FAILURE TO KEEP ACCURATE
                                                   PAYROLL RECORDS;
21                                              7. FAILURE TO FURNISH
                                                   ACCURATE ITEMIZED WAGE
22                                                 STATEMENTS;
                                                8. UNFAIR COMPETITION
23
24                                                 DEMAND FOR JURY TRIAL
25
26
27
28
                                  - 1 -

                         CLASS ACTION COMPLAINT

1    Comes now plaintiff Jerry Wong ("Plaintiff" or "Mr. Wong"), individually and on behalf

2    of all others similarly situated, and alleges for his complaint against defendant AT&T Mobility

3    Services LLC ("AT&T Mobility" or "Defendant"), as follows:

4                            **SUMMARY OF THE CLAIMS**

5        1.      By means of this class action, Plaintiff Jerry Wong seeks to remedy defendant

6    AT&T Mobility's significant and ongoing violations of California labor and employment laws

7    with respect to its store manager workforce throughout California. Mr. Wong is a veteran

8    employee of AT&T Mobility (along with its predecessor-in-interest companies) and devoted well

9    more than a decade to the company. Mr. Wong most recently worked for AT&T Mobility as the

10   store manager of AT&T Mobility's Simi Valley location, until his date of termination on July 30,

11   2010. Plaintiff is informed and believes, and thereon alleges, that AT&T Mobility traditionally

12   classified its store managers as non-exempt and paid them an hourly basis. A few short years

13   ago, however, likely due the pressures of the worsening economy, Plaintiff is informed and

14   believes, and thereon alleges, that AT&T Mobility reclassified its store manager workforce as

15   exempt. AT&T Mobility proceeded to put the squeeze on its employees, saving the company

16   untold amounts by forcing its store managers to work significant overtime hours on a routine

17   basis without added compensation. While newly classified as exempt and given the title of

18   "manager," in truth Plaintiff and members of the class defined below continued to perform the

19   same, primarily non-managerial tasks as before and were therefore non-exempt from California's

20   wage and hour requirements. As set forth in more detail below, Plaintiff alleges that AT&T

21   Mobility has violated and is continuing to violate California's wage and hour laws by having

22   misclassified Plaintiff, as well as the entirety of AT&T Mobility's store manager workforce, as

23   exempt. As a result, Plaintiff and members of the class were denied and are continuing to be

24   denied overtime compensation, rest breaks, and meal breaks in violation of California law.

25                                  **PARTIES**

26       2.      Plaintiff Jerry Wong is a citizen of California and resides in Los Angeles County.

27       3.      Defendant AT&T Mobility is a limited liability company organized and existing

28   under the laws of the state of Delaware. Plaintiff is informed and believes, and thereon alleges,

                                        - 2 -

                            CLASS ACTION COMPLAINT

1    that AT&T Mobility's corporate headquarters are located at 1025 Lenox Park Boulevard NE,

2    Suite 5D46, Atlanta, Georgia, 30319.

3        4.    The true names and capacities, whether individual, corporate, associated or

4    whatever else, of the defendants sued herein as DOES 1 through 10, inclusive, are currently

5    unknown to Plaintiff, who therefore sues these defendants by such fictitious names under Code of

6    Civil Procedure § 474. Plaintiff is informed and believes, and thereon alleges, that each of the

7    Defendants designated as DOES 1 through 10, inclusive, is legally responsible in some manner

8    for the unlawful acts alleged herein. Plaintiff will seek leave of court to amend this Complaint to

9    allege the true names and capacities of the defendants designated as DOES 1 through 10 when

10   their identities become known.

11       5.    Plaintiff is informed and believes and thereon alleges that each defendant was a

12   parent, agent, subsidiary, affiliated entity and/or alter ego of each other defendant, and acted in all

13   respects pertinent to this agent in concert and carried out a joint scheme, business plan, or policy

14   in all respects regarding the unlawful acts alleged herein.

15                          **JURISDICTION**

16       6.    This Court has general personal jurisdiction over Defendant AT&T Mobility

17   because, at all relevant times, AT&T Mobility has had systematic and continuous contacts with

18   the State of California. Though organized under Delaware law and based in Georgia, AT&T

19   Mobility is registered to do business in California with the California Secretary of State and

20   operates numerous stores throughout California, including many within Los Angeles County.

21   Furthermore, this Court has specific personal jurisdiction over AT&T Mobility because the

22   claims in this action all stem from AT&T Mobility's specific contacts with the State of California

23   — namely, its employment and termination of Jerry Wong and numerous other California store

24   managers.

25       7.    Venue is proper in the county of Los Angeles in accordance with Code of Civil

26   Procedure § 395.5 because the alleged wrongs occurred in this county. Specifically, Mr. Wong's

27   employment over the years required him to work at many AT&T Mobility store locations,

28   including within Los Angeles County. Moreover, AT&T Mobility has and continues to employ

                                  - 3 -

                          CLASS ACTION COMPLAINT

1   numerous individuals as store managers who are members of the class defined herein at many

2   locations throughout Los Angeles County. Venue is also proper in the Central District pursuant

3   to Code of Civil Procedure § 402(a)(1) and (2) and Los Angeles Superior Court Rule 2(b)(1)

4   because this case is filed as a class action.

5                                **FACTUAL BACKGROUND**

6          8.      Defendant AT&T Mobility serves, on information and belief, as the entity

7   responsible for the operation and maintenance of the retail stores operated under the AT&T

8   brand. These stores are where customers may go in person to purchase cellular phones, phone

9   service packages, and related products and services. Plaintiff is informed and believes, and

10  thereon alleges, that Defendant operates hundreds of such stores throughout California.

11                                  Wage & Hour Violations

12         9.      In connection with each of these stores, AT&T Mobility employs a staff comprised

13  of numerous individuals to run the store. The staff includes regular sales associates, who, among

14  other things, meet with customers, demonstrate and describe the products and services, and

15  process routine sales transactions. In addition, the staff of each store includes one or more "store

16  manager(s)" purportedly responsible for running the store and managing the other staff members.

17         10.     Plaintiff is informed and believes, and thereon alleges, that AT&T Mobility's sales

18  associates are classified by the company as non-exempt, that they are therefore paid on an hourly

19  basis, and that they are accordingly, at least as a matter of company policy, paid overtime and

20  given rest and meal breaks as required by California law.

21         11.     Plaintiff is also informed and believes, and thereon alleges, that AT&T Mobility

22  traditionally classified its store managers as non-exempt, that it therefore paid them on an hourly

23  basis, and that they were accordingly, at least as a matter of company policy, paid overtime and

24  given rest and meal breaks as required by California law.

25         12.     Several years ago, however, Plaintiff is informed and believes, and thereon alleges,

26  that in an effort to save money AT&T Mobility reclassified its store manager workforce as

27  exempt. It then forced its store manager employees to work routinely in excess of eight hours per

28

                                          - 4 -

                              CLASS ACTION COMPLAINT

1    day or forty hours per week without paying them added compensation at the premium rate and

2    failed to given them rest and meal breaks as required for non-exempt employees.

3         13.    While re-classified as exempt and given the title of "manager," the actual duties of

4    store manager did not change and involved primarily non-managerial work.  Plaintiff is informed

5    and believes, and thereon alleges, that he and members of the class defined herein performed and

6    continue to perform true managerial tasks only approximately 10-15% of their time.  During the

7    remaining 85-90% of the time, Plaintiff and members of the class performed and continue to

8    perform non-managerial tasks, including duties that are generally duplicative of AT&T

9    Mobility's sales associate staff, who were and are classified as non-exempt and paid on an hourly

10   basis.  These duplicative duties primarily consisted and consist of meeting with customers,

11   demonstrating and describing products and services, processing routine sales transactions,

12   maintaining the appearance of the store, completing paperwork associated with cash receipts,

13   placing sales calls to existing and new customers, and generally handling all administrative

14   aspects of sales, such as completing customer contracts and warranties, pulling products from

15   inventory, accepting customer payments, filing completed orders, and handling service inquiries

16   from customers.

17        14.    Indeed, as a matter of policy, Plaintiff is informed and believes, and thereon

18   alleges, that AT&T Mobility discouraged its store managers from focusing on managerial tasks in

19   favor of them maintaining a constant presence on the sales floor and meeting with customers,

20   much in the same manner as the sales associates.  On information and belief, store managers are

21   specifically told by upper management they need to be primarily on the sales floor to sell.

22        15.    On information and belief, store managers have no managerial discretion

23   whatsoever with respect to the bulk of their work, which concerns sales activity.  Even with

24   respect to the small portion of work that is managerial, store managers retain very little discretion

25   and are instead subject to strict company guidelines, procedures, and supervision by regional

26   managers.

27

28

- 5 -

CLASS ACTION COMPLAINT

16.     Accordingly, AT&T Mobility's reclassification of these store manager employees was a farce, intended to circumvent California's stringent wage and hour laws and help the company's bottom line without regard to the rights of employees.

17.     In reality, Plaintiff and members of the putative class were and are employed by defendant AT&T Mobility as non-exempt employees pursuant to the applicable wage orders of the California Industrial Welfare Commission ("IWC"), including Wage Order No. 4-2001.

18.     From at least four (4) years prior to the filing of this action and continuing through the present (the "liability period"), Defendant required Plaintiff and members of the putative class defined below to work in excess of eight hours in a day and/or forty hours in a week, but Plaintiff and class members were not properly compensated for this time as overtime compensation at premium overtime rates in compliance with Labor Code § 510 and the relevant IWC Wage Orders.

19.     In addition, as a result of the misclassification, Defendant failed during the liability period to provide Plaintiff and class members with paid rest breaks of not more than ten minutes for every work period of four or more consecutive hours.  Defendant also did not pay Plaintiff and the class members "premium pay," i.e. one hour of wages at the employee's regular rate, for each day on which requisite rest breaks were not provided or were deficiently provided, as required by Labor Code § 226.7.

20.     During the liability period, Defendant required Plaintiff and members of the class to work shifts in excess of five (5) hours without providing them uninterrupted meal periods of not more than thirty (30) minutes; nor did Defendant pay Plaintiff and class members premium pay for each meal period not provided or deficiently provided, as outlined in Labor Code § 226.7.

21.     During the liability period, Defendant has consistently failed to provide Plaintiff and class members with timely, accurate, and itemized wage statements in writing, as required by California law.

22.     During the liability period, Defendant has consistently failed to pay all wages due and owing to Plaintiff and class members at the time of their termination or within seventy-two

- 6 -

CLASS ACTION COMPLAINT

1   (72) hours of their resignation or discharge from employment, as required by California wage and

2   hour laws.

3        23.    Plaintiff is informed and believes, and thereon alleges, that he and class members

4   who were terminated from AT&T Mobility's employ were not reimbursed for business expenses

5   incurred shortly before termination, including their mileage and/or gas for traveling as required

6   by their duties.

7        24.    Defendant failed to keep accurate time records for all time worked by Plaintiff and

8   class members.

9        25.    Defendant's actions were intentional, knowing and willful.

10                             Plaintiff's Facts

11       26.    Plaintiff Jerry Wong served AT&T Mobility and its various predecessor

12  companies since 1995, most recently as store manager of the Simi Valley branch located at 1263

13  Simi Town Center Way in Simi Valley, California. AT&T Mobility terminated Mr. Wong's

14  employment on or about July 30, 2010. Mr. Wong's termination occurred suddenly. He was

15  informed about it at the close of business that day, told that his dismissal was effective

16  immediately, and provided zero days' notice.

17       27.    Until a few years ago, Mr. Wong, like other AT&T Mobility store managers, was

18  classified by AT&T Mobility as non-exempt, paid on an hourly basis, and given, at least as a

19  matter of purported policy, appropriate overtime premium pay and rest and meal breaks. After

20  the reclassification of store managers described above, however, Mr. Wong was paid a flat salary,

21  along with a small yearly bonus that varied in amount but was always only a small fraction of his

22  total compensation.

23       28.    Mr. Wong's work duties did not change after he was reclassified as exempt and

24  they were not primarily managerial in nature. He spent only approximately 10-15% of his time

25  on true managerial tasks. He spent the remaining 85-90% of his time on the sales floor,

26  duplicating the tasks of regular sales representatives who are classified as non-exempt and paid

27  hourly. AT&T Mobility repeatedly encouraged Mr. Wong as a matter of policy not to spend

28  significant time in the back of the store on managerial duties but rather to maintain a presence on

-7-

CLASS ACTION COMPLAINT

1  the floor interacting with customers much in the same manner as sales representatives. Mr. Wong

2  had no managerial discretion whatsoever with respect to the bulk of his work, which concerned

3  sales activity. Even with respect to the small portion of his work that was managerial, Mr. Wong

4  retained very little discretion and was instead subject to strict company guidelines, procedures,

5  and supervision.

6      29.    After being reclassified as exempt, Mr. Wong was forced by AT&T Mobility to

7  routinely work in excess of eight hours per day or forty hours per week. When not in the office,

8  he was expected to be "on call" and was near constantly on his blackberry or cell phone dealing

9  with work-related, non-managerial matters.

10      30.    Mr. Wong was never provided with rest or meal breaks required for non-exempt

11  employees.

12      31.    AT&T Mobility did not process several months of his work-related expenses for

13  reimbursement. These expenses primarily consist of mileage reimbursement. AT&T Mobility

14  has continued to refuse to reimburse these expenses despite Mr. Wong's demands. On

15  information and belief, AT&T Mobility likewise fails to reimburse business expenses of members

16  of the class defined below due to its pattern and practice of dismissing employees with zero days'

17  notice and failing to allow them to process expenses incurred shortly before termination.

18  **CLASS ACTION ALLEGATIONS**

19      32.    Plaintiff brings this action on behalf of himself and all other similarly situated

20  persons pursuant to California Code of Civil Procedure § 382. Plaintiff seeks to represent a class

21  defined as follows (hereinafter the "Class"):

22
23      **Class Definition:** All individuals who are or, at any time within the applicable statute of

    limitations period, have been employed as a store manager by AT&T Mobility within the

24      State of California.

25

26      33.    Plaintiff reserves the right under California Rule of Court 3.765 to amend or

27  modify the class description with greater particularity or further division into subclasses or

28  limitation to particular issues.

- 8 -

CLASS ACTION COMPLAINT

34. This action has been brought and may be maintained as a class action under California Code of Civil Procedure Section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable, as described further below:

    A.   <u>Numerosity</u>: The potential members of the class as defined are so numerous that joinder of all members of the class is impracticable. While the precise number of employees has not been determined, Plaintiff believes that Defendant employed hundreds of store managers within the State of California during the relevant time period.

    B.   <u>Commonality</u>: There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only the individual members of the Class. The common questions of law and fact include, but are not limited to, the following:

        1. Whether Defendant misclassified Plaintiff and members of the Class as exempt;

        2. Whether Defendant failed to pay Plaintiff and the Class overtime compensation, as required by California law;

        3. Whether Defendant violated Labor Code § 226.7 and applicable IWC Wage Orders, by failing to provide Plaintiff and the Class rest breaks on days where Plaintiff and Class members worked more than four (4) or more consecutive hours without paying one (1) hour of wages at the employee's regular rate of pay in lieu of each day that the requisite rest breaks were not provided or were deficiently provided;

        4. Whether Defendant violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Plaintiff and Class members with a compliant meal period on days when they worked in excess of five (5) hours without paying one (1) hour of wages at the employee's regular rate in lieu of each meal period not provided or deficiently provided;

- 9 -

5. Whether Defendant violated Labor Code § 226(a);

6. Whether Defendant failed to reimburse Plaintiff and Class members for business expenses necessary to do the job;

7. Whether Defendant violated Labor Code §§ 201-203 by failing to pay employees wages and compensation due and owing at the time of termination;

8. Whether Defendant's actions constitute unfair competition;

9. Whether Defendant has been unjustly enriched;

10. Whether Plaintiff and the Class are entitled to injunctive relief.

C.  Typicality. The claims of the named Plaintiff are typical of the claims of the Class members. Plaintiff and all other similarly situated employees sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

D.  Adequacy of Representation. Plaintiff will fairly and adequately represent the interests of the Class. Counsel who represent Plaintiffs are experienced and competent in litigating employment class actions, as well as various other types of complex and class litigation.

E.  Superiority of Class Action. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members. Each Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies or practices of failing to compensate Plaintiffs properly. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

- 10 -

Exhibit B
Page 25

**FIRST CAUSE OF ACTION**

(FAILTURE TO PAY OVERTIME WAGES, CAL. LABOR CODE § 510)

35.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

36.    Through their conduct alleged herein, Defendant violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Plaintiff and Class members for all time worked.  More specifically, Defendant did not pay Plaintiff and Class members time and one half their regular hourly rates for hours worked in excess of eight (8) hours in one working day, or for those hours worked in excess of forty (40) hours during any one work week, or for the first eight (8) hours worked on a seventh consecutive day; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or in excess of eight (8) hours on a seventh consecutive day.

37.    Defendant's failure to pay compensation in a timely manner constitutes a violation of California Labor Code § 204, which requires all wages to be paid in semimonthly payments. From the four (4) years prior to the filing of this lawsuit to the present, Defendant has failed to pay all owed compensation and overtime earned by Plaintiff and Class members.  Each such failure to make a timely payment of compensation constitutes a separate violation of Labor Code § 204.

38.    Plaintiffs have been damaged by Defendant's violation of Labor Code §§ 204 and 510, and the relevant orders of the IWC, including Wage Order 4-2001.

39.    Defendant's failure to comply with the Labor Code and relevant wage orders was intentional and willful.

40.    Pursuant to Labor Code §§ 204, 510 and 1194, as well as the relevant orders of the IWC, Defendant is liable to Plaintiffs for the full amount of unpaid wages, overtime compensation, with interest, reasonable attorneys' fees, costs of suit, and liquidated damages.

//

- 11 -

Exhibit B
Page 26

**SECOND CAUSE OF ACTION**

(REST BREAK LIABILITY, CAL. LABOR CODE § 226.7)

41.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

42.     California Labor Code § 226.7 and the applicable wage orders of the IWC, including Wage Order # 4-2001, provide that employees must be authorized and permitted to take rest breaks at a rate of ten (10) minutes per four (4) hours of work, or major fraction thereof, during which time the employer shall not require employees to work.

43.     Plaintiff and Class members consistently worked consecutive four (4) hour shifts and/or shifts greater than four (4) hours.

44.     Defendant failed to provide Plaintiff and Class members with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, or fraction thereof. Plaintiff and Class members were regularly required to work through rest periods. Moreover, Defendant did not provide Plaintiff and class members with premium pay pursuant to Labor Code § 226.7 for non-compliance.

45.     Pursuant to Labor Code § 226.7, Plaintiff and class members are entitled to damages in an amount of one (1) hour of wages at their regular rates of pay for each day worked without a rest break that was in compliance with the Labor Code.

**THIRD CAUSE OF ACTION**

(MEAL PERIOD LIABILITY, CAL. LABOR CODE § 226.7)

46.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

47.     California Labor Code § 226.7 and the applicable wage orders of the IWC, including Wage Order #4-2001, require that employees must be provided full and uninterrupted thirty (30) minute off-duty meal periods, including a timely first meal period of not less than thirty (30) minutes before working more than five (5) hours in a work day, and a second meal period of not less than thirty (30) minutes before working more than ten (10) hours in a work day.

- 12 -

CLASS ACTION COMPLAINT

1     48.     Plaintiff and Class members regularly worked consecutive five (5) hour shifts

2  and/or shifts greater than five (5) hours and, in other instances, greater than ten (10) hours in work

3  day.

4     49.     Defendant failed to provide Plaintiff and Class members with meal periods as

5  described above and required under the Labor Code. Plaintiff and Class members were regularly

6  required to work through meal periods and/or were not permitted to take full, uninterrupted thirty

7  (30) minute meal periods as required by law; nor did Plaintiff and Class members receive

8  premium pay pursuant to Labor Code § 226.7 for non-compliance.

9     50.     Pursuant to Labor Code § 226.7, Plaintiff and Class members are entitled to

10  damages in an amount of one (1) hour of wages at their regular rates of pay for each day worked

11  without a meal period that was in compliance with the Labor Code.

12                          **FOURTH CAUSE OF ACTION**

13            (FAILURE TO PAY BUSINESS EXPENSES, CAL. LABOR CODE § 2802)

14     51.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as

15  though fully set forth herein.

16     52.     Labor Code § 2802 provides that "An employer shall indemnify his or her

17  employee for all necessary expenditures or losses incurred by the employee in direct consequence

18  of the discharge of his or her duties, or of his or her obedience to the directions of the employer,

19  even though unlawful, unless the employee, at the time of obeying the directions, believed them

20  to be unlawful."

21     53.     Labor Code § 2802 requires Defendant to reimburse Plaintiff and Class members

22  for expenses incurred in the performance of their job duties, which include but are not limited to,

23  vehicle usage and mileage reimbursement.

24     54.     During the liability period, Defendant failed to reimburse Plaintiff and Class

25  members for vehicle usage and mileage reimbursement. As alleged above, Defendant terminated

26  Plaintiff and Class members with little or no notice and failed to allow them to process business

27  expense reimbursements for expenses incurred shortly before termination.

28

- 13 -

CLASS ACTION COMPLAINT

55. As a proximate result, Plaintiff and Class members have been damaged in an amount to be proven at trial.

56. Pursuant to Labor Code § 2802, Plaintiff and Class members are entitled to recover from Defendant the full amount of business expenses and losses incurred, plus interest, reasonable attorneys' fees, penalties and costs of suit.

## FIFTH CAUSE OF ACTION

### (WAITING TIME PENALTIES, CAL. LABOR CODE § 203)

57. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

58. On or about July 30, 2010, Plaintiff was discharged from employment at AT&T Mobility.

59. At the time of discharge, Defendant failed to pay Plaintiff for all wages, including overtime wages, earned and owed. Defendant's failure to pay this compensation was willful.

60. Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to the employee within seventy-two (72) hours of that employee's termination or resignation. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Labor Code §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) days.

61. Plaintiff and Class members are informed and believe that Defendant similarly failed and refused, and continues to fail and refuse, to timely pay at the time of discharge all compensation and wages, including overtime, meal period pay and/or rest break pay, at the correct pay rates, to Plaintiff and other similarly situated former employees terminated by Defendant in California.

62. As a result of Defendant's unlawful acts, Plaintiff and Class members who are no longer employed by Defendants are entitled to waiting time penalties, plus interest, reasonable attorneys' fees, and costs.

//

- 14 -

CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

(FAILURE TO KEEP ACCURATE PAYROLL RECORDS, CAL. LABOR CODE § 1174)

63.   Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

64.   Labor Code § 1174(d) states that "Every person employing labor in this state shall: … (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years."

65.   IWC Wage Order 4-2001, §§ 7(A) and (D) and 8 Cal. Code Reg. § 11040 provide that, for at least three (3) years, every employer shall keep accurate information with respect to each employee including the following:

(3)   Time records showing when the employee begins and ends each work period.  Meal periods, split shift intervals and total daily hours worked shall also be recorded.  Meal periods during which operations cease and authorized rest periods need not be recorded.

(4)   Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5)   Total hours worked in the payroll period and applicable rates of pay.  This information shall be made readily available to the employee upon reasonable request.

66.   Defendant knowingly and intentionally failed to keep accurate payroll records for Plaintiffs in compliance with the aforementioned laws and regulations.

67.   As a result of Defendant's unlawful acts, Defendant is subject to civil penalties, attorneys' fees and costs to Plaintiffs pursuant to Labor Code § 1174.5, 8 Cal. Code Reg. § 11040, and/or IWC Wage Order No. 4-2001 § 20.

//

- 15 -

CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

### (FAILURE TO FURNISH ACCURATED ITEMIZED WAGE STATEMENTS,

### CAL. LABOR CODE § 226)

68.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

69.    Labor Code Section 226(a), and the applicable wage order, requires an employer to furnish each of his employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice per month or each time wages are paid.

70.    Defendant failed to provide Plaintiffs with accurate itemized wage statements in writing, as required by the Labor Code and applicable wage order.

71.    As a direct and proximate cause of Defendant's violations of Labor Code § 226(a) and applicable wage order, Plaintiff and the class suffered injuries.

72.    Pursuant to Labor Code §§ 226(a) and 226(e), Plaintiff and the Class are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). Plaintiffs are also entitled to reasonable attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### (UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200)

73.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

74.    Plaintiff, on behalf of himself and others similarly situated, brings this claim pursuant to Business & Professions Code § 17200. The conduct of Defendant, as alleged in this

- 16 -

CLASS ACTION COMPLAINT

1    Complaint, has been and continues to be unfair, unlawful, and harmful to the Plaintiff, the Class,

2    and the general public. Plaintiff seeks to enforce important rights affecting the public pursuant to

3    Code of Civil Procedure § 1021.5.

4        75.    Plaintiff is a "person" within the meaning of Business & Professions Code §

5    17204, has suffered injury, and therefore has standing to bring this action for injunctive relief,

6    restitution, and other equitable relief.

7        76.    California wage and hour laws express fundamental and important public policies

8    of this state. Paying employees for all time worked and providing them with meal and rest breaks

9    are fundamental public policies of California. Labor Code § 90.5 articulates that it is the public

10   policy of this state to vigorously enforce minimum labor standards, to ensure that employees are

11   not required or permitted to work under substandard and unlawful conditions, and to protect law-

12   abiding employers and their employees from competitors who lower costs to themselves by

13   failing to comply with minimal labor standards.

14       77.    Throughout the relevant liability period as alleged herein, through its conduct,

15   Defendant has violated California labor laws and public policies, and has engaged in unlawful

16   and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, which

17   have deprived Plaintiff and Class members of the rights, benefits and privileges guaranteed under

18   the law.

19       78.    Defendant's conduct as alleged herein, including but not limited to, failing to pay

20   overtime compensation, failing to provide meal and rest breaks in compliance with labor laws,

21   and failing to reimburse business expenses, constitutes unfair competition in violation of Business

22   & Professions Code § 17200 *et seq*.

23       79.    As a proximate result of Defendant's conduct, as alleged in this complaint,

24   Plaintiff and Class members have been damaged in a sum to be proven at trial.

25       80.    Unless restrained by the Court, Defendant will continue to engage in the unlawful

26   conduct alleged herein. Pursuant to the Business & Professions Code, this Court should make

27   such orders as necessary to prevent the continued unlawful acts including, but not limited to

28

- 17 -

CLASS ACTION COMPLAINT

1 disgorgement of profits which may be necessary to restore Plaintiffs and others similarly situated

2 to the wages and/or penalties Defendant has failed to pay their employees.

3 **PRAYER FOR RELIEF**

4 WHEREFORE, Plaintiff prays, on behalf of himself and all others similarly situated, for

5 relief and judgment against Defendant, as follows:

6 Class Certification

7 1. That this action be certified as a class action;

8 2. That Plaintiff be appointed as the representative of the class;

9 3. That counsel for Plaintiff be appointed class counsel;

10 4. That Defendant provide to class counsel, immediately upon appointment, the

11 names and most current contact information (address and telephone number) of all class

12 members.

13 On the Causes of Action

14 5. For all actual, consequential and incidental financial losses, including but not

15 limited to loss of earnings;

16 6. For compensatory and general damages according to proof;

17 7. For exemplary and punitive damages;

18 8. For all unpaid overtime owed to Plaintiff and Class members during the liability

19 period, as may be proven;

20 9. For compensatory damages in the amount of the hourly wage made by Plaintiff

21 and class members for each day that they were not provided with rest breaks or were provided

22 with deficient rest breaks without being provided premium pay during the liability period, as may

23 be proven;

24 10. For compensatory damages in the amount of the hourly wage made by Plaintiff

25 and class members for each meal period not provided or deficiently provided where premium pay

26 was not provided during the liability period, as may be proven;

27 11. For penalties pursuant to Labor Code § 226(e) for Plaintiff and class members, as

28 may be proven;

- 18 -

CLASS ACTION COMPLAINT

12. For penalties pursuant to Labor Code § 203 for Plaintiff and class members who quit, fired, laid off, or otherwise terminated in an amount equal to their daily wage times thirty (30) days, as may be proven;

13. For any other special or general damages available under the law or any applicable wage order;

14. For liquidated damages and/or penalties allowed under the California Labor Code and/or as permitted by law;

15. For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement of profits, as may be proven;

16. For an order requiring Defendant and their agents, servants, and employees, and all persons acting under, in concert with, or for them, to pay Plaintiff and class members wages earned for all hours worked, to pay them overtime compensation as required by law, to provide them with meal periods and rest breaks or premium pay in lieu of deficient meal periods or rest breaks, to provide them with itemized pay statements as required by law, and to pay all Class members wages due and owing at the time of discharge, as required by law;

17. Reimbursement for all business expenses that were incurred and necessary for the performance of the job;

18. For an award of pre-judgment and post-judgment interest;

19. For an award providing for the payment of the costs of this suit;

20. For an award of reasonable attorneys' fees pursuant to Labor Code §§ 218.5, 226, 1194 and/or any other applicable law or wage order;

21. That the Court preliminarily and permanently enjoin Defendants from unlawful conduct pursuant to Business & Professions Code § 17200, et seq., and/or any other applicable

//

- 19 -

CLASS ACTION COMPLAINT

1   law, and/or provide other injunctive relief; and

2          22.    That the Court award such other and further relief as this Court may deem proper

3   and just.

4   Dated: October ___, 2010                     WUCETICH & KOROVILAS LLP

5

6                                        By: _____

7                                              DIMITRIOS V. KOROVILAS
                                               Attorneys for Plaintiff Jerry Wong,
8                                              individually and on behalf of all
                                               others similarly situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 20 -
                              CLASS ACTION COMPLAINT

1

## PLAINTIFF'S DEMAND FOR JURY TRIAL

2     Plaintiff, for himself and all others similarly situated, hereby demands a trial by jury on all

3  issues of fact or law so triable.

4

5  Dated: October 19, 2010              WUCETICH & KOROVILAS LLP

6

7  By: _____

8                    DIMITRIOS V. KOROVILAS
                  Attorneys for Plaintiff Jerry Wong,
9                   individually and on behalf of all
                     others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 21 -

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Jason M. Wucetich (SBN 222113); Dimitrios V. Korovilas (SBN 247230) WUCETICH & KOROVILAS LLP 222 North Sepulveda Boulevard, Suite 2000 El Segundo, CA 90245 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (310) 335-2001    FAX NO.: (310) 364-5201 | **CONFORMED COPY OF ORIGINAL FILED** Los Angeles Superior Court |
| ATTORNEY FOR *(Name)*: Jerry Wong | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

OCT 19 2010

John A. Clarke, Executive Officer/Clerk
By /s/ _____ , Deputy
A. EL LaFLEUR-CLAYTON

CASE NAME:
Jerry Wong, et al. v. AT&T Mobility Services LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 447776 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 8
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: October 19, 2010

Dimitrios V. Korovilas
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

Exhibit B
Page 37

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Jerry Wong, et al. v. AT&T Mobility Services LLC, et al. | BC447776 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15-20   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

Exhibit B
Page 39

| SHORT TITLE: Jerry Wong, et al. v. AT&T Mobility Services LLC, et al. | CASE NUMBER | |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.) — Employment — Contract — Real Property — Unlawful Detainer — Judicial Review

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Jerry Wong, et al. v. AT&T Mobility Services LLC, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

Exhibit B
Page 41



| SHORT TITLE: Jerry Wong, et al. v. AT&T Mobility Services LLC, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1107 Pine Street |
|---|---|
| CITY: South Pasadena | STATE: CA | ZIP CODE: 91030 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>October 19, 2010</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev. 01/07) LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION** | LASC, rule 2.0 Page 4 of 4 |
|---|---|---|

Exhibit B
Page 42

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

**B C 4 4 7 7 7 6**

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Conrad Aragon | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | T. B. A. | T.B.A | T.B.A |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 28 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | **Hon. Emilie H. Elias*** | 324 | CCW | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

**\*Class Actions**

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)          NOTICE OF CASE ASSIGNMENT –          Page 1 of 2
LASC Approved 05-06                       UNLIMITED CIVIL CASE

Exhibit B
Page 43

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Exhibit B
Page 45

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

Exhibit B
Page 46

# EXHIBIT C

Exhibit C
Page 47

 CT Corporation

**Service of Process Transmittal**
11/12/2010
CT Log Number 517593686

**TO:** Jan Mendel
AT&T Mobility LLC
1025 Lenox Park Blvd, Ste 5046
Atlanta, GA 30319-5309

**RE:** **Process Served in California**

**FOR:** AT&T Mobility Services LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jerry Wong, individually and on behalf of all others similarly situated, Pltf. vs. AT&T Mobility Services LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | First Amended Complaint, Demand for Jury Trial, Proof of Service |
| **COURT/AGENCY:** | County of Los Angeles, Superior Court, CA<br>Case # BC447776 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to pay overtime wages, keep accurate payroll records and to furnish accurate itemized wage statements |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/12/2010 at 10:40 |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Dimitrios V. Korovilas<br>Wucetich & Korovilas LLP<br>222 N. Sepulveda Blvd., Suite 2000<br>El Segundo, CA 90245<br>(310) 335-2001 |
| **REMARKS:** | Please note that Summons was not included with the documents |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/12/2010, Expected Purge Date: 11/17/2010<br>Image SOP |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 2 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit C
Page 48

 CT Corporation

**Service of Process
Transmittal**
11/12/2010
CT Log Number 517593686

TO:     Jan Mendel
        AT&T Mobility LLC
        1025 Lenox Park Blvd, Ste 5046
        Atlanta, GA 30319-5309

RE:     **Process Served in California**

FOR:    AT&T Mobility Services LLC (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint, Demand for Jury Trial, Cover Sheet, Instruction(s), Cover Sheet Addendum and Statement, Notice, Attachment | By Process Server on 10/19/2010 at 10:05 | Jan Mendel AT&T Mobility LLC | 517464633 |

Page 2 of  2 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit C
Page 49

# EXHIBIT D



1  JASON M. WUCETICH (STATE BAR NO. 222113)
   jason@wukolaw.com
2  DIMITRIOS V. KOROVILAS (STATE BAR NO. 247230)
   dimitri@wukolaw.com
3  WUCETICH & KOROVILAS LLP
   222 North Sepulveda Boulevard, Suite 2000
4  El Segundo, CA 90245
5  Telephone:   (310) 335-2001
   Facsimile:   (310) 364-5201
6
7  Attorneys for Plaintiff
   JERRY WONG, individually and on
8  behalf of all others similarly situated

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 12 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Nancy Alvarez

9         SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF LOS ANGELES

11

12  JERRY WONG, individually and on behalf   CASE NO.  BC447776
13  of all others similarly situated,
                                            FIRST AMENDED CLASS ACTION
14         Plaintiff,                        COMPLAINT FOR:

15      v.                                   1.  FAILURE TO PAY MANDATED
                                                 OVERTIME WAGES;
16  AT&T MOBILITY SERVICES LLC, a            2.  WAITING TIME PENALTIES;
17  Delaware limited liability company; and  3.  FAILURE TO KEEP ACCURATE
    DOES 1 through 10,                           PAYROLL RECORDS;
18                                           4.  FAILURE TO FURNISH
           Defendants.                           ACCURATE ITEMIZED WAGE
19                                               STATEMENTS;
20                                           5.  UNFAIR COMPETITION

21                                           DEMAND FOR JURY TRIAL

22

23

24

25

26

27

28

                              - 1 -

              FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit D
Page 51

1  Comes now plaintiff Jerry Wong ("Plaintiff" or "Mr. Wong"), individually and on behalf

2  of all others similarly situated, and alleges for his first amended complaint against defendant

3  AT&T Mobility Services LLC ("AT&T Mobility" or "Defendant"), as follows:

4  ### SUMMARY OF THE CLAIMS

5      1.    By means of this class action, Plaintiff Jerry Wong seeks to remedy defendant

6  AT&T Mobility's significant and ongoing violations of California labor and employment laws

7  with respect to its store manager workforce throughout California. Mr. Wong is a veteran

8  employee of AT&T Mobility (along with its predecessor-in-interest companies) and devoted well

9  more than a decade to the company. Mr. Wong most recently worked for AT&T Mobility as the

10  store manager of AT&T Mobility's Simi Valley location, until his date of termination on July 30,

11  2010. Plaintiff is informed and believes, and thereon alleges, that AT&T Mobility traditionally

12  classified its store managers as non-exempt and paid them on an hourly basis. A few short years

13  ago, however, likely due the pressures of the worsening economy, Plaintiff is informed and

14  believes, and thereon alleges, that AT&T Mobility reclassified its store manager workforce as

15  exempt. AT&T Mobility proceeded to put the squeeze on its employees, saving the company

16  untold amounts by forcing its store managers to work significant overtime hours on a routine

17  basis without added compensation. While newly classified as exempt and given the title of

18  "manager," in truth Plaintiff and members of the class defined below continued to perform the

19  same, primarily non-managerial tasks as before and were therefore non-exempt from California's

20  wage and hour requirements. As set forth in more detail below, Plaintiff alleges that AT&T

21  Mobility has violated and is continuing to violate California's wage and hour laws by having

22  misclassified Plaintiff, as well as the entirety of AT&T Mobility's store manager workforce, as

23  exempt. As a result, Plaintiff and members of the class were denied and are continuing to be

24  denied overtime compensation in violation of California law.

25  ### PARTIES

26      2.    Plaintiff Jerry Wong is a citizen of California and resides in Los Angeles County.

27      3.    Defendant AT&T Mobility is a limited liability company, organized and existing

28  under the laws of the state of Delaware. Plaintiff is informed and believes, and thereon alleges,

- 2 -

FIRST AMENDED CLASS ACTION COMPLAINT

1   that AT&T Mobility's corporate headquarters are located at 1025 Lenox Park Boulevard NE,

2   Suite 5D46, Atlanta, Georgia, 30319.

3        4.     The true names and capacities, whether individual, corporate, associated or

4   whatever else, of the defendants sued herein as DOES 1 through 10, inclusive, are currently

5   unknown to Plaintiff, who therefore sues these defendants by such fictitious names under Code of

6   Civil Procedure § 474. Plaintiff is informed and believes, and thereon alleges, that each of the

7   Defendants designated as DOES 1 through 10, inclusive, is legally responsible in some manner

8   for the unlawful acts alleged herein. Plaintiff will seek leave of court to amend this Complaint to

9   allege the true names and capacities of the defendants designated as DOES 1 through 10 when

10   their identities become known.

11        5.     Plaintiff is informed and believes and thereon alleges that each defendant was a

12   parent, agent, subsidiary, affiliated entity and/or alter ego of each other defendant, and acted in all

13   respects pertinent to this agent in concert and carried out a joint scheme, business plan, or policy

14   in all respects regarding the unlawful acts alleged herein.

15                        **JURISDICTION**

16        6.     This Court has general personal jurisdiction over Defendant AT&T Mobility

17   because, at all relevant times, AT&T Mobility has had systematic and continuous contacts with

18   the State of California. Though organized under Delaware law and based in Georgia, AT&T

19   Mobility is registered to do business in California with the California Secretary of State and

20   operates numerous stores throughout California, including many within Los Angeles County.

21   Furthermore, this Court has specific personal jurisdiction over AT&T Mobility because the

22   claims in this action all stem from AT&T Mobility's specific contacts with the State of California

23   — namely, its employment and termination of Jerry Wong and numerous other California store

24   managers.

25        7.     Venue is proper in the county of Los Angeles in accordance with Code of Civil

26   Procedure § 395.5 because the alleged wrongs occurred in this county. Specifically, Mr. Wong's

27   employment over the years required him to work at many AT&T Mobility store locations,

28   including within Los Angeles County. Moreover, AT&T Mobility has and continues to employ

FIRST AMENDED CLASS ACTION COMPLAINT

1  numerous individuals as store managers who are members of the class defined herein at many

2  locations throughout Los Angeles County. Venue is also proper in the Central District pursuant

3  to Code of Civil Procedure § 402(a)(1) and (2) and Los Angeles Superior Court Rule 2(b)(1)

4  because this case is filed as a class action.

5  ## FACTUAL BACKGROUND

6      8.    Defendant AT&T Mobility serves, on information and belief, as the entity

7  responsible for the operation and maintenance of the retail stores operated under the AT&T

8  brand. These stores are where customers may go in person to purchase cellular phones, phone

9  service packages, and related products and services. Plaintiff is informed and believes, and

10  thereon alleges, that Defendant operates hundreds of such stores throughout California.

11  ### Wage & Hour Violations

12      9.    In connection with each of these stores, AT&T Mobility employs a staff comprised

13  of numerous individuals to run the store. The staff includes regular sales associates, who, among

14  other things, meet with customers, demonstrate and describe the products and services, and

15  process routine sales transactions. In addition, the staff of each store includes one or more "store

16  manager(s)" purportedly responsible for running the store and managing the other staff members.

17      10.    Plaintiff is informed and believes, and thereon alleges, that AT&T Mobility's sales

18  associates are classified by the company as non-exempt, that they are therefore paid on an hourly

19  basis, and that they are accordingly, at least as a matter of company policy, paid overtime as

20  required by California law.

21      11.    Plaintiff is also informed and believes, and thereon alleges, that AT&T Mobility

22  traditionally classified its store managers as non-exempt, that it therefore paid them on an hourly

23  basis, and that they were accordingly, at least as a matter of company policy, paid overtime as

24  required by California law.

25      12.    Several years ago, however, Plaintiff is informed and believes, and thereon alleges,

26  that in an effort to save money AT&T Mobility reclassified its store manager workforce as

27  exempt. It then forced its store manager employees to work routinely in excess of eight hours per

28  day or forty hours per week without paying them added compensation at the premium rate.

- 4 -

FIRST AMENDED CLASS ACTION COMPLAINT

13.     While re-classified as exempt and given the title of "manager," the actual duties of store manager did not change and involved primarily non-managerial work.  Plaintiff is informed and believes, and thereon alleges, that he and members of the class defined herein performed and continue to perform true managerial tasks only approximately 10-15% of their time.  During the remaining 85-90% of the time, Plaintiff and members of the class performed and continue to perform non-managerial tasks, including duties that are generally duplicative of AT&T Mobility's sales associate staff, who were and are classified as non-exempt and paid on an hourly basis.  These duplicative duties primarily consisted and consist of meeting with customers, demonstrating and describing products and services, processing routine sales transactions, maintaining the appearance of the store, completing paperwork associated with cash receipts, placing sales calls to existing and new customers, and generally handling all administrative aspects of sales, such as completing customer contracts and warranties, pulling products from inventory, accepting customer payments, filing completed orders, and handling service inquiries from customers.

14.     Indeed, as a matter of policy, Plaintiff is informed and believes, and thereon alleges, that AT&T Mobility discouraged its store managers from focusing on managerial tasks in favor of them maintaining a constant presence on the sales floor and meeting with customers, much in the same manner as the sales associates.  On information and belief, store managers are specifically told by upper management they need to be primarily on the sales floor to sell.

15.     On information and belief, store managers have no managerial discretion whatsoever with respect to the bulk of their work, which concerns sales activity.  Even with respect to the small portion of work that is managerial, store managers retain very little discretion and are instead subject to strict company guidelines, procedures, and supervision by regional managers.

16.     Accordingly, AT&T Mobility's reclassification of these store manager employees was a farce, intended to circumvent California's stringent wage and hour laws and help the company's bottom-line without regard to the rights of employees.

- 5 -

FIRST AMENDED CLASS ACTION COMPLAINT

17.    In reality, Plaintiff and members of the putative class were and are employed by defendant AT&T Mobility as non-exempt employees pursuant to the applicable wage orders of the California Industrial Welfare Commission ("IWC"), including Wage Order No. 4-2001.

18.    From at least four (4) years prior to the filing of this action and continuing through the present (the "liability period"), Defendant required Plaintiff and members of the putative class defined below to work in excess of eight hours in a day and/or forty hours in a week, but Plaintiff and class members were not properly compensated for this time as overtime compensation at premium overtime rates in compliance with Labor Code § 510 and the relevant IWC Wage Orders.

19.    During the liability period, Defendant has consistently failed to provide Plaintiff and class members with timely, accurate, and itemized wage statements in writing, as required by California law.

20.    During the liability period, Defendant has consistently failed to pay all overtime pay due and owing to Plaintiff and class members at the time of their termination or within seventy-two (72) hours of their resignation or discharge from employment, as required by California wage and hour laws.

21.    Defendant failed to keep accurate time records for all time worked by Plaintiff and class members.

22.    Defendant's actions were intentional, knowing and willful.

### Plaintiff's Facts

23.    Plaintiff Jerry Wong served AT&T Mobility and its various predecessor companies since 1995, most recently as store manager of the Simi Valley branch located at 1263 Simi Town Center Way in Simi Valley, California. AT&T Mobility terminated Mr. Wong's employment on or about July 30, 2010. Mr. Wong's termination occurred suddenly. He was informed about it at the close of business that day, told that his dismissal was effective immediately, and provided zero days' notice.

24.    Until a few years ago, Mr. Wong, like other AT&T Mobility store managers, was classified by AT&T Mobility as non-exempt, paid on an hourly basis, and given, at least as a

- 6 -

FIRST AMENDED CLASS ACTION COMPLAINT

1   matter of purported policy, appropriate overtime premium pay. After the reclassification of store

2   managers described above, however, Mr. Wong was paid a flat salary, along with a small yearly

3   bonus that varied in amount but was always only a small fraction of his total compensation.

4       25.   Mr. Wong's work duties did not change after he was reclassified as exempt and

5   they were not primarily managerial in nature. He spent only approximately 10-15% of his time

6   on true managerial tasks. He spent the remaining 85-90% of his time on the sales floor,

7   duplicating the tasks of regular sales representatives who are classified as non-exempt and paid

8   hourly. AT&T Mobility repeatedly encouraged Mr. Wong as a matter of policy not to spend

9   significant time in the back of the store on managerial duties but rather to maintain a presence on

10  the floor interacting with customers much in the same manner as sales representatives. Mr. Wong

11  had no managerial discretion whatsoever with respect to the bulk of his work, which concerned

12  sales activity. Even with respect to the small portion of his work that was managerial, Mr. Wong

13  retained very little discretion and was instead subject to strict company guidelines, procedures,

14  and supervision.

15      26.   After being reclassified as exempt, Mr. Wong was forced by AT&T Mobility to

16  routinely work in excess of eight hours per day or forty hours per week. When not in the office,

17  he was expected to be "on call" and was near constantly on his blackberry or cell phone dealing

18  with work-related, non-managerial matters.

19                          <u>**CLASS ACTION ALLEGATIONS**</u>

20      27.   Plaintiff brings this action on behalf of himself and all other similarly situated

21  persons pursuant to California Code of Civil Procedure § 382. Plaintiff seeks to represent a class

22  defined as follows (hereinafter the "Class"):

23      **Class Definition:** All individuals who are or, at any time within the applicable statute of

24      limitations period, have been employed as a store manager by AT&T Mobility within the

25      State of California.

26

27

28
                                    - 7 -

                    FIRST AMENDED CLASS ACTION COMPLAINT

1   28.   Plaintiff reserves the right under California Rule of Court 3.765 to amend or

2   modify the class description with greater particularity or further division into subclasses or

3   limitation to particular issues.

4   29.   This action has been brought and may be maintained as a class action under

5   California Code of Civil Procedure Section 382 because there is a well-defined community of

6   interest in the litigation and the proposed class is easily ascertainable, as described further below:

7   A.   Numerosity: The potential members of the class as defined are so

8   numerous that joinder of all members of the class is impracticable. While

9   the precise number of employees has not been determined, Plaintiff

10   believes that Defendant employed hundreds of store managers within the

11   State of California during the relevant time period.

12   B.   Commonality: There are questions of law and fact common to the Plaintiff

13   and the Class that predominate over any questions affecting only the

14   individual members of the Class. The common questions of law and fact

15   include, but are not limited to, the following:

16   1.   Whether Defendant misclassified Plaintiff and members of the Class

17   as exempt;

18   2.   Whether Defendant failed to pay Plaintiff and the Class overtime

19   compensation, as required by California law;

20   3.   Whether Defendant violated Labor Code § 226(a);

21   4.   Whether Defendant violated Labor Code §§ 201-203 by failing to pay

22   employees overtime compensation due and owing at the time of

23   termination;

24   5.   Whether Defendant's actions constitute unfair competition;

25   6.   Whether Defendant has been unjustly enriched;

26   7.   Whether Plaintiff and the Class are entitled to injunctive relief.

27   C.   Typicality: The claims of the named Plaintiff are typical of the claims of

28   the Class members. Plaintiff and all other similarly situated employees

- 8 -

FIRST AMENDED CLASS ACTION COMPLAINT

1    sustained injuries and damages arising out of and caused by Defendant's

2    common course of conduct in violation of statutes, as well as regulations

3    that have the force and effect of law, as alleged herein.

4        D.   Adequacy of Representation. Plaintiff will fairly and adequately represent

5    the interests of the Class. Counsel who represent Plaintiffs are experienced

6    and competent in litigating employment class actions, as well as various

7    other types of complex and class litigation.

8        E.   Superiority of Class Action. A class action is superior to other available

9    means for the fair and efficient adjudication of this controversy. Individual

10   joinder of all Class members is not practicable, and questions of law and

11   fact common to the Class predominate over any questions affecting only

12   individual members. Each Class member has been damaged and is entitled

13   to recovery by reason of Defendant's illegal policies or practices of failing

14   to compensate Plaintiffs properly. Class action treatment will allow those

15   similarly situated persons to litigate their claims in the manner that is most

16   efficient and economical for the parties and the judicial system.

17   **FIRST CAUSE OF ACTION**

18   (FAILTURE TO PAY OVERTIME WAGES, CAL. LABOR CODE § 510)

19      30.   Plaintiff hereby incorporates by reference each of the preceding paragraphs as

20   though fully set forth herein.

21      31.   Through their conduct alleged herein, Defendant violated California Labor Code

22   § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Plaintiff

23   and Class members for all time worked. More specifically, Defendant did not pay Plaintiff and

24   Class members time and one half their regular hourly rates for hours worked in excess of eight (8)

25   hours in one working day, or for those hours worked in excess of forty (40) hours during any one

26   work week, or for the first eight (8) hours worked on a seventh consecutive day; or (b) twice their

27   regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or in excess

28   of eight (8) hours on a seventh consecutive day.

- 9 -

FIRST AMENDED CLASS ACTION COMPLAINT

1    32. Defendant's failure to pay overtime compensation in a timely manner constitutes a
2    violation of California Labor Code § 204, which requires all wages to be paid in semimonthly
3    payments. From the four (4) years prior to the filing of this lawsuit to the present, Defendant has
4    failed to pay all owed compensation and overtime earned by Plaintiff and Class members. Each
5    such failure to make a timely payment of compensation constitutes a separate violation of Labor
6    Code § 204.

7    33. Plaintiffs have been damaged by Defendant's violation of Labor Code §§ 204 and
8    510, and the relevant orders of the IWC, including Wage Order 4-2001.

9    34. Defendant's failure to comply with the Labor Code and relevant wage orders was
10    intentional and willful.

11    35. Pursuant to Labor Code §§ 204, 510 and 1194, as well as the relevant orders of the
12    IWC, Defendant is liable to Plaintiffs for the full amount of overtime compensation, with interest,
13    reasonable attorneys' fees, costs of suit, and liquidated damages.

14    **SECOND CAUSE OF ACTION**

15    (WAITING TIME PENALTIES, CAL. LABOR CODE § 203)

16    36. Plaintiff hereby incorporates by reference each of the preceding paragraphs as
17    though fully set forth herein.

18    37. On or about July 30, 2010, Plaintiff was discharged from employment at AT&T
19    Mobility.

20    38. At the time of discharge, Defendant failed to pay Plaintiff for overtime wages
21    earned and owed. Defendant's failure to pay this compensation was willful.

22    39. Labor Code § 201 requires an employer who discharges an employee to pay
23    compensation due and owing to the employee within seventy-two (72) hours of that employee's
24    termination or resignation. Labor Code § 203 provides that if an employer willfully fails to pay
25    compensation promptly upon discharge or resignation, as required by Labor Code §§ 201 and
26    202, then the employer is liable for waiting time penalties in the form of continued compensation
27    for up to thirty (30) days.

28

- 10 -

FIRST AMENDED CLASS ACTION COMPLAINT

1  40.  Plaintiff and Class members are informed and believe that Defendant similarly

2  failed and refused, and continues to fail and refuse, to timely pay at the time of discharge all

3  overtime compensation at the correct pay rates to Plaintiff and other similarly situated former

4  employees terminated by Defendant in California.

5  41.  As a result of Defendant's unlawful acts, Plaintiff and Class members who are no

6  longer employed by Defendants are entitled to waiting time penalties, plus interest, reasonable

7  attorneys' fees, and costs.

8  **THIRD CAUSE OF ACTION**

9  (FAILURE TO KEEP ACCURATE PAYROLL RECORDS, CAL. LABOR CODE § 1174)

10  42.  Plaintiff hereby incorporates by reference each of the preceding paragraphs as

11  though fully set forth herein.

12  43.  Labor Code § 1174(d) states that "Every person employing labor in this state shall:

13  ... (d) Keep, at a central location in the state or at the plants or establishments at which employees

14  are employed, payroll records showing the hours worked daily by and the wages paid to, and the

15  number of piece-rate units earned by and any applicable piece rate paid to, employees employed

16  at the respective plants or establishments.  These records shall be kept in accordance with rules

17  established for this purpose by the commission, but in any case shall be kept on file for not less

18  than two years."

19  44.  IWC Wage Order 4-2001, §§ 7(A) and (D) and 8 Cal. Code Reg. § 11040 provide

20  that, for at least three (3) years, every employer shall keep accurate information with respect to

21  each employee including the following:

22  (3)  Time records showing when the employee begins and ends each work
23  period. . . .

24  (4)  Total wages paid each payroll period, including value of board, lodging, or
other compensation actually furnished to the employee.

25

26  (5)  Total hours worked in the payroll period and applicable rates of pay.  This
information shall be made readily available to the employee upon reasonable
27  request.

28

- 11 -

FIRST AMENDED CLASS ACTION COMPLAINT

45.    Defendant knowingly and intentionally failed to keep accurate payroll records for Plaintiffs in compliance with the aforementioned laws and regulations.

46.    As a result of Defendant's unlawful acts, Defendant is subject to civil penalties, attorneys' fees and costs to Plaintiffs pursuant to Labor Code § 1174.5, 8 Cal. Code Reg. § 11040, and/or IWC Wage Order No. 4-2001 § 20.

### FOURTH CAUSE OF ACTION

(FAILURE TO FURNISH ACCURATED ITEMIZED WAGE STATEMENTS,

CAL. LABOR CODE § 226)

47.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

48.    Labor Code Section 226(a), and the applicable wage order, requires an employer to furnish each of his employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice per month or each time wages are paid.

49.    Defendant failed to provide Plaintiffs with accurate itemized wage statements in writing, as required by the Labor Code and applicable wage order.

50.    As a direct and proximate cause of Defendant's violations of Labor Code § 226(a) and applicable wage order, Plaintiff and the class suffered injuries.

51.    Pursuant to Labor Code §§ 226(a) and 226(e), Plaintiff and the Class are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000).  Plaintiffs are also entitled to reasonable attorneys' fees and costs.

- 12 -

FIRST AMENDED CLASS ACTION COMPLAINT

## FIFTH CAUSE OF ACTION

### (UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200)

52. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

53. Plaintiff, on behalf of himself and others similarly situated, brings this claim pursuant to Business & Professions Code § 17200. The conduct of Defendant, as alleged in this Complaint, has been and continues to be unfair, unlawful, and harmful to the Plaintiff, the Class, and the general public. Plaintiff seeks to enforce important rights affecting the public pursuant to Code of Civil Procedure § 1021.5.

54. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this action for injunctive relief, restitution, and other equitable relief.

55. California wage and hour laws express fundamental and important public policies of this state. Appropriately classifying employees as non-exempt and paying employees appropriate overtime pay are fundamental public policies of California. Labor Code § 90.5 articulates that it is the public policy of this state to vigorously enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimal labor standards.

56. Throughout the relevant liability period as alleged herein, through its conduct, Defendant has violated California labor laws and public policies, and has engaged in unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, which have deprived Plaintiff and Class members of the rights, benefits and privileges guaranteed under the law.

57. Defendant's conduct as alleged herein, including but not limited to, failing to pay overtime compensation constitutes unfair competition in violation of Business & Professions Code § 17200 *et seq.*

- 13 -

FIRST AMENDED CLASS ACTION COMPLAINT

1        58.    As a proximate result of Defendant's conduct, as alleged in this complaint,

2 Plaintiff and Class members have been damaged in a sum to be proven at trial.

3        59.    Unless restrained by the Court, Defendant will continue to engage in the unlawful

4 conduct alleged herein. Pursuant to the Business & Professions Code, this Court should make

5 such orders as necessary to prevent the continued unlawful acts including, but not limited to

6 disgorgement of profits which may be necessary to restore Plaintiffs and others similarly situated

7 to the wages and/or penalties Defendant has failed to pay their employees.

8 **PRAYER FOR RELIEF**

9     WHEREFORE, Plaintiff prays, on behalf of himself and all others similarly situated, for

10 relief and judgment against Defendant, as follows:

11 Class Certification

12     1.    That this action be certified as a class action;

13     2.    That Plaintiff be appointed as the representative of the class;

14     3.    That counsel for Plaintiff be appointed class counsel;

15     4.    That Defendant provide to class counsel, immediately upon appointment, the

16 names and most current contact information (address and telephone number) of all class

17 members.

18 On the Causes of Action

19     5.    For all actual, consequential and incidental financial losses, including but not

20 limited to loss of earnings;

21     6.    For compensatory and general damages according to proof;

22     7.    For exemplary and punitive damages;

23     8.    For all unpaid overtime owed to Plaintiff and Class members during the liability

24 period, as may be proven;

25     9.    For penalties pursuant to Labor Code § 226(e) for Plaintiff and class members, as

26 may be proven;

27

28

- 14 -

FIRST AMENDED CLASS ACTION COMPLAINT

10. For penalties pursuant to Labor Code § 203 for Plaintiff and class members who quit, fired, laid off, or otherwise terminated in an amount equal to their daily wage times thirty (30) days, as may be proven;

11. For any other special or general damages available under the law or any applicable wage order;

12. For liquidated damages and/or penalties allowed under the California Labor Code and/or as permitted by law;

13. For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement of profits, as may be proven;

14. For an order requiring Defendant and their agents, servants, and employees, and all persons acting under, in concert with, or for them, to pay Plaintiff and class members overtime compensation as required by law, to provide them with itemized pay statements as required by law, and to pay all Class members overtime pay due and owing at the time of discharge, as required by law;

15. For an award of pre-judgment and post-judgment interest;

16. For an award providing for the payment of the costs of this suit;

17. For an award of reasonable attorneys' fees pursuant to Labor Code §§ 226, 1194 and/or any other applicable law or wage order;

18. That the Court preliminarily and permanently enjoin Defendants from unlawful conduct pursuant to Business & Professions Code § 17200, *et seq.*, and/or any other applicable

//

- 15 -

FIRST AMENDED CLASS ACTION COMPLAINT

1  law, and/or provide other injunctive relief; and

2      19.    That the Court award such other and further relief as this Court may deem proper

3  and just.

4  Dated: November 11, 2010                    WUCETICH & KOROVILAS LLP

5

6

7

8                                      By: _____

9                                          DIMITRIOS V. KOROVILAS
                                           Attorneys for Plaintiff Jerry Wong,
10                                         individually and on behalf of all
                                           others similarly situated
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 16 -

                    FIRST AMENDED CLASS ACTION COMPLAINT

1                 **PLAINTIFF'S DEMAND FOR JURY TRIAL**

2        Plaintiff, for himself and all others similarly situated, hereby demands a trial by jury on all

3 issues of fact or law so triable.

4

5 Dated: November 11, 2010           WUCETICH & KOROVILAS LLP

6

7

8

9                   By: _____

10                         DIMITRIOS V. KOROVILAS
                        Attorneys for Plaintiff Jerry Wong,

11                        individually and on behalf of all
                         others similarly situated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 17 -

FIRST AMENDED CLASS ACTION COMPLAINT

1

### PROOF OF PERSONAL SERVICE

2

I am more than eighteen years old and not a party to this action. On November 12, 2010, I

3

served the following document(s):

4

5

6

7

    1. **FIRST AMENDED CLASS ACTION COMPLAINT FOR: 1. FAILURE TO PAY MANDATED OVERTIME WAGES; 2. WAITING TIME PENALTIES; 3. FAILURE TO KEEP ACCURATE PAYROLL RECORDS; 4. FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS; 5. UNFAIR COMPETITION; DEMAND FOR JURY TRIAL**

on the interested parties in this action by hand delivery to the persons below:

8

9

10

CT Corporation System
818 W. 7th St. #200
Los Angeles, CA 90017

11

12

Registered Agent for Service of Process for
Defendant AT&T Mobility Service LLC

13

14

15

I declare under penalty of perjury that the foregoing is true and correct.

16

Executed this 12th day of November 2010, at Los Angeles, California.

17

18

19

_____
    Name/Signature

20

21

22

23

24

25

26

27

28

- 18 -

FIRST AMENDED CLASS ACTION COMPLAINT

# EXHIBIT E

1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     GEORGE W. ABELE (SB# 149846)
2    JAN E. EAKINS (SB# 100612)
     RYAN J. CRAIN (SB# 266172)
3    515 South Flower Street
     Twenty-Fifth Floor
4    Los Angeles, CA 90071-2228
     Telephone: (213) 683-6000
5    Facsimile: (213) 627-0705

6    Attorneys for Defendant
     AT&T Mobility Services LLC
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF LOS ANGELES

10

11   JERRY WONG, individually and on behalf          CASE NO. BC447776
     of all others similarly situated,
12                                                    **DEFENDANT AT&T MOBILITY**
                     Plaintiff,                       **SERVICES LLC'S ANSWER TO FIRST**
13                                                    **AMENDED CLASS ACTION COMPLAINT**
             vs.
14
     AT&T Mobility Services LLC, a Delaware
15   limited liability company; and DOES 1
     through 10,
16
                     Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 66323294.1

─────────────────────────────────────────────────────────────
AT&T MOBILITY SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 16 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
     DAWN ALEXANDER

1    TO PLAINTIFF JERRY WONG, AND TO HIS ATTORNEYS OF RECORD, JASON M.

2    WUCETICH AND DIMITRIOS V. KOROVILAS, AND THE LAW OFFICES OF WUCETICH

3    & KOROVILAS LLP:

4

5         Defendant AT&T Mobility Services LLC ("Defendant"), for itself alone and no

6    other defendant, hereby answers the unverified First Amended Complaint ("Complaint") of

7    Plaintiff JERRY WONG ("Plaintiff") as follows:

8

9         1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

10    Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

11

12         2.      Defendant further denies, generally and specifically, that Plaintiff is

13    entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all,

14    by reason of any act or omission on the part of Defendant, or any of its past or present agents,

15    representatives, or employees.

16         Without admitting any facts alleged by Plaintiff, Defendant also pleads the

17    following separate and affirmative defenses to the Complaint:

18

19                      <u>AFFIRMATIVE DEFENSES</u>

20

21               <u>FIRST SEPARATE AND AFFIRMATIVE DEFENSE</u>

22

23         1.      The Complaint, and each of its causes of action, fails to state facts

24    sufficient to constitute a cause of action.

25

26

27

28

LEGAL_US_W # 66323294.1                -1-

AT&T MOBILITY SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

2.      The Complaint, and each of its causes of action, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure section 338 and California Business and Professions Code section 17208.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

3.      Plaintiff waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

4.      The Complaint, and each of its causes of action, is barred by the doctrine of laches.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

5.      The Complaint, and each of its causes of action, is barred by the doctrine of unclean hands.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6.      Plaintiff is estopped from pursuing the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

7.      The Complaint and each of its causes of actions are barred because, at all times material to the Complaint, Plaintiff was properly classified as exempt from the provisions of California Labor Code section 510 and California Industrial Welfare Commission Wage Order 4-201.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

8.      The Complaint and each of its causes of action are barred because if Plaintiff performed his job duties with Defendant as he alleges, then Plaintiff failed to perform those duties that Defendant realistically expected Plaintiff to perform and otherwise misperformed his duties, which cannot support a claim for misclassification as exempt. *Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785, 85 Cal. Rptr. 2d 844 (1999).

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

9.      The Complaint and each of its causes of action are barred because at all times relevant to the Complaint, Defendant did not willfully fail to comply with the applicable provisions of California Labor Code sections 203, 226, 1174 and California Industrial Welfare Commission Wage Order 4-2001, but rather acted in the good-faith belief that Defendant's acts or omissions were lawful.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

10.      The third cause of action is barred because Plaintiff failed to exhaust the administrative remedies under the Labor Code Private Attorney General Act, California Labor Code section 2698 *et seq.*

LEGAL_US_W # 66323294.1

-3-

AT&T MOBILITY SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

11.     Plaintiff's fourth cause of action for penalties based on Defendant's alleged failure to provide itemized wage statements as required by California Labor Code § 226 is barred on the grounds that there was no "knowing and intentional failure" on Defendant's part to comply with California Labor Code § 226, nor did Plaintiff suffer injury as a result of any alleged knowing and intentional failure within the meaning of California Labor Code § 226(e).

TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

12.     The fifth cause of action is barred because Plaintiff, as private litigant, lacks standing to bring a cause of action for damages under California Business and Professions Code section 17203.

THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

13.     The fifth cause of action is barred because Plaintiff is not seeking recovery of a quantifiable sum.

FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

14.     The fifth cause of action is barred because California Business and Professions Code section 17200 *et seq.*, as stated and as sought to be applied, violate Defendant's rights under the United States Constitution and the California Constitution in that, among other things, they are void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract.

LEGAL_US_W # 66323294.1                              -4-

AT&T MOBILITY SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15.     The fifth cause of action is barred because California Business and Professions Code section 17200 *et seq.* violates Defendant's rights to due process under the United States Constitution and the California Constitution to the extent that the cause of action does not afford defendant the protections against multiple suits and duplicative liability ordinarily provided by class actions.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.     The fifth cause of action is barred because the remedies under California Business and Professions Code section 17200 *et seq.* are limited to restitution and injunctive relief.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17.     Plaintiff's request for class certification should be denied because Plaintiff cannot satisfy the prerequisites for class certification and, therefore, lacks standing and cannot represent the interests of others.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18.     Plaintiff's request for class certification should be denied because class certification would be inappropriate to the extent there are conflicts of interest between Plaintiff and proposed class members.

AT&T MOBILITY SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19.    The Complaint, and each of its purported causes of action, are barred to the extent that one or more proposed class members have entered into an agreement with Defendant to release any claims.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

20.    Plaintiff's request for class certification should be denied because liability and/or damages, if any, to each member of the proposed class may not be determined by a single factfinder or on a group-wide basis, and therefore, allowing this action to proceed as a class action would violate Defendant's rights to due process and trial by jury.

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

21.    The types of claims alleged by Plaintiff on behalf of himself and the group of persons he purports to represent, are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

22.    The claims alleged by Plaintiff are neither common to nor typical of those, if any, of the group of persons he purports to represent, the existence of which is specifically denied.

AT&T MOBILITY SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

23.  Plaintiff has not shown and cannot show that collective treatment of the claims he alleges is superior to other methods of adjudicating the controversy.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

24.  Plaintiff is not similarly situated to other potential members of the group of persons he purports to represent, and Plaintiff is therefore an inadequate representative of the group of persons he purports to represent, the existence of which is expressly denied.

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

25.  In the event that a class should be certified in this matter, Defendant incorporates by reference and realleges all of its defenses to Plaintiff's individual claims in response to Plaintiff's claims on behalf of the class and each class member.

## TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

26.  Plaintiff has failed to mitigate or make reasonable efforts to mitigate his alleged damages, and Plaintiff's recovery of damages, if any, must be barred or reduced accordingly.

## TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

27.  Plaintiff may not recover damages in this action because under the circumstances presented, that would constitute unjust enrichment.

LEGAL_US_W # 66323294.1                        -7-

AT&T MOBILITY SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

1    <u>TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

2

3         28.    Plaintiff is not entitled to recover any punitive damages, and any

4    allegations in support of a claim for punitive damages should be stricken, because California's

5    laws regarding the acts and omissions alleged are too vague to permit the imposition of punitive

6    damages, and because any award of punitive damages in this action would violate Defendant's

7    constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the

8    United States Constitution, and the excessive fines and cruel and unusual punishment clauses of

9    the Eighth Amendment to the United States Constitution, as well as other provisions of the United

10   States Constitution and the California Constitution.

11

12   <u>TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

13

14        29.    Plaintiff lacks standing to seek injunctive relief because he is no longer

15   employed by Defendant.

16

17   <u>THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE</u>

18

19        30.    Plaintiff's claim for injunctive or other equitable relief is barred because

20   Plaintiff has an adequate and complete remedy at law.

21

22   <u>THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE</u>

23

24        31.    Defendant presently has insufficient knowledge or information on which to

25   form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

26   Defendant reserves herein the right to assert additional defenses in the event that discovery

27   indicates that they would be appropriate.

28

LEGAL_US_W # 66323294.1                    -8-

AT&T MOBILITY SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

1    WHEREFORE, Defendant prays for judgment as follows:

2

3    1.    That Plaintiff take nothing by reason of his Complaint, that the Complaint

4    be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

5

6    2.    That class action status be denied or, in the alternative, that all class claims

7    be dismissed with prejudice;

8

9    3.    That Defendant be awarded its reasonable costs and attorneys' fees; and

10

11   4.    That Defendant be awarded such other and further relief as the Court

12   deems just and proper.

13

14   DATED: November 16, 2010        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                     GEORGE W. ABELE
15                                   JAN E. EAKINS
                                     RYAN J. CRAIN
16

17

18   By: _____
                                     JAN E. EAKINS
19
                                     Attorneys for Defendant
20                                   AT&T Mobility Services LLC

21

22

23

24

25

26

27

28

LEGAL_US_W # 66323294.1                -9-

AT&T MOBILITY SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA )
) ss:
3

CITY OF LOS ANGELES AND COUNTY OF LOS )
ANGELES )

4

5

      I am employed in the City of Los Angeles and County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, California 90071-2228.

6

7

      On November 16, 2010, I served the foregoing document(s) described as:

8

**DEFENDANT AT&T MOBILITY SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

9

10

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

11

Jason M. Wucetich
Dimitrios v. Korovilas

12

Wucetich & Korovilas LLP
222 North Sepulveda Boulevard, Suite 2000

13

El Segundo, CA 90245

14

☐ **VIA OVERNIGHT MAIL:**

15

By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

16

17

☒ **VIA U.S. MAIL:**

18

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on November 16, 2010 with postage thereon fully prepaid, at Los Angeles, California.

19

20

☐ **VIA FACSIMILE:**

21

The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to Facsimile # _____ on November 16, 2010.

22

23

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

      Executed on November 16, 2010, at Los Angeles, California.

25

26

Rosemary M. Soliz

27

28

LEGAL_US_W # 66323294.1                  -13-

AT&T MOBILITY SERVICES LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

# EXHIBIT F

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    GEORGE W. ABELE (SBN 149846)
2   JAN E. EAKINS (SBN 100612)
    RYAN J. CRAIN (SBN 266172)
3   515 South Flower Street
    Twenty-Fifth Floor
4   Los Angeles, CA 90071-2228
    Telephone: (213) 683-6000
5   Facsimile: (213) 627-0705

6   Attorneys for Defendant
    AT&T MOBILITY SERVICES LLC

7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF LOS ANGELES

11

12  JERRY WONG, individually and on behalf    CASE NO. BC 447776
    of all others similarly situated,
13                                            **NOTICE TO SUPERIOR COURT OF**
                    Plaintiff,                **REMOVAL OF CIVIL ACTION TO**
14                                            **FEDERAL COURT BY DEFENDANT**
            vs.                               **AT&T MOBILITY SERVICES LLC**
15
    AT&T MOBILITY SERVICES LLC, a
16  Delaware limited liability company; and
    DOES 1 through 10,
17
                    Defendant.
18

19

20

21

22

23

24

25

26

27

28
    LEGAL_US_W # 66326161.1

─────────────────────────────────────────────────
    NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY
                DEFENDANT AT&T MOBILITY SERVICES LLC
                                                    Exhibit F
                                                    Page 82

1   TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE

2   COUNTY OF LOS ANGELES:

3

4           Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Removal

5   of Civil Action to the United States District Court, the original of which was filed with the United

6   States District Court for the Central District of California on November 18, 2010.

7

8           The filing of said Notice of Removal effects the removal of the above-entitled

9   action from this Court.

10

11   DATED:  November 18, 2010          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        GEORGE W. ABELE
12                                      JAN E. EAKINS
                                        RYAN J. CRAIN
13

14                                      By:_____
15                                                JAN E. EAKINS
16                                      Attorneys for Defendant
                                        AT&T MOBILITY SERVICES LLC
17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 66326161.1                          -1-

NOTICE TO SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY
DEFENDANT AT&T MOBILITY SERVICES LLC

Exhibit F
Page 83

# EXHIBIT G

1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     GEORGE W. ABELE (SBN 149846)
2    JAN E. EAKINS (SBN 100612)
     RYAN J. CRAIN (SBN 266172)
3    515 South Flower Street
     Twenty-Fifth Floor
4    Los Angeles, CA  90071-2228
     Telephone:  (213) 683-6000
5    Facsimile:  (213) 627-0705

6    Attorneys for Defendant
     AT&T MOBILITY SERVICES LLC

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     COUNTY OF LOS ANGELES

11

12   JERRY WONG, individually and on behalf    CASE NO. BC 447776
     of all others similarly situated,
13                                             **NOTICE TO ADVERSE PARTY OF**
                    Plaintiff,                 **REMOVAL OF CIVIL ACTION TO**
14                                             **FEDERAL COURT BY DEFENDANT**
            vs.                                **AT&T MOBILITY SERVICES LLC**
15
     AT&T MOBILITY SERVICES LLC, a
16   Delaware limited liability company; and
     DOES 1 through 10,
17
                    Defendant.
18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 66327022.1

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
AT&T MOBILITY SERVICES LLC

                                        Exhibit G
                                        Page 85

1   TO PLAINTIFF JERRY WONG AND TO HIS ATTORNEYS OF RECORD, JASON M.

2   WUCETICH AND DIMITRIOS V. KOROVILAS, AND THE LAW OFFICES OF WUCETICH

3   & KOROVILAS LLP:

4

5          PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

6   the United States District Court for the Central District of California on November 18, 2010. A

7   copy of the Notice of Removal is attached to this Notice as Exhibit A, and is served and filed

8   herewith. Copies of the Civil Case Coversheet, Notice of Related Cases, and Notice of Interested

9   Parties, filed with the Notice of Removal are attached hereto as Exhibits B, C, and D,

10  respectively.

11

12  DATED:  November 18, 2010          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                       GEORGE W. ABELE
13                                     JAN E. EAKINS
                                       RYAN J. CRAIN
14

15                                     By:_____
16                                            JAN E. EAKINS

17                                     Attorneys for Defendant
                                       AT&T MOBILITY SERVICES LLC
18

19

20

21

22

23

24

25

26

27

28
    LEGAL_US_W # 66327022.1                    -1-
    NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT
                              AT&T MOBILITY SERVICES LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV10- 8869 MMM (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

---