GEORGE W. ABELE (SB# 149846)
georgeabele@paulhastings.com
JAN E. EAKINS (SB# 100612)
janeakins@paulhastings.com
ELIZABETH A. BROWN (SB# 235429)
elizabethbrown@paulhastings.com
RYAN J. CRAIN (SB# 266172)
ryancrain@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
AT&T MOBILITY SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WONG, an individual, JUAN PINEDA, an individual, RONALD DEL VALLE, an individual, on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T MOBILITY SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10,<br><br>Defendants. | CASE NO. CV 10-8869-GW(FMOx) consolidated with CV 11-1768 GW (FMOx)<br><br>**NOTICE OF MOTION AND MOTION TO: (1) DISMISS WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(b)(6); AND (2) STRIKE UNDER FRCP 12(f); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ELIZABETH A. BROWN IN SUPPORT THEREOF**<br><br>Date:  May 12, 2011<br>Time:  8:30 a.m.<br>Ctrm.:  10<br>Judge:  Hon. George H. Wu<br><br>Complaint Filed: March 23, 2011<br>Trial: None Set |

LEGAL_US_W # 67626616.6

AT&T'S MOTION TO DISMISS/STRIKE;
MEMO OF P'S & A'S; BROWN DECL.

TO PLAINTIFFS JERRY WONG, JUAN PINEDA, AND RONALD DEL VALLE AND TO THEIR ATTORNEYS OF RECORD, JASON M. WUCETICH, ESQ., DIMITRIOS V. KOROVILAS, ESQ., AND THE LAW OFFICES OF WUCETICH & KOROVILAS LLP, MARVIN E. KRAKOW, MICHAEL S. MORRISON, ALEXANDER KRAKOW & GLICK LLP, THOMAS W. FALVEY, ESQ., J.D. HENDERSON, ESQ., LAW OFFICES OF THOMAS W. FALVEY:

PLEASE TAKE NOTICE that on May 12, 2011 at 8:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 10 of the United States District Court, located at 312 N. Spring Street, Los Angeles, California, Defendant AT&T Mobility Services LLC will, and hereby does, move the Court for an order: (1) dismissing Plaintiffs Jerry Wong, Juan Pineda, and Ronald Del Valle's seventh claim for conversion with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that it fails to allege a cognizable legal theory; and (2) striking the request for punitive damages from the Prayer for Relief pursuant to Federal Rule of Civil Procedure 12(f), on the ground that it is based on the failed conversion claim and is not recoverable as a matter of law.

The Motion will be based on this Notice and the Memorandum of Points and Authorities in support thereof, the Declaration of Elizabeth A. Brown, and such other oral and documentary evidence as may be presented prior to or at the time of the hearing on this matter.

DATED: April 11, 2011         ELIZABETH A. BROWN
                              PAUL, HASTINGS, JANOFSKY & WALKER LLP

                              By: /s/ Elizabeth A. Brown
                                   ELIZABETH A. BROWN
                              Attorneys for Defendant
                              AT&T MOBILITY SERVICES LLC

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................1

II. BACKGROUND FACTS ...........................................................................................2

III. THIS COURT MAY DISMISS CLAIMS THAT FAIL TO ALLEGE A COGNIZABLE LEGAL THEORY AND STRIKE REQUESTS FOR DAMAGES NOT RECOVERABLE AS A MATTER OF LAW .........3

IV. PLAINTIFFS' SEVENTH CLAIM SHOULD BE DISMISSED WITH PREJUDICE BECAUSE A CONVERSION CLAIM CANNOT, AS A MATTER OF LAW, BE BASED ON ALLEGED LABOR CODE VIOLATIONS ...................................................................................................4

  A. The Labor Code Provides The Sole And Exclusive Remedy For Violations Of Its Provisions ...........................................................................4

  B. Rojo And Its District Court Progeny Bar Plaintiffs' Conversion Claim ...................................................................................................................5

V. PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES SHOULD BE STRICKEN BECAUSE IT IS NOT RECOVERABLE AS A MATTER OF LAW ...................................................................................................7

  A. Plaintiffs' Request For Punitive Damages Is Predicated Solely On Their Conversion Claim And Fails With It .........................................7

  B. In Any Event, Punitive Damages Are Not Available for Wage-And-Hour Law Violations ...........................................................................7

VI. CONCLUSION ............................................................................................................9

# TABLE OF AUTHORITIES

Page

**CASES**

*Balistreri v. Pacifica Police Dep't*,
 901 F.2d 696 (9th Cir. 1988) ............................................................................... 3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................ 6

*Brewer v. Premier Golf Props.*,
 168 Cal. App. 4th 1243 (2008) ................................................................... 4, 7, 8

*Bureerong v. Uvawas*,
 922 F. Supp. 1450 (C.D. Cal. 1996) .................................................................... 4

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
 505 F. Supp. 2d 609 (N.D. Cal. 2007) ........................................................ 5, 6, 8

*Jacobs v. Genesco, Inc.*,
 No. 08-CV-1666 FCD (DAD), 2008 U.S. Dist. LEXIS 79882
 (E.D. Cal. Sep. 3, 2008) ...................................................................................... 5

*Marshall v. Brown*,
 141 Cal. App. 3d 408 (1983) .............................................................................. 8

*Oakdale Vill. Group v. Fong*,
 43 Cal. App. 4th 539 (1996) ............................................................................... 6

*Perry v. Upper Deck Co.*,
 No. 05-CV-1329 LAB (CAB), 2007 U.S. Dist. LEXIS 34689
 (S.D. Cal. May 11, 2007) .................................................................................... 5

*Robertson v. Dean Witter Reynolds, Inc.*,
 749 F.2d 530 (9th Cir. 1984) ............................................................................... 3

*Rojo v. Kliger*,
 52 Cal. 3d 65 (1990) ............................................................................... 1, 4, 5, 6

*Ross v. U.S. Bank, N.A.*,
 542 F. Supp. 2d 1014 (N.D. Cal. 2008) .............................................................. 4

# TABLE OF AUTHORITIES
(continued)

**Page**

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986) ................................................................. 3

*Thomas v. Home Depot USA, Inc.*,
  527 F. Supp. 2d 1003 (N.D. Cal. 2007) ................................................... 5

*Turnbull & Turnbull v. ARA Transp., Inc.*,
  219 Cal. App. 3d 811 (1990) ................................................................... 8

*Vasquez v. Coast Valley Roofing Inc.*,
  No. 07-CV-0227 OWW (DLB), 2007 U.S. Dist. LEXIS 44102
  (E.D. Cal. May 31, 2007) .................................................................... 2, 5

*Weiss v. Marcus*,
  51 Cal. App. 3d 590 (1975) ..................................................................... 6

*Wilkerson v. Butler*,
  229 F.R.D. 166 (E.D. Cal. 2005) ............................................................. 4

*Wren v. RGIS Inventory Specialists*,
  No. C-06-5778 JCS, 2007 U.S. Dist. LEXIS 9767
  (N.D. Cal. Jan. 30, 2007) ..................................................................... 5, 6

**STATUTES**

Cal. Civ. Proc. Code § 3294 ........................................................................... 8

Cal. Civ. Proc. Code § 3294(a) ....................................................................... 8

Cal. Lab. Code § 203 ...................................................................................... 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) .................................................................................. 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The California Labor Code ("Labor Code") was enacted to provide a comprehensive and detailed remedial scheme for the enforcement of various rights regarding wages and hours of work. Where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, that statutory remedy is *exclusive. See Rojo v. Kliger*, 52 Cal. 3d 65, 79 (1990) ("*Rojo*").

Here, Plaintiffs Jerry Wong, Juan Pineda, and Ronald Del Valle (collectively "Plaintiffs") filed a class action complaint against Defendant AT&T Mobility Services LLC ("Defendant" or "AT&T"), alleging various claims for unpaid wages under the Labor Code, including claims for unpaid overtime and unpaid meal and rest break compensation. Indeed, six out of their eight claims are wage-and-hour claims for statutory remedies under the Labor Code. The Labor Code provides the sole and exclusive remedy (wages, damages, and penalties) for these claims.

In a transparent effort to claim punitive damages (which are otherwise impermissible in wage and hour litigation), Plaintiffs also alleged a seventh claim for the tort of conversion *based on the first six Labor Code claims*. However, numerous courts have applied the doctrine of *Rojo* to conclude that a conversion claim cannot be based on alleged Labor Code violations, because the Labor Code is the sole and exclusive enforcement and remedial scheme for its provisions.[1] Put differently:

> Based on . . . the comprehensive remedial scheme
> protecting employees under California and federal law,
> the conversion theory proffered by Plaintiffs is an idea

---

[1] *See* cases at Section IV.A, *infra*.

> whose time has not come. There is no reason to extend tort law into a field comprehensively regulated by federal and state wage and hour laws.

*Vasquez v. Coast Valley Roofing Inc.*, No. 07-CV-0227 OWW (DLB), 2007 U.S. Dist. LEXIS 44102, *27-28 (E.D. Cal. May 31, 2007) (unpublished) (dismissing conversion claim: "Plaintiffs here seek to extend the California law of conversion into the wage and hour field in a context unrecognized by existing state law.").[2]

Thus, because Plaintiffs have failed to state a legally cognizable claim for conversion, and because no amendment can save a conversion claim based on Labor Code violations, their seventh claim for conversion must be dismissed with prejudice. Moreover, because Plaintiffs' request for punitive damages is predicated solely on the conversion claim, such damages are not recoverable as a matter of law and thus must be stricken from the Prayer for Relief.

Accordingly, AT&T respectfully requests that the Court grant its motion in its entirety.

## II. BACKGROUND FACTS

On March 23, 2011, Plaintiffs filed a Consolidated Class Action Complaint For Damages, asserting eight claims.[3] The first six claims are statutory wage-and-hour claims under the California Labor Code: (1) unpaid overtime under section 1194; (2) failure to provide meal and rest period compensation under

---

[2] Even if such a claim were legally cognizable, which it is not, Plaintiffs still fail to state a claim for conversion because they cannot allege a quantifiable sum of money that allegedly was "converted."

[3] On October 19, 2010, Wong filed a wage and hour class action in state court on behalf of current and former Retail Store Managers in California, alleging (*inter alia*) that the putative class members were misclassified as exempt from overtime compensation. AT&T removed Wong's action to this Court on November 18, 2010. On March 1, 2011, Pineda and Del Valle filed a wage and hour class action seeking to represent the same class members and alleging substantially the same misclassification claims. Pineda and Del Valle's action was transferred to this Court as a related case on March 10, 2011, and the two cases were consolidated.

Case 2:10-cv-08869-GW -FMO   Document 35   Filed 04/11/11   Page 8 of 15   Page ID #:611

section 226.7 and 512; (3) waiting time penalties under 203; (4) unpaid wages under section 204; (5) failure to provide accurate itemized wage statements under section 216; and (6) penalties under the Private Attorney General Act, sections 2698 and 2699. The seventh and eighth claims are (respectively) a common law claim for conversion and an unfair competition claim under Business and Professions Code section 17200, both based entirely and exclusively on the previous six Labor Code claims.

On April 4, 2011, counsel for AT&T called lead class counsel to discuss a possible informal resolution regarding the mispled conversion claim and request for punitive damages. Declaration of Elizabeth A. Brown ("Brown Decl."), ¶ 2. The parties were unable to reach a resolution. *Id.* This Motion followed.

### III. THIS COURT MAY DISMISS CLAIMS THAT FAIL TO ALLEGE A COGNIZABLE LEGAL THEORY AND STRIKE REQUESTS FOR DAMAGES NOT RECOVERABLE AS A MATTER OF LAW.

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(6), where a claim fails to allege a "cognizable legal theory" or to allege "sufficient facts . . . under a cognizable legal theory." *E.g., Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) ("A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."). Dismissal *with prejudice* is appropriate where "allegation[s] of other facts consistent with the challenged pleading could not possibly cure the deficiency." *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

In addition, a motion to strike may be coupled with a request for dismissal where portions of the complaint – such as a prayer for relief – likewise do not comply with existing law. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996) ("[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."). *See also Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005) (striking request for punitive damages from prayer for relief: "A motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law.").

## IV. PLAINTIFFS' SEVENTH CLAIM SHOULD BE DISMISSED WITH PREJUDICE BECAUSE A CONVERSION CLAIM CANNOT, AS A MATTER OF LAW, BE BASED ON ALLEGED LABOR CODE VIOLATIONS.

### A. The Labor Code Provides The Sole And Exclusive Remedy For Violations Of Its Provisions.

The California Supreme Court has long recognized that, "[a]s a general rule, where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is *exclusive*." *Rojo*, 52 Cal. 3d at 79 (emphasis added). *See also Brewer v. Premier Golf Props.*, 168 Cal. App. 4th 1243, 1252-54 (2008) ("[The Labor Code,] providing numerous forms of remedies for their violation, also appear to have created new rights and obligations not previously existing in the common law, and the statutory scheme provides 'a comprehensive and detailed remedial scheme for its enforcement.'") (citation omitted).

This rule is well-settled, and has led numerous California district courts to conclude that the common law tort of conversion cannot be expanded to include statutory claims for wages or penalties under the Labor Code. *See, e.g.*, *Ross v. U.S. Bank, N.A.*, 542 F. Supp. 2d 1014, 1023-24 (N.D. Cal. 2008)

(dismissing conversion claim based on claim for unpaid wages); *Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1009-10 (N.D. Cal. 2007) (dismissing conversion claim: "Because there is a comprehensive, detailed remedial scheme provided in the Labor Code, Plaintiff's cause of action for conversion is improper."); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 618-19 (N.D. Cal. 2007) (dismissing conversion claim with prejudice: "[A] claim for unpaid wages under the Labor Code cannot form the basis for a claim of conversion given the existence of the Labor Code's 'detailed remedial scheme for violation of its provisions.'") (citation omitted); *Jacobs v. Genesco, Inc.*, No. 08-CV-1666 FCD (DAD), 2008 U.S. Dist. LEXIS 79882, *5-8 (E.D. Cal. Sep. 3, 2008) (unpublished) (dismissing conversion claim with prejudice); *Vasquez*, 2007 U.S. Dist. LEXIS 44102, at 27-28 (unpublished) (dismissing conversion claim); *Perry v. Upper Deck Co.*, No. 05-CV-1329 LAB (CAB), 2007 U.S. Dist. LEXIS 34689, *8-10 (S.D. Cal. May 11, 2007) (granting summary judgment for employer on conversion claim) (unpublished); *Wren v. RGIS Inventory Specialists*, No. C-06-5778 JCS, 2007 U.S. Dist. LEXIS 9767, at *32-34 (N.D. Cal. Jan. 30, 2007) (dismissing conversion claim) (unpublished);

### B. *Rojo* And Its District Court Progeny Bar Plaintiffs' Conversion Claim.

Plaintiffs recast their statutory Labor Code claims as a tort for conversion in an obvious attempt to seek punitive damages which are otherwise unavailable. Plaintiffs' claim for conversion is based entirely on the same alleged Labor Code violations that comprise their first through sixth statutory claims: "Plaintiffs hereby reallege and incorporate by reference, as though fully set forth herein, the allegations contained in [claims 1-6]." (Compl. ¶ 50.) Indeed, Plaintiffs' complaint characterizes the conversion claim with reference to its underlying statutory basis: "Defendants failed to pay Plaintiffs and members of the plaintiff class all wages they earned *pursuant to the applicable Employment Laws*

*and Regulations*." (Compl. ¶ 51 (emphasis added).)  Similarly: "At all relevant times, Defendants had and continue to have a legal obligation *imposed by statute* to pay Plaintiffs and members of the plaintiff class all earned wages and other compensation due to them." (Compl. ¶ 52 (emphasis added).)

However, as discussed above, the rule in *Rojo* bars Plaintiffs' conversion claim because the sole and exclusive remedy for wage-and-hour violations lies with the comprehensive and detailed enforcement scheme set forth in the Labor Code.[4] There is no amendment that can save a conversion claim impermissibly based on alleged Labor Code violations. Thus, Plaintiffs' seventh claim for conversion must be dismissed with prejudice.

---

[4] Even if a conversion claim based on Labor Code violations were legally cognizable (which it is not), Plaintiffs allege insufficient facts to state a claim for conversion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 555 (2007) (dismissal will be affirmed if the plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face" or failed to "raise a right to relief above the speculative level."). Conversion is "the wrongful exercise of dominion over the property of another." *Oakdale Vill. Group v. Fong*, 43 Cal. App. 4th 539, 543 (1996). To state a claim for conversion, Plaintiffs must allege: (1) they had ownership or rights to possess the property at the time of the conversion; (2) AT&T converted Plaintiffs' property by wrongful act; and (3) Plaintiffs suffered damages as a result. *Id.* at 543-44. "Money cannot be the subject of an action for conversion," however, "unless a specific sum capable of identification is involved." *Wren*, 2007 U.S. Dist. LEXIS 9767, at *33 (citing *Weiss v. Marcus*, 51 Cal. App. 3d 590, 599 (1975)). S*ee also In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d at 618 ("Property that may be the subject of a claim for conversion includes tangible personal property, intangible property represented by documents such as bonds, notes, and bills of exchange, and money, *so long as a specific, identifiable sum is at issue*.") (emphasis added). Plaintiffs allege they are owed wages, but fail to disclose a specific, identifiable sum. This renders their conversion claim fatally defective. *See Wren*, 2007 U.S. Dist. LEXIS 9767, at *33-34 (dismissing conversion claim grounded in allegations of overtime wages and meal and rest period premiums).

## V. PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES SHOULD BE STRICKEN BECAUSE IT IS NOT RECOVERABLE AS A MATTER OF LAW.

### A. Plaintiffs' Request For Punitive Damages Is Predicated Solely On Their Conversion Claim And Fails With It.

Plaintiffs' request for punitive damages is predicated solely on their conversion claim: "Defendants' actions constituting conversion were oppressive, malicious, and fraudulent . . . . Plaintiffs and members of the plaintiff class have been injured by Defendants' oppressive, malicious, intentional and fraudulent actions, entitling Plaintiffs and the plaintiff class to punitive and exemplary damages." (Compl. ¶ 55.) However, because Plaintiffs have failed to state a legally cognizable claim for conversion, punitive damages likewise are not recoverable as a matter of law.[5]

### B. In Any Event, Punitive Damages Are Not Available for Wage-And-Hour Law Violations.

Even if Plaintiffs' request for punitive damages were predicated on their Labor Code claims (which it is not), punitive damages still are not recoverable as a matter of law because: (1) Plaintiffs' Labor Code claims arise from contract, and thus do not support tort damages; and (2) the statutory remedies for violation of the Labor Code do not include an award of punitive damages. *See Brewer*, 168 Cal. App. 4th at 1252-53.

California law does not permit the imposition of punitive damages for actions arising from a contract:

> In an action for the breach of an obligation *not arising from contract*, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression,

---

[5] Putative class counsel agreed that they requested punitive damages only in connection with the conversion claim, and that Plaintiffs are not entitled to seek punitive damages if the conversion claim is dismissed. Brown Decl. ¶ 3.

---

LEGAL_US_W # 67626616.6 -7- AT&T'S MOTION TO DISMISS/STRIKE; MEMO OF P'S & A'S; BROWN DECL.

> fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Cal. Civ. Code § 3294(a) (emphasis added). In *Brewer v. Premier Golf Properties*, the California Court of Appeal held that Labor Code claims such as those alleged here – claims for recovery of unpaid wages, failure to provide meal and rest periods, and failure to provide accurate pay stubs – sound in contract, not tort, and permit only contractual damages:

> We apprehend the Labor Code provisions governing meal and rest breaks, minimum wages, and accurate pay stubs constitute statutory obligations imposed only when the parties have entered into an employment contract and are obligations *arising from* the employment contract. The breach of an obligation arising out of an employment contract, even when the obligation is implied in law, permits contractual damages but does not support tort recoveries.

168 Cal. App. 4th at 1256.

Furthermore, Plaintiffs are limited to statutory remedies for their Labor Code claims, and such remedies do not include punitive damages. *See, e.g., In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d at 620 ("Where a right is created by statute and the statute does not expressly permit punitive damages, punitive damages under California Civil Code section 3294 are not available.") (citing *Turnbull & Turnbull v. ARA Transp., Inc.*, 219 Cal. App. 3d 811, 826-27 (1990)); *see also id.* ("[Plaintiffs' claim under the Labor Code] will not support a punitive damages award"; "Section 203 provides for the award of statutory penalties when an employer 'willfully fails to pay' wages due upon termination. The Legislature's provision of such statutory penalties precludes an award of punitive damages.") (citing *Marshall v. Brown*, 141 Cal. App. 3d 408, 418-19 (1983)).

Thus, Plaintiffs' request for punitive damages should be stricken from the Prayer for Relief.

## VI. CONCLUSION

Based upon the foregoing, Defendant AT&T Mobility Services LLC respectfully requests that the Court dismiss Plaintiffs' seventh claim for conversion with prejudice and strike the request for punitive damages from the Prayer for Relief.

DATED:  April 11, 2011　　ELIZABETH A. BROWN
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Elizabeth A. Brown
　　　　　ELIZABETH A. BROWN

Attorneys for Defendant
AT&T MOBILITY SERVICES LLC

# DECLARATION OF ELIZABETH A. BROWN

I, Elizabeth A. Brown, declare as follows:

1. I am an attorney at law licensed to practice before the Courts of the State of California and before this Court. I am an associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, attorneys of record for Defendant AT&T Mobility Services LLC in this matter. I submit this declaration in support of Defendant's Motion To (1) Dismiss With Prejudice For Failure To State A Claim Under FRCP 12(b)(6); And (2) Strike Under FRCP 12(f). If called as a witness, I could and would competently testify to the following facts, which are within my personal knowledge.

2. On April 4, 2011, I spoke with putative class counsel Michael S. Morrison, Jason M. Wucetich, and Dimitrios V. Korovilas regarding AT&T's contemplated motion and a potential informal resolution to Plaintiffs' conversion claim and request for punitive damages. We were unable to reach a resolution.

3. Mssrs. Morrison, Wucetich, and Korovilas agreed that they requested punitive damages only in connection with the conversion claim, and that Plaintiffs are not entitled to seek punitive damages if the conversion claim is dismissed.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 11th day of April 2011, at Los Angeles, California.

_____
ELIZABETH A. BROWN