GEORGE W. ABELE (SB# 149846)
georgeabele@paulhastings.com
ELIZABETH A. BROWN (SB# 235429)
elizabethbrown@paulhastings.com
RYAN J. CRAIN (SB# 266172)
ryancrain@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
AT&T MOBILITY SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WONG, an individual, JUAN PINEDA, an individual, RONALD DEL VALLE, an individual, on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T MOBILITY SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10,<br><br>Defendants. | CASE NO. CV 10-8869-GW(FMOx) consolidated with CV 11-1768 GW (FMOx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AT&T MOBILITY SERVICES LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:　　　　May 24, 2012<br>Time:　　　　8:30 a.m.<br>Courtroom:　10<br>Judge:　　　Hon. George Wu<br><br>Action Removed: November 18, 2010<br>Trial Date:　　None Set |

CASE NO. CV 10-8869-GW(FMOX)
CONSOLIDATED WITH CV 11-1768 GW (FMOX)
LEGAL_US_W # 70756214.5

MEMO. OF POINTS/AUTHORITIES
ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

1

## TABLE OF CONTENTS

2

Page

3   I.    INTRODUCTION ...................................................................................... 1

4   II.   BRIEF FACTUAL BACKGROUND .......................................................... 2

5         A.    Plaintiffs Filed Two Separate Class Actions That Were Later
                Consolidated In This Court ............................................................ 2

6         B.    Plaintiffs Filed A PAGA Status Report Attaching Their
                Purported Exhaustion Notices ....................................................... 3

7         C.    The Parties' Meet and Confer Efforts Resulted in an Impasse ........ 5

8   III.  DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF
          LAW ON PLAINTIFFS' SIXTH CLAIM FOR RELIEF UNDER
9         PAGA BECAUSE PLAINTIFFS FAILED TO PROPERLY
          EXHAUST THEIR ADMINISTRATIVE REMEDIES ............................... 5

10        A.    The Court May Consider Plaintiffs' Purported PAGA Notices in
                Ruling on the Motion ..................................................................... 6

11        B.    Private Plaintiffs Cannot Seek Relief Under PAGA Unless They
                Comply with the Administrative Requirements for Commencing
12              a PAGA Action ............................................................................. 7

13        C.    Plaintiffs Del Valle and Wong Did Not Provide a Timely
                "Written Notice" to Anyone, Including the LWDA ......................... 8

14        D.    Plaintiffs Never Provided a "Written Notice by Certified Mail"
                to Defendant ................................................................................. 9

15        E.    All Three Plaintiffs Failed To Allege The "Facts and Theories"
16              Necessary To Support A Valid Administrative Notice To the
                LWDA ........................................................................................ 10

17        F.    Plaintiffs' Belated Attempt To Cure The Notice Deficiencies
18              Fails ........................................................................................... 12

19              1.    Plaintiffs' February 2012 Notice Was Not Sent via
                      Certified Mail to the Defendant .......................................... 12

20              2.    Plaintiffs Cannot Provide the Requisite Notice for Wong
                      and Del Valle Because their PAGA Claims are Now
21                    Time-Barred ....................................................................... 12

22              3.    Plaintiffs Cannot Use the February 22, 2012 Exhaustion
                      Notice to Cure Plaintiff Pineda's Original Defective
                      Notice ................................................................................ 13

23              4.    Plaintiff's February 22, 2012 Letter Still Does Not Meet
24                    the Requisite "Facts and Theories" Standard ....................... 14

25              5.    Plaintiffs' Attempt to Explain their Belated Action is to
                      No Avail ............................................................................. 14

          G.    At Minimum, Judgment for the Defendant is Proper As To
26              PAGA Penalties That Are Based On Labor Code Provisions Not
                Specifically Referenced In Plaintiff Pineda's Exhaustion Notice ..... 15

27  IV.   CONCLUSION ...................................................................................... 16

28

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3    CASES

4    *Archila v. KFC U.S. Properties, Inc.,*
5        420 Fed. App'x 667 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 246 (2011) ............... 8, 11, 12, 14

6    *Caliber Bodyworks, Inc. v. Superior Court,*
         134 Cal. App. 4th 365 (2005) .................................................................................... 7, 8, 9
7

8    *Cooper v. Pickett,*
         137 F.3d 616 (9th Cir. 1997) ...................................................................................... 6

9    *Fleming v. Pickard,*
10       581 F.3d 922 (9th Cir. 2009) ...................................................................................... 6

11   *Lee v. City of Los Angeles,*
         250 F.3d 668 (9th Cir. 2001) ...................................................................................... 4, 6, 7
12

13   *Martinez v. Antique & Salvage Liquidators, Inc.,*
         No. C09-00997-HRL, 2011 WL 500029 (N.D. Cal. Feb. 8, 2011) .......................... 8

14   *Milligan v. Am. Airlines, Inc.,*
15       327 Fed. App'x 694 (9th Cir. 2009) ........................................................................... 13

16   *Moreno v. Autozone, Inc.,*
         No. C05-04432 MJJ, 2007 WL 1650942 (N.D. Cal. Jun. 5, 2007) .......................... 14
17

18   *Morgan v. Cnty. of Yolo,*
         436 F. Supp. 2d 1152 (E.D. Cal. 2006) ...................................................................... 6

19   *Silva v. U.S. Bancorp,*
         No. 5:10-CV-01854-JHN, 2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) .................. 11
20

21   *Thurman v. Bayshore Transit Mgmt., Inc.,*
         203 Cal. App. 4th 1112 (2012) ................................................................................... 16
22

23   *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.,*
         547 F.3d 943 (9th Cir. 2008) ...................................................................................... 6

24   *United States v. Ritchie,*
25       342 F.3d 903 (9th Cir. 2003) ...................................................................................... 6

26

27

28

# TABLE OF AUTHORITIES
## (continued)

Page(s)

STATUTES

Cal. Lab. Code
  § 201.................................................................................................................. 7, 16
  § 202.................................................................................................................. 7, 16
  § 203.................................................................................................................. 7, 16
  § 204.................................................................................................................. 7, 16
  § 210.................................................................................................................. 16
  § 216.................................................................................................................. 16
  § 225.5................................................................................................................ 16
  § 226.3............................................................................................................... 7, 16
  § 450.................................................................................................................. 16
  § 512.................................................................................................................. 7, 16
  § 558.................................................................................................................. 16
  § 1174................................................................................................................ 11
  § 2699.3(a)......................................................................................................... 7
  § 1194................................................................................................................ 7, 16
  § 2699.3............................................................................................................. 9, 11, 13
  § 2699.3(a)(1)..................................................................................................... passim
  § 2699.3(b)......................................................................................................... 7
  § 2699.5............................................................................................................. 7, 8

RULES

Fed. R. Civ. Proc.
  12(b)(6)............................................................................................................. 5
  12(c).................................................................................................................. 5

Federal Rules of Evidence
  201(b)................................................................................................................ 4

REGULATIONS

IWC Wage Order 4-2011...................................................................................... 16

## I.    __INTRODUCTION__

Plaintiffs failed to adequately exhaust their administrative remedies prior to bringing their claims for civil penalties under the California Private Attorneys General Act ("PAGA").  Their submission to the Court, in response to this Court's order dated February 16, 2012, reveals several deficiencies in their notice.

As a threshold matter, Plaintiffs have not demonstrated that they ever provided to the Defendant a "written notice by certified mail" as required by the California Labor Code section 2699.3(a)(1).  This failure alone precludes any further pursuit of PAGA penalties in this lawsuit.

But the deficiencies in their PAGA prerequisites run even deeper:

- Plaintiffs Del Valle and Wong failed to send *any* notice to the LWDA prior to filing their respective actions in court; only Plaintiff Pineda attempted to comply with agency notification.

- Plaintiff Juan Pineda's February 2011 notice to the LWDA failed to set forth the requisite "facts and theories to support the alleged [Labor Code] violation[s][,]" rendering the notice defective under PAGA's plain language and applicable case law.

- Plaintiff Pineda's second LWDA notice, sent in February 2012 (after this Court alerted Plaintiff's counsel to the potential problems of a deficient notice), is nothing more than an implicit acknowledgement that Plaintiff Pineda's original notice was deficient.  Moreover, the second notice is time barred and, at bottom, suffers from the same substantive deficiency as the original notice.

- The scope of Plaintiffs' Complaint exceeds that of Plaintiff Pineda's February 2011 exhaustion notice, because the Complaint seeks PAGA penalties for alleged violations of Labor Code provisions that were not specifically referenced in the correspondence with the LWDA.

1   Exhaustion is a statutory pre-requisite to filing a lawsuit under PAGA.

2   Because Plaintiffs failed to properly and timely exhaust their administrative

3   remedies, Defendant is entitled to judgment on Plaintiffs' Sixth Claim for Relief for

4   PAGA penalties as a matter of law.  Amendment would be futile as Plaintiffs are

5   now time-barred from pursuing PAGA by its one-year statute of limitations.

6   Accordingly, Defendant respectfully requests the Court to grant Defendant's

7   Motion For Judgment on the Pleadings in its entirety.

8   **II.   BRIEF FACTUAL BACKGROUND**

9

10   **A.   Plaintiffs Filed Two Separate Class Actions That Were Later**

11   **Consolidated In This Court.**

12   On October 19, 2010, Plaintiff Jerry Wong ("Plaintiff Wong") filed a class

13   action complaint in the Los Angeles County Superior Court, alleging wage and

14   hour violations and requesting damages (but not alleging claims for civil penalties

15   under PAGA).  Defendant AT&T Mobility Services, LLC ("Defendant") removed

16   the case to this Court on November 18, 2010.

17   On March 1, 2011, Plaintiffs Ronald Del Valle and Juan Pineda ("Plaintiff

18   Del Valle" and "Plaintiff Pineda"; together with Plaintiff Wong, "Plaintiffs") filed a

19   second class action against Defendant.  The Del Valle/Pineda lawsuit alleged the

20   same wage and hour claims on behalf of the same putative class of current and

21   former Retail Store Managers ("RSMs") that Plaintiff Wong sought to represent in

22   his action.  In addition, Plaintiffs Del Valle and Pineda resurrected the conversion

23   claim that Plaintiff Wong dismissed,[1] and requested civil penalties under PAGA.

24   The Del Valle/Pineda class action was transferred to this Court and consolidated

25   with the Wong class action shortly thereafter.

26   On April 7, 2011, the three Plaintiffs filed their Consolidated Class Action

27   ___

28   [1] On May 12, 2011, the Court granted Defendant's motion to dismiss Plaintiffs' conversion cause of action, and struck Plaintiffs' claim for punitive damages.

1    Complaint ("CCAC"), which remains the operative complaint. *See* Dkt. 37.  In

2    July 2012, Plaintiffs moved to amend the Consolidated Class Action Complaint to

3    remove Juan Pineda as a named class representative, claiming that "Mr. Pineda

4    would be a distraction to this case." *See* Plaintiffs' Notice of Motion and Motion

5    for Leave to File a First Amended Consolidated Complaint, Dkt. No. 80, pp. 3-4.

6    After losing their motion for class certification, in October 2011, Plaintiffs

7    withdrew this request. *See* Dkt. No. 106.

8         Paragraphs 44 through 49 of the CCAC comprise the entirety of Plaintiffs'

9    PAGA claim.  In Paragraph 45, Plaintiffs allege that "PLAINTIFFS" – defined in

10   the first sentence of the complaint as "Jerry Wong, Juan Pineda, and Ronald Del

11   Valle" – "on or about February 11, 2011 … provided written notice to the Labor

12   and Workforce Development Agency ('LWDA') and DEFENDANTS…"  In

13   Paragraph 47, Plaintiffs allege that "PLAINTIFFS have exhausted all

14   administrative procedures…."

15        Plaintiffs did not attach the requisite LWDA notices (with certified mail

16   receipts) to either the first complaint filed by Del Valle and Pineda or to the CCAC.

17   **B.    Plaintiffs Filed A PAGA Status Report Attaching Their Purported**

18        **Exhaustion Notices.**

19        During the February 16, 2012 hearing on Defendant's Motion For Order

20   Denying Representative Status,[2] the Court ordered Plaintiffs to provide their

21   exhaustion notices, and to file a PAGA status report ("PAGA status report")

22   regarding the scope of their PAGA claims.  On February 24, 2012, Plaintiffs

23   submitted their PAGA status report, which attached two notices that Plaintiffs

24   purportedly sent to the LWDA in alleged satisfaction of the PAGA's provisions

25

26   [2] Defendant's Motion For Order Denying Representative Status was originally
     heard on February 9, 2012, but the Court continued the hearing to February 16,
27   2012 to allow the parties to confer regarding further briefing of PAGA issues,
     including a potential motion for summary judgment.
28

1  mandating exhaustion of administrative remedies.[3]

2      Plaintiffs' report revealed several deficiencies in the administrative

3  exhaustion alleged in the complaint:

4      ● First, contrary to the representation in the CCAC that all

5        "PLAINTIFFS" exhausted their administrative remedies, Plaintiffs Del

6        Valle and Wong never sent *any* letters to either the LWDA or the

7        Defendant regarding their purported claims for civil penalties under

8        PAGA.

9      ● Second, Juan Pineda's February 2011 LWDA letter was sent by

10        certified mail to the LWDA, *but not to the Defendant*, as the statute

11        requires.

12      ● Third, Juan Pineda's February 2011 LWDA letter did not list all the

13        alleged Labor Code violations listed in the CCAC, nor did it allege the

14        requisite "facts and theories" necessary to support a valid exhaustion

15        notice under PAGA.

16      ● Fourth, two days before Plaintiffs' report was filed (and only *after* the

17        Court had instructed Plaintiffs to submit copies of the exhaustion

18        notices), Plaintiffs had sent to the LWDA a new letter referencing, for

19        the first time, Plaintiffs Del Valle and Wong.

20  *See* RJN, ¶ 1-2, Ex. A (Dkt. No. 124, Exs. 1 & 2).

21      During the subsequent meet and confer correspondence in connection with

23  [3] Defendant respectfully requests that the Court take judicial notice of Plaintiffs' status report and the attachments thereto, which all were filed with this Court and are thus "records" and/or "court proceedings" that are proper subjects of judicial notice under Rule 201(b) of the Federal Rules of Evidence. *See* Request for Judicial Notice dated April 18, 2012, filed concurrently herewith ("RJN"), ¶ 1-2, Ex. A, B; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (judicial notice proper of "matter of public record") (citations and quotation marks omitted)

CASE NO. CV 10-8869-GW(FMOX)
CONSOLIDATED WITH CV 11-1768 GW (FMOX)
LEGAL_US_W # 70756214.5
-4-
MEMO. OF POINTS/AUTHORITIES
ISO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

1   this Motion, Plaintiffs' counsel provided to the Defendant a copy of the certified

2   mail receipt for the second, February 2012 correspondence.  Declaration of

3   Elizabeth A. Brown ("Brown Declaration."), ¶ 6, Ex. D, E; RJN, ¶ 3, Ex. C.  That

4   receipt again indicates that this second LWDA letter was sent by certified mail to

5   the LWDA, *but not by certified mail to the Defendant (or the Defendant's counsel*

6   *of record).  Id.*

7            **C.    The Parties' Meet and Confer Efforts Resulted in an Impasse.**

8            On February 29, 2012, Defendant sent a detailed meet and confer

9    correspondence to Plaintiffs' counsel, explaining why Plaintiffs failed to exhaust

10   their administrative remedies and requesting the dismissal of the PAGA claim for

11   relief.  *See* Brown Declaration, ¶ 2, Ex. A.  On March 9, 2012, Plaintiffs' counsel

12   Michael S. Morrison and Defendant's counsel Elizabeth A. Brown further

13   discussed Defendant's positions during a lengthy telephonic meet and confer.  *Id.* at

14   ¶ 3.  Ms. Brown summarized the substance of the meet and confer in an email;

15   Mr. Morrison provided his input.  *Id.* at ¶ 4, Ex. B.  On Monday, March 12, 2012,

16   Ms. Brown extended the meet and confer efforts in an email, requesting Plaintiffs'

17   counsel to provide copies of the certified mail receipts showing that the

18   February 2011 and February 2012 PAGA notices were sent to the Defendant by

19   certified mail; no response was received.  *Id.* at ¶ 5, Ex. C.

20           Having reached an impasse on the substantive issues, Defendant was left with

21   no choice but to file the instant motion.

22   **III.   DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF**

23   **        LAW ON PLAINTIFFS' SIXTH CLAIM FOR RELIEF UNDER PAGA**

24   **        BECAUSE PLAINTIFFS FAILED TO PROPERLY EXHAUST THEIR**

25   **        ADMINISTRATIVE REMEDIES**

26

27           A motion for judgment on the pleadings under Rule 12(c) of the Federal

28   Rules of Civil Procedure "challenges the legal sufficiency of the opposing party's

1   pleadings and operates in much the same manner as a motion to dismiss under Rule

2   12(b)(6)." *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154-55 (E.D. Cal.

3   2006) (*citing Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir.

4   1998)), *aff'd, Morgan v. Cnty. of Yolo*, 277 Fed. App'x 734 (9th Cir. 2008) (No. 06-

5   16487) (unpublished).  "Judgment on the pleadings is properly granted when there

6   is no issue of material fact in dispute, and the moving party is entitled to judgment

7   as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (*citing

8   Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)).

9   A.   **The Court May Consider Plaintiffs' Purported PAGA Notices in**

10  **Ruling on the Motion.**

11  In ruling on a motion for judgment on the pleadings, the Court may consider

12  allegations within the pleadings, as well as "'material which is properly submitted

13  as part of the complaint'" or, even if not attached to the complaint, documents

14  whose "'authenticity … is not contested' and 'the plaintiff's complaint necessarily

15  relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001),

16  quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (alterations in

17  the original); *see also Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997)

18  (alterations removed) ("When the plaintiff fails to introduce a pertinent document

19  as part of his pleading, the defendant may introduce the exhibit as part of his

20  motion attacking the pleading...") (alterations removed); *United States v. Ritchie*,

21  342 F.3d 903, 908 (9th Cir. 2003) (finding that the court may treat such documents

22  as incorporated into the complaint by reference, and may assume the truth of their

23  contents).

24  The Court may also consider matters that are a proper subject of judicial

25  notice, including court records. *See United States v. 14.02 Acres of Land More or

26  Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Although, as a general

27  rule, a district court may not consider materials not originally included in the

28

1    pleadings in deciding a Rule 12 motion, Fed. R. Civ. P. 12(d), it 'may take judicial

2    notice of matters of public record' and consider them without converting a Rule 12

3    motion into one for summary judgment.").

4         The purported exhaustion letters Plaintiffs sent to the LWDA can properly be

5    considered here because Plaintiffs' CCAC necessarily relies on them by alleging

6    that Plaintiffs exhausted their administrative remedies.  *Lee*, 250 F.3d at 688.

7    Moreover, all the facts related to these notices are undisputed and may be judicially

8    noticed.

9    **B.**    **Private Plaintiffs Cannot Seek Relief Under PAGA Unless They**

10           **Comply with the Administrative Requirements for Commencing a**

11           **PAGA Action.**

12        Under PAGA, an individual seeking civil penalties is required to exhaust his

13   or her administrative remedies by "giv[ing] written notice by certified mail to the

14   [LWDA] and the employer of the specific provisions of this code alleged to have

15   been violated, including the facts and theories to support the alleged violation."

16   Cal. Lab. Code § 2699.3(a)(1); *see also id.* at § 2699.3(b)(1).  The statute explicitly

17   provides that one must complete this exhaustion procedure *prior to filing suit.  See*

18   Cal. Lab. Code § 2699.3(a), (b) ("A civil action by an aggrieved employee pursuant

19   to subdivision (a) or (f) of Section 2699... *shall commence only after the following*

20   *requirements have been met....*") (emphasis added).  In *Caliber Bodyworks, Inc. v.*

21   *Superior Court*, 134 Cal. App. 4th 365 (2005), the California court of appeal held

22   that:

24           Before an employee may file an action seeking to recover
             civil penalties for violations of any of the Labor Code
             provisions enumerated in section 2699.5,[4]...he or she
25           must comply with the Act's administrative procedures as
             set forth in section 2699.3, subdivision (a), which include

---

[4] Plaintiffs seek PAGA penalties based on alleged violations of, among other Labor
Code provisions, sections 201, 202, 203, 204, 226.3, 512, and 1194, all of which
are listed in Labor Code section 2699.5.  *See* CCAC p. 16 (Sixth Cause of Action).

1  providing notice to the LWDA and the employer and
2  waiting a prescribed period of time to permit the LWDA
   to investigate and to decide whether to cite the employer
   for the alleged violations.

3  *Id.* at 370 (footnote added).

4      "[C]ompliance with the pre-filing notice and exhaustion requirements of

5  [PAGA] is mandatory[.]" *Id.* at 384.  Failure to comply with these statutory

6  prerequisites is fatal to a PAGA cause of action. *See id.* at 381-82 (holding that the

7  trial court should have sustained the defendant's demurrer to the plaintiffs' PAGA

8  cause of action; "Interpreting this statutory framework according to its plain

9  language , plaintiffs were required to comply with section 2699.3, subdivision (a)'s

10 administrative procedures *before* pursuing causes of action for civil penalties based

11 on violations of Labor Code provisions specified in section 2699.5") (emphasis

12 added) (citation omitted).

13 **C.**    **Plaintiffs Del Valle and Wong Did Not Provide a Timely "Written**
14           **Notice" to Anyone, Including the LWDA.**
15

16     Plaintiffs' PAGA status report makes it clear that Plaintiff Del Valle

17 and Plaintiff Wong, before initiating their respective PAGA lawsuits, never sent

18 *any* notice to the LWDA, much less the fact-intensive, written notice mandated by

19 the PAGA statute.[5]  *See, e.g.,* Cal. Lab. Code § 2699.3(a)(1); *Archila v. KFC U.S.*

20 *Properties, Inc.,* 420 Fed. App'x 667, 669 (9th Cir. 2011) ("Regardless of whether

21 the cover letter to the LWDA is admissible, none of the materials Archila submitted

22 to KFC or the LWDA contain "facts and theories" to support his allegations.  The

23 _____

24 [5] Whether Plaintiffs' respective complaints were originally filed within the
   limitations period is immaterial.  A compliant LWDA notice is a condition
25 precedent to filing a civil action in court, and because Plaintiffs' failed to comply
   with this statutory prerequisite within the limitations period, their PAGA claims are
26 time barred.  *See Martinez v. Antique & Salvage Liquidators, Inc.,* No. C09-00997-
   HRL, 2011 WL 500029, at *9 (N.D. Cal. Feb. 8, 2011) ("Because the LWDA
27 notice is a condition precedent to suit, this notice must be given prior to the running
   of the statute of limitations.").
28

1  demand letter merely lists several California Labor Code provisions Archila alleges

2  KFC violated and requests that KFC conduct an investigation.") *cert. denied*, 132 S.

3  Ct. 246 (2011).

4        In their CCAC, Plaintiffs claim that they (collectively) "provided written

5  notice to the [LWDA]...." *See* CCAC ¶ 45.  However, as Plaintiffs themselves

6  revealed in the PAGA status report that they filed on February 24, 2012, the

7  "written notice" referenced in paragraph 45 of their Complaint refers only to

8  Plaintiff Pineda's February 28, 2011 notice to the LWDA, which did not mention

9  either Plaintiff Del Valle or Plaintiff Wong.  RJN ¶ 1, Ex. A; Dkt. No. 124, Ex. 1.

10       In other words, there is no indication, apart from the admittedly incorrect

11  statement in the CCAC that an exhaustion notice was sent to the LWDA on behalf

12  of either Plaintiff Del Valle or Plaintiff Wong before they commenced their

13  respective PAGA lawsuits against Defendant.

14       Because Plaintiffs Del Valle and Wong have failed to exhaust their

15  administrative remedies as provided in Labor Code section 2699.3 and elaborated

16  upon in *Caliber Bodyworks*, they are barred from further pursuing their claims for

17  PAGA penalties in this Court.

18  **D.    Plaintiffs Never Provided a "Written Notice by Certified Mail" to**

19  **Defendant.**

20       Plaintiff Pineda's February 2011 letter to the LWDA fares no better.  To

21  exhaust his administrative remedies, Plaintiff Pineda must have sent a "written

22  notice" of the alleged violations by "certified mail" to both the LWDA and the

23  Defendant within PAGA's one-year statute of limitations.  Cal. Lab. Code §2699.3.

24  This was simply not done.

25       Plaintiff Pineda sent a letter via certified mail to the LWDA in February

26  2011.  RJN, ¶ 1, Ex. A (Dkt. 124, Ex. 1).  Plaintiffs Pineda, Wong and Del Valle

27  sent another letter via certified mail to the LWDA in February 2012. RJN, ¶ 2,

28

1  Ex. B (Dkt. 124, Ex. 2)  Plaintiffs provided the certified mail receipts (for delivery

2  to the LWDA, but not to Defendant) for these two mailings in the PAGA status

3  report and in subsequent meet and confer correspondence.  Brown Declaration, ¶ 6,

4  Exs. D, E; RJN, ¶ 2, Ex. B (Dkt. 124, Exs. 2).  Yet, despite being ordered by the

5  Court to submit their PAGA notices, which would frame the scope of their PAGA

6  claims, Plaintiffs did not submit any proof that the notices were ever sent by

7  certified mail to the Defendant.  Indeed, Plaintiffs' counsel simply ignored repeated

8  meet and confer requests for that information.  Brown Declaration, ¶ 5, Ex. C; RJN,

9  ¶ 3, Ex. C.

10      Plaintiffs have thus failed to provide this Court (and the Defendant) proof

11  that they did, in fact, comply with the Labor Code requirement of notifying the

12  Defendant in writing and by certified mail, found in Section 2699.3(a)(1).  Failure

13  to comply with the statutory requirement of written notice is fatal to Plaintiffs'

14  PAGA claim.  Judgment for the Defendant on the sixth claim for relief is proper.

15  **E.**   **All Three Plaintiffs Failed To Allege The "Facts and Theories"**

16         **Necessary To Support A Valid Administrative Notice To the**

17         **LWDA.**

18      Even if Plaintiffs Del Valle and Wong are permitted to somehow peg their

19  notice to Plaintiff Pineda's February 2011 letter (which was never properly

20  provided to the Defendant), administrative exhaustion is still missing because

21  Pineda's February 2011 letter is incomplete.

22      The administrative notice required by the Labor Code must include "*the facts*

23  *and theories to support the alleged violation.*"  Cal. Lab. Code § 2699.3(a)(1)

24  (emphasis added); *see also id.* at § 2699.3(b)(1).  Both the statutory language and

25  applicable case law make it clear that simple recitation of the Labor Code

26  provisions on which an individual's PAGA claims are based, along with a

27  conclusory allegation that those provisions have been violated, falls short of the

28

1    controlling "facts and theories" standard set forth in the statute.

2        *Archila v. KFC U.S. Properties, Inc.*, 420 Fed. App'x 667 (9th Cir. 2011) is

3    instructive.  In *Archila*, the Ninth Circuit held that a plaintiff must state specific

4    facts for his notice to be sufficient:

5            Before an employee may bring a PAGA suit, he must
            "give written notice ... to the [LWDA] and the employer
6            of the specific provisions of [the California Labor Code]
            alleged to have been violated, *including the facts and*
7            *theories to support the alleged violation.*"  Cal. Lab. Code
            § 2699.3(a)(1).  Regardless of whether the cover letter to
8            the LWDA is admissible, none of the materials Archila
            submitted to KFC or the LWDA contain "facts and
9            theories" to support his allegations.  *The demand letter*
            *merely lists several California Labor Code provisions*
10           *Archila alleges KFC violated and requests that KFC*
            *conduct an investigation.*  Citing an inapposite case about
11           EEOC complaints, Archila insists the contents of his letter
            are adequate because we must construe it "with utmost
12           liberality."  *See B.K.B. v. Maui Police Dep't*, 276 F.3d
            1091, 1100 (9th Cir. 2002).  Even if we were to read the
13           cover and demand letters "with utmost liberality,"
            *because neither letter contains any factual allegations*
14           *whatsoever, they cannot constitute adequate notice for*
            *purposes of PAGA.*  Archila's PAGA claims therefore
15           cannot proceed.

16   *Id.* at 669  (alterations in original) (emphases added); *see also Silva v. U.S.*

17   *Bancorp*, No. 5:10-CV-01854-JHN, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6,

18   2011) ("While Plaintiff's counsel sent two certified letters to the Labor and

19   Workforce Development Agency, neither alleges a violation of California Labor

20   Code § 1174 or facts supporting such an allegation.  [Citation to docket.]  As a

21   result, the Court finds that Plaintiff has failed to exhaust his administrative

22   remedies as required by California Labor Code § 2699.3.  Therefore, the Court

23   dismisses with prejudice Plaintiff's recordkeeping claim to the extent it is brought

24   as a representative action under PAGA.").

25        Here Plaintiff Pineda's February 28, 2011 notice does not meet the requisite

26   "facts and theories" standard set forth in the statute and controlling case law.

27   Indeed, Plaintiffs' notice suffers from the very same deficiencies that the Ninth

28   Circuit found controlling in *Archila*.  Plaintiff Pineda's February 28, 2011 notice

1    contains only a conclusory allegation that Defendant misclassified its Retail Store

2    Managers, and a list of the Labor Code provisions that were allegedly violated. *See*

3    RJN, ¶ 1, Ex. A (Dkt. No. 124, Ex. 1). The three short paragraphs appearing in

4    Plaintiff Pineda's notice references neither facts nor theories to support the alleged

5    violation. Cal. Lab. Code § 2699.3(a)(1). Without such "facts and theories," even

6    Plaintiff Pineda's February 28, 2011 LWDA letter fails to satisfy the notice

7    requirement of PAGA.

8          **F.**    **Plaintiffs' Belated Attempt To Cure The Notice Deficiencies Fails.**

9          Clearly recognizing that Plaintiff Pineda's February 2011 correspondence

10    with the LWDA does not constitute proper administrative exhaustion, Plaintiffs

11    attempted to cure the deficiency by sending a second letter on February 22, 2012 –

12    six days after the Court explained to Plaintiffs' counsel the requirements associated

13    with the PAGA notices. Plaintiffs' belated attempt at compliance with PAGA is to

14    no avail.

15          **1.**    **Plaintiffs' February 2012 Notice Was Not Sent via Certified**

16                   **Mail to the Defendant.**

17

18          Just like the February 2011 LWDA letter, the February 2012 LWDA letter

19    was not sent to the Defendant (or the Defendant's counsel) "via certified mail."

20    Brown Declaration, ¶¶ 5-6, Exs. C, D, E; RJN ¶ 1-2, Ex. A, B (Dkt. 124, Exs. 1, 2).

21    This fact alone dooms the sufficiency of the February 2012 notice.

22          **2.**    **Plaintiffs Cannot Provide the Requisite Notice for Wong and**

23                   **Del Valle Because their PAGA Claims are Now Time-**

24                   **Barred.**

25          Plaintiffs' February 22, 2012 correspondence is the first time Plaintiffs

26    mention either Del Valle or Wong to the LWDA. Indeed, in that correspondence,

27    Plaintiffs concede that the February 28, 2011 notice was sent on behalf of Plaintiff

28

1   Pineda alone. RJN ¶ 2, Ex. B (Dkt. No. 124, Ex. 2) ("Our firm submitted a letter

2   dated February 28, 2011, to the LWDA providing notice pursuant to Labor Code

3   § 2699.3, that our client, *Mr. Juan Pineda*, would be pursuing claims under the

4   Private Attorney [sic] General Act of 2004...."; making no mention of any notices

5   previously sent by either Plaintiff Del Valle or Plaintiff Wong) (emphasis added).

6        However, as of February 22, 2012, Plaintiffs Del Valle and Wong no longer

7   had any standing to seek PAGA penalties.  A one-year statute of limitations applies

8   in all PAGA actions, whether brought in state or federal court. *See Milligan v. Am.*

9   *Airlines, Inc.*, 327 Fed. App'x 694, 696 (9th Cir. 2009) ("We affirm the district

10  court's decision to deny [plaintiff] leave to amend her Complaint to add [PAGA]

11  claims under Sections 201 and 202.  [Plaintiff] sought leave to amend her

12  Complaint after California's one-year statute of limitations elapsed.").

13       None of the named Plaintiffs was employed by Defendant during the one

14  year preceding Plaintiffs' February 22, 2012 letter to the LWDA.[6]  As such, neither

15  Del Valle nor Wong had standing on February 22, 2012 to give timely notice of

16  purported Labor Code violations that give rise to PAGA penalties.[7]

### 3.   Plaintiffs Cannot Use the February 22, 2012 Exhaustion Notice to Cure Plaintiff Pineda's Original Defective Notice.

     Furthermore, not only are Plaintiffs Wong and Del Valle time-barred from now issuing their exhaustion notice to the LWDA, Plaintiff Pineda is similarly time-barred from curing his February 2011 letter.  The cure, if any is permitted for the PAGA notice here, must take place within the original one-year statute of limitations.  Plaintiffs "cannot take advantage of a relation-back doctrine to cure the

---

[6] During the meet and confer for the instant motion, Plaintiffs' counsel confirmed that, as of February 22, 2011, none of the named Plaintiffs was employed by the Defendant. *See* Brown Declaration, ¶¶ 3-4, Ex. B; RJN ¶ 4, Ex. D.

[7] On April 4, 2012, the LWDA responded to Plaintiffs' February 22, 2012 letter and stated that they did not intend to investigate the allegations. Brown Declaration, ¶ 7, Ex. F.

1  untimeliness of [their] claim[s], as the PAGA notice is a condition precedent to

2  filing suit." *Moreno v. Autozone, Inc.*, No. C05-04432 MJJ, 2007 WL 1650942, at

3  *4 (N.D. Cal. Jun. 5, 2007).

4      Therefore, even if the Court were to rely on the February 22, 2012 to allow

5  Plaintiff Pineda to pursue his claim for PAGA penalties, that notice is untimely

6  because the alleged cure it provides comes too late.

7      **4.      Plaintiff's February 22, 2012 Letter Still Does Not Meet the**

8             **Requisite "Facts and Theories" Standard.**

9      Finally, even if all Plaintiffs had standing to "cure" in February 2012 (which

10  they do not), and even if they properly "cured" it (which they did not because it was

11  not sent via certified mail to the Defendant), the same problems that plagued

12  Plaintiff Pineda's original PAGA notice are apparent in the attempted revision sent

13  in February 2012.

14      Like the exhaustion notice deemed insufficient in *Archila*, Plaintiffs'

15  February 2012 notice "merely lists several California Labor Code provisions [that

16  Plaintiffs] allege[] [Defendant] violated…" *Archila*, 420 Fed. App'x at 668; Dkt.

17  No. 124, Ex. 2.  Though Plaintiffs elaborate at some length about Plaintiff Pineda's

18  previous notice and the consolidation of Plaintiffs' separate lawsuits, Plaintiffs

19  neglect to make any mention of the "facts and theories [] support[ing] the alleged

20  [Labor Code] violation[s]." Cal. Lab. Code § 2699.3(a)(1).  Absence of such facts

21  and theories renders Plaintiffs' second (and, untimely) attempt at revisions

22  insufficient as a matter of law.

23      **5.      Plaintiffs' Attempt to Explain their Belated Action is to No**

24             **Avail.**

25      Plaintiffs cannot artfully argue their way around their failure to comply with

26  the administrative exhaustion requirements of PAGA.

27      First, they simply ignore the requirement that the notice must be provided to

28

1   the Defendant "by certified mail."

2       Second, they misrepresent the reason for the purported "cure."  During the

3   meet and confer process, Plaintiffs' counsel asserted that the only reason the

4   second, February 2012 notice was sent was because the LWDA did not respond to

5   Plaintiff Pineda's February 2011 notice. *See* Brown Declaration, ¶ 3-4, Ex. B; RJN

6   ¶ 2, Ex. B (Dkt. No. 124, Ex. 2).  That assertion is not correct.

7       The LWDA responded to Plaintiff Pineda's February 2011 letter on June 13,

8   2011. *See* Brown Declaration, ¶ 7, Ex. G; RJN, ¶ 5, Ex. E.  LWDA's response was

9   sent by certified mail to Plaintiffs' counsel, Tom Falvey.  *Id.*  Tellingly, the LWDA

10  understood Plaintiff Pineda's original notice to be just that -- a notice on behalf of

11  Juan Pineda.  *See* LWDA response, indication of "Employee(s): Juan Pineda"; *See*

12  Brown Declaration, ¶ 7, Ex. G; RJN, ¶ 5, Ex. E; RJN ¶ 2, Ex. B (Dkt. No. 124, Ex.

13  2).

14      Therefore, only one viable explanation for the second notice exists:  by

15  sending the second letter, Plaintiffs implicitly recognized that the February 2011

16  letter was insufficient.

17      Plaintiffs' second attempt at compliance is time-barred and no amendment

18  can resurrect their PAGA claims.

19  **G.   At Minimum, Judgment for the Defendant is Proper As To PAGA**

20          **Penalties That Are Based On Labor Code Provisions Not**

21          **Specifically Referenced In Plaintiff Pineda's Exhaustion Notice.**

22      Even if the Court were to consider Plaintiff Pineda's February 2011 letter to

23  constitute sufficient notice under PAGA, at a minimum judgment for Defendant is

24  proper as to penalties based on claims not listed in that letter.

25      Under the PAGA statute, an individual seeking penalties must "give written

26  notice by certified mail to the [LWDA] and the employer of the *specific provisions*

27  *of this code alleged to have been violated*...."  Cal. Lab. Code § 2699.3(a)(1)

28

1    (emphasis added); *see also id.* at § 2699.3(b)(1).  It necessarily follows that any

2    claims for penalties based on Labor Code provisions other than those specifically

3    referenced in a plaintiff's exhaustion notice are impermissibly overbroad.

4         Plaintiffs' complaint seeks PAGA penalties based on alleged violations of

5    several Labor Code provisions – sections 201, 202, 203, 204, 210, 216, 225.5,

6    226.3, 450, 512, 558, and 1194.  *See* CCAC. at 16.  However, the February 2011

7    letter does not list Sections 210, 216, 225.5, 226.3, 450,[8] or 558.  No penalties or

8    recovery can be permitted under PAGA for purported violations of those

9    provisions.

10        Thus, at a minimum Defendant is entitled to judgment as to PAGA claims

11   based on alleged violations of provisions not specifically referenced in the letter –

12   i.e., Labor Code sections 210, 216, 225.5, 226.3, 450, and 558.[9]

13   **IV.   CONCLUSION**

14        Neither Plaintiff Pineda's February 2011 letter to the LWDA nor the

15   Plaintiffs' February 2012 letter to the LWDA is a proper and legally sufficient

16   notice of the intent to pursue PAGA civil penalties.  Because Plaintiffs did not

17   timely exhaust their administrative remedies under PAGA; and because Plaintiffs

18   cannot cure this defect under the one year statute of limitation, Plaintiffs' PAGA

19

20   [8] In their PAGA status report, Plaintiffs acknowledge that they "erroneously
     included Labor Code section 450 in their complaint[,]" and that they are "not
21   seeking penalties for a violation of Labor Code section 450."  Out of abundance of
     caution, Defendant seeks judgment as to PAGA claims based on alleged violations
22   of this Labor Code provision as well.
     [9] In both their PAGA status report and February 22, 2012 letter to the LWDA,
23   Plaintiffs claim that they are pursuing PAGA penalties based on alleged violations
     of IWC Wage Order 4-2011.  *See, e.g.,* RJN ¶ 2, Ex. B (Dkt. No. 124, Ex. 2).
24   However, as Plaintiffs failed to reference the Wage Order in their PAGA cause of
     action, (*see* Compl. at 16), any attempt to pursue PAGA claims based on that Wage
25   Order is outside the scope of the pleadings.  Moreover, amendment would be futile
     in light of *Thurman v. Bayshore Transit Mgmt., Inc.,* 203 Cal. App. 4th 1112
26   (2012), which held that PAGA does not permit civil penalties for alleged violations
27   of Wage Orders.

28

1   claim fails as a matter of law.  Defendant respectfully requests that the Court grant

2   its Motion For Judgment on the Pleadings in its entirety.

3

4   Dated:   April 18, 2012               PAUL HASTINGS LLP

5                                         By:   /s/Elizabeth A. Brown
                                                ELIZABETH A. BROWN

6                                         Attorneys for Defendant
7                                         AT&T Mobility Services LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28