GEORGE W. ABELE (SB# 149846)
georgeabele@paulhastings.com
ELIZABETH A. BROWN (SB# 235429)
elizabethbrown@paulhastings.com
RYAN J. CRAIN (SB# 266172)
ryancrain@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
AT&T MOBILITY SERVICES LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WONG, an individual, JUAN PINEDA, an individual, RONALD DEL VALLE, an individual, on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T MOBILITY SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10,<br><br>Defendants. | CASE NO. CV 10-8869-GW(FMOx) consolidated with CV 11-1768 GW (FMOx)<br><br>**DECLARATION OF ELIZABETH A. BROWN IN SUPPORT OF DEFENDANT AT&T MOBILITY SERVICES LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: May 24, 2012<br>Time: 8:30 a.m.<br>Courtroom: 10<br>Judge: Hon. George Wu<br><br>Action Removed: November 18, 2010<br>Trial Date: None Set |

CASE NO. CV 10-8869-GW(FMOX)
CONSOLIDATED WITH CV 11-1768 GW (FMOX)

LEGAL_US_W # 70830508.3

DECLARATION OF E. BROWN IN SUPPORT
OF DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

# DECLARATION OF ELIZABETH A. BROWN

I, Elizabeth A. Brown, declare and state as follows:

1.     I am an associate with the law firm of Paul Hastings LLP, attorneys of record for Defendant AT&T Mobility Services LLC ("Defendant") in the above-captioned action, and am admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called upon to do so, could and would testify competently thereto.

2.     On February 29, 2012, I sent a detailed meet and confer correspondence to Plaintiffs' counsel, explaining why Plaintiffs failed to exhaust their administrative remedies and requesting the dismissal of the California Private Attorneys General Act ("PAGA") cause of action. Attached hereto as Exhibit A is a true and correct copy of Defendant's February 29, 2012 letter.

3.     On March 9, 2012, I further discussed Defendant's positions with Plaintiffs' counsel Michael S. Morrison during a lengthy telephonic meet and confer. During our discussion, Plaintiffs' counsel took the position that the only reason the second, February 2012 notice was sent was because the California Labor and Workforce Development Agency ("LWDA") did not respond to Plaintiff Pineda's February 2011 notice. Plaintiffs' counsel also confirmed that, as of February 22, 2011, none of the named Plaintiffs was employed by the Defendant.

4.     I summarized the substance of our March 9, 2012 meet and confer in an email that I sent on March 10, 2012 to Mr. Morrison. Mr. Morrison provided his input regarding my summary in a March 12, 2012 email response sent to myself

1    and his co-counsel.  Attached hereto as Exhibit B is a true and correct copy of the

2    aforementioned email exchange.

3

4         5.    On March 12, 2012, I extended my efforts to meet and confer to an

5    email, requesting Plaintiffs' counsel to provide copies of the certified mail receipt

6    showing that the February 2011 and February 2012 PAGA notices were sent to the

7    Defendant by certified mail.  Attached hereto as Exhibit C is a true and correct copy

8    of my March 12, 2012 email.

9

10        6.    On March 13, 2012, Plaintiffs' counsel provided to the Defendant a

11    copy of the certified mail receipt for the second, February 2012 correspondence in

12    an email attachment.  That receipt indicates that this second LWDA letter was sent

13    by certified mail to the LWDA but not to the Defendant (or the Defendant's counsel

14    of record).  Attached hereto as Exhibit D is a true and correct copy of Plaintiff's

15    March 13, 2012 email to me.  Attached hereto as Exhibit E is a true and correct

16    copy of the February 2012 correspondence and certified mail receipt for the

17    February 2012 correspondence attached to Plaintiff's email.

18

19        7.    In April 2012, we received the LWDA's response to Plaintiffs'

20    February 22, 2012 letter, which states that they did not intend to investigate the

21    allegations.  Attached hereto as Exhibit F is a true and correct copy of the LWDA's

22    response to Plaintiffs' February 22, 2012 letter.  In response to our offices Public

23    Records Act Request, the LWDA provided its June 13, 2011 response to Plaintiff

24    //

25    //

26    //

27    //

28

CASE NO. CV 10-8869-GW(FMOX)
CONSOLIDATED WITH CV 11-1768 GW (FMOX)

-2-

DECLARATION OF E. BROWN IN SUPPORT
OF DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

1    Juan Pineda's February 28, 2011 letter.  Attached hereto as Exhibit G is a true and

2    correct copy of the LWDA's response to Plaintiffs' February 28, 2011 letter.

3

4            I declare under penalty of perjury under the laws of the United States

5    and the state of California that the foregoing is true and correct.

6

7            Executed this 18th day of April, 2012 in Los Angeles, California.

8

9            _____

10                           Elizabeth A. Brown

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# PAUL
# HASTINGS

(213) 683-6323
elizabethbrown@paulhastings.com

February 29, 2012                                                                 36516.00194

**VIA E-MAIL AND U.S. MAIL**

Michael S. Morrison
Alexander Krakow & Glick LLP
401 Wilshire Blvd., Suite 1000
Santa Monica, CA 90401

Re:   *Jerry Wong v. AT&T Mobility Services LLC, Case No. CV 10-8869 GW*

Dear Mike:

This letter will serve as Defendant AT&T Mobility Services LLC's ("AT&T" or "Defendant") meet and confer effort in advance of its upcoming Motion for Judgment on the Pleadings to dismiss Plaintiffs' Sixth Cause of Action for penalties pursuant to the California Private Attorneys' General Act ("PAGA").

**Plaintiffs' PAGA Notice is Insufficient**

Plaintiffs cannot pursue their PAGA claim, on behalf of themselves or anybody else in this litigation, because the notice Plaintiff Juan Pineda submitted to the Labor Workforce Development Agency ("LWDA") in February 2011 is insufficient as a matter of law. By submitting a supplemental notice on February 22, 2012 — after the Court explained to Plaintiffs' counsel that a generic notice is insufficient — Plaintiffs tacitly acknowledge that the original notice is deficient.

- First, the February 2011 notice was submitted on behalf of one named Plaintiff only – Juan Pineda. Therefore, Plaintiffs Wong and Del Valle have not exhausted their administrative remedies under PAGA and are jurisdictionally barred from seeking penalties under that statute. *See* Cal. Lab. Code § 2699.3.

- Second, the February 2011 notice omits a number of the Labor Code provisions for which the operative complaint seeks penalties. Therefore, even as to Plaintiff Pineda, the notice is deficient for any alleged Labor Code violation that is not listed in the February 2011 notice. *See Swanson v. USProtect Corp.*, No. C 05-602 JF (HRL), 2007 WL 1394485, p. *6 (N.D. Cal. May 10, 2007) (administrative remedies not exhausted for provisions not listed in the LWDA letter).

- Third, even as to the specific Labor Code violations mentioned in the February 2011 letter, Plaintiff Pineda failed to exhaust his administrative remedies because the letter does not include the requisite recitation of "facts and theories to support the alleged violation." *See* Cal. Lab. Code §2699.3(a)(1). Without such facts and theories, notice is insufficient.

Before a private plaintiff can seek civil penalties pursuant to PAGA, he "must 'give written notice … to the [LWDA] and the employer of the specific provisions of [the California Labor Code] alleged to have been violated, including the facts and theories to support the alleged violations.'" *Archila v. KFC U.S. Properties, Inc.*, 420 Fed. Appx. 667 (9th Cir. 2011) (quoting Cal. Lab. Code §2699.3(a)(1)). "[C]ompliance with the pre-filing notice and exhaustion requirements of [PAGA] is mandatory." *Caliber*

EXHIBIT A
PAGE 4

PAUL
HASTINGS

Michael S. Morrison, Esq.
February 29, 2012
Page 2

*Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 384 (2005).  As demonstrated by the February 2011 correspondence between Juan Pineda and the LWDA, Plaintiffs failed to comply with the mandatory PAGA exhaustion requirements.[1]

**Plaintiffs' Attempted Revised Notice is Time-Barred**

Plaintiffs' belated attempt, on February 22, 2012, to fix the insufficient February 2011 notice is to no avail. Setting aside that this attempt was made only after Defendant demanded the production of the LWDA letters (see email from Elizabeth Brown to Mike Morrison on February 15, 2012) and after the Court explained the standards for the sufficiency of the notice, the statute of limitations on Plaintiffs' claims expired well before February 22, 2012.

Notice to the LWDA must be made within one year of the alleged violation(s).  Filing the complaint within the limitations period does not suffice if the LWDA notice has not been timely provided, because a compliant LWDA notice is a condition precedent to suit. *Martinez v. Antique & Salvage Liquidators, Inc.*, No. C-09-00997 HRL, 2011 WL 500029, p. *9 (N.D. Cal. Feb. 8, 2011) ("Because the LWDA notice is a condition precedent to suit, this notice must be given prior to the running of the statute of limitations.").  All three named Plaintiffs left Defendant's employ before February 22, 2011 – thus no violations against them could have occurred as of that day.  As such, they cannot assert PAGA penalties on their own or anybody else's behalf because their own PAGA claims are barred.

**Plaintiffs Must Dismiss Their PAGA Claims**

In their consolidated class action complaint, Plaintiffs represented to the Court that all three named Plaintiffs provided written notice to the LWDA and exhausted their administrative procedures. *See* complaint, ¶¶45, 47.  Plaintiffs and counsel knew that this representation was incorrect when made. Plaintiffs' absolute failure to comply with the jurisdictional requirements for bringing a PAGA claim, coupled with their willingness to misrepresent this fact to the Court, requires the immediate dismissal of their request for civil penalties under that statute.

Defendant requests that, within 5 days of the date of this letter, Plaintiffs notify us in writing that they will dismiss, with prejudice, Plaintiffs' Sixth Cause of Action under PAGA and withdraw all requests for civil penalties (whether sought on their own behalf or on behalf of other allegedly aggrieved employees) from this suit.  In the absence of such dismissal, Defendant will have no choice but to file its Motion for Judgment on the Pleadings.  Moreover, given the representations noted above, Defendant will be entitled to sanctions against Plaintiffs personally and against Plaintiffs' counsel.

---

[1] Additionally, to the extent Plaintiffs now propose to  pursue PAGA penalties with only Plaintiff Pineda acting as the representative employee, such action would be inconsistent with Plaintiffs' prior attempt to drop Pineda from this litigation because "Mr. Pineda would be a distraction to this case." *See* Dkt. 80.

EXHIBIT A
PAGE 5

# PAUL
# HASTINGS

Michael S. Morrison, Esq.
February 29, 2012
Page 3

We look forward to your response to this meet and confer correspondence, and are available to meet in person if you believe such a meeting would be fruitful.

Sincerely,

Elizabeth A. Brown
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc:    Jason M. Wucetich
       Dimitrios V. Korovilas
       Thomas W. Falvey
       J.D. Henderson
       Marvin Krakow

LEGAL_US_W # 70657785.2

EXHIBIT A
PAGE 6

# EXHIBIT B

**Gamino, Irma**

| | |
|---|---|
| **From:** | Michael S. Morrison [mmorrison@akgllp.com] |
| **Sent:** | Monday, March 12, 2012 9:49 AM |
| **To:** | Brown, Lisa A. (LA); 'JD'; 'Tom Falvey'; 'Dimitrios Korovilas'; jason@wukolaw.com |
| **Subject:** | RE: ATT/Wong - summary of telephonic meet and confer [PH-LEGAL_USW.FID320284] |

A few things.

On point two, our position is that the letter to the LWDA does not have to list each of the penalties you are seeking.  Instead, as long as you identify the Labor Code Provisions which have been violated, you can get all the penalties which flow from those violations.  A PAGA action is by definition an action for penalties.

Point number three is incorrect.  I think you confused different arguments.

With respect to point 6, our position is that the second notice is a supplemental notice – not a new notice.

On point 8, I am still perplexed why you could not state when you anticipate noticing the hearing.  You argument that "we have 6 lawyers on the case" is not a valid reason for forgoing basic courtesy and setting the hearing on a date when the attorneys handling the motion know they can be present.  There is no reason to hide the ball or be vague.  Providing the date in advance may help the parties avoid unnecessary work such as preparing a stipulation to move the hearing date if counsel is not available (as what occurred with your last PAGA motion).

Sincerely,
Michael S. Morrison.  **Of Counsel.**

mmorrison@akgllp.com
T: 310.394.0888
F: 310.394.0811

401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
www.akgllp.com

# ALEXANDER
# KRAKOW +
# GLICK LLP

Employee Justice.

*The contents of this e-mail are confidential and may contain attorney-client privileged information and/or work product.  If you have received this e-mail in error, please respond to the sender immediately*

EXHIBIT B
PAGE 7

*to so indicate, delete this email from your computer, and destroy any copies of this e-mail.  Thank you.*

**From:** Brown, Lisa A. (LA) [mailto:elizabethbrown@paulhastings.com]
**Sent:** Saturday, March 10, 2012 12:16 AM
**To:** Michael S. Morrison
**Subject:** ATT/Wong - summary of telephonic meet and confer [PH-LEGAL_USW.FID320284]

Mike,

Following up on our telephonic meet and confer on Friday, March 9, 2012, regarding Defendants' anticipated
Motion for Judgment on the Pleadings, please review the email below and let me know no later than noon on
Monday, March 12, 2012, whether you believe the summary below does not accurately reflect our conversation:

1.  Plaintiffs believe that one named Plaintiff - here, Juan Pineda - can exhaust administrative remedies for the
other named plaintiffs, and that even if one named plaintiff were dismissed, another could step in to carry on the
representative action.  You advised that there are "at least trial court level decisions" regarding this point.

2.  Plaintiffs disagree that the LWDA notice must list all the specific Labor Code provisions listed in the operative
complaint.  Plaintiffs also disagree that the February 2011 notice did not sufficiently describe the facts and
theories pursuant to which they seek PAGA penalties.

3.  Plaintiffs believe that even if the the February 2011 notice were somehow deficient, there was no prejudice to
the Defendant now that the Plaintiffs have provided the second notice and the explanation in their February 24,
2012 submission.

4.  In response to my comment that Mr. Pineda's notice was not produced in discovery or disclosed by the
Plaintiffs, you stated that the letter was sent to AT&T Mobility in February 2011 and, thus, Defendant has been
aware of what was in it prior to your February 2012 submission.

5.  You disagreed with our position that the second, February 2012, letter to the LWDA was an admission by the
Plaintiffs that the first letter was deficient.  Instead, you advised that Plaintiffs sent the second letter because the
LWDA did not respond to the February 2011 letter and Plaintiffs wanted to prompt LWDA into responding to that
first letter.

6.  You disagreed that the second notice was time barred, although you did agree that none of the named
Plaintiffs were employed by AT&T Mobility in February 2011.

7.  Plaintiffs do not agree that they misled the Court in their complaint and will not dismiss their PAGA claims.

8.  At the conclusion of our meet and confer call, I advised you that Defendant will be filing its Motion for
Judgment on the Pleadings shortly, and will notice it for hearing at the earliest possible date permitted by the
rules.  You asked whether we would be able to clear the hearing date with you first; I advised that we will not but
explained that if we file the motion next week, it will be set for hearing within the month.

Lisa

  **Elizabeth Brown | Associate, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles,
CA 90071 | Direct: +1.213.683.6323 | Main: +1.213.683.6000 | Fax:
+1.213.996.3323 | elizabethbrown@paulhastings.com |
www.paulhastings.com

**EXHIBIT B
PAGE 8**

*********************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. For additional information, please visit our website at www.paulhastings.com

No virus found in this message.
Checked by AVG - www.avg.com
Version: 10.0.1424 / Virus Database: 2113/4865 - Release Date: 03/11/12

EXHIBIT B
PAGE 9

**EXHIBIT C**

**Gamino, Irma**

| | |
|---|---|
| **From:** | Brown, Lisa A. (LA) [elizabethbrown@paulhastings.com] |
| **Sent:** | Monday, March 12, 2012 2:23 PM |
| **To:** | Michael S. Morrison |
| **Cc:** | Abele, George; Dimitrios Korovilas; jason@wukolaw.com; Tom Falvey; J. D. Henderson |
| **Subject:** | Wong et al. v. ATT Mobility Services LLC [PH-LEGAL_USW.FID320284] |

Mike,

Following up on our meet and confer conversation on Friday, as well as our discovery requests and my email request of February 15, 2012, by end of the day today please email to me a copy of the certified mail receipts for the February 2011 and February 2012 letters to AT&T Mobility, and the 2012 receipt for the LWDA letter.  Your February 24, 2012 status report to the Court contained a copy of the certified mail receipt for the LWDA 2011 letter, but no other receipt.

Thank you.

Lisa

PAUL
HASTINGS

**Elizabeth (Lisa) A. Brown | Associate, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6323 | Main: +1.213.683.6000 | Fax: +1.213.996.3323 | elizabethbrown@paulhastings.com | www.paulhastings.com

EXHIBIT C
PAGE 10

**EXHIBIT D**

**Gamino, Irma**

| | |
|---|---|
| **From:** | Michael S. Morrison [mmorrison@akgllp.com] |
| **Sent:** | Tuesday, March 13, 2012 9:55 AM |
| **To:** | Brown, Lisa A. (LA) |
| **Cc:** | Abele, George; 'Dimitrios Korovilas'; jason@wukolaw.com; 'Tom Falvey'; 'J. D. Henderson' |
| **Subject:** | RE: Wong et al. v. ATT Mobility Services LLC [PH-LEGAL_USW.FID320284] |
| **Attachments:** | PAGA ltr (Pineda).pdf |

Here is the certified mail receipt for the 2012 LWDA letter.

Sincerely,
Michael S. Morrison.  Of Counsel.

mmorrison@akgllp.com
T: 310.394.0888
F: 310.394.0811

401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
www.akgllp.com

# ALEXANDER
# KRAKOW +
# GLICK LLP

Employee Justice.

*The contents of this e-mail are confidential and may contain attorney-client privileged information
and/or work product.  If you have received this e-mail in error, please respond to the sender immediately
to so indicate, delete this email from your computer, and destroy any copies of this e-mail.  Thank you.*

**From:** Brown, Lisa A. (LA) [mailto:elizabethbrown@paulhastings.com]
**Sent:** Monday, March 12, 2012 2:23 PM
**To:** Michael S. Morrison
**Cc:** Abele, George; Dimitrios Korovilas; jason@wukolaw.com; Tom Falvey; J. D. Henderson
**Subject:** Wong et al. v. ATT Mobility Services LLC [PH-LEGAL_USW.FID320284]

Mike,

Following up on our meet and confer conversation on Friday, as well as our discovery requests and my
email request of February 15, 2012, by end of the day today please email to me a copy of the certified
mail receipts for the February 2011 and February 2012 letters to AT&T Mobility, and the 2012 receipt for
the LWDA letter.  Your February 24, 2012 status report to the Court contained a copy of the certified mail
receipt for the LWDA 2011 letter, but no other receipt.

Thank you.

Lisa

EXHIBIT D
PAGE 11



**Elizabeth (Lisa) A. Brown | Associate, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6323 | Main: +1.213.683.6000 | Fax: +1.213.996.3323 |
elizabethbrown@paulhastings.com | www.paulhastings.com

*******************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. For additional information, please visit our website at www.paulhastings.com

No virus found in this message.
Checked by AVG - www.avg.com
Version: 10.0.1424 / Virus Database: 2113/4866 - Release Date: 03/12/12

4/18/2012

**EXHIBIT D**
**PAGE 12**

**EXHIBIT E**

LAW OFFICES OF

# Thomas W. Falvey

Thomas W. Falvey
J.D. Henderson
Judy D. Jonas
Daniel O'Neil-Ortiz

301 NORTH LAKE AVENUE, SUITE 800  •  PASADENA, CALIFORNIA 91101  •  (626) 795 - 0205  •  WWW.FALVEYLAW.COM

February 22, 2012

**VIA CERTIFIED US MAIL, RETURN RECIEPT REQUESTED**

Labor and Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

RE:  Notice of PAGA Claims Pursuant to Labor Code § 2699.3

Dear Labor & Workforce Development Agency:

Our firm submitted a letter dated February 28, 2011, to the LWDA providing notice pursuant to Labor Code § 2699.3, that our client, Mr. Juan Pineda, would be pursuing claims under the Private Attorney General Act of 2004 ("PAGA") against his former employer, AT&T Mobility Services LLC ("AT&T"), on behalf of all current and former retail store managers ("RSMs") at AT&T in California.  His claims are based on AT&T's state-wide unlawful misclassification of Mr. Pineda and all other California RSMs as exempt from the overtime laws.

The LWDA did not respond to our February 28, 2011 letter.  In an abundance of caution, pursuant to Labor Code § 2699.3 we hereby notify the LWDA that Mr. Pineda's subsequently-filed lawsuit, in which former AT&T employee Mr. Ronald Del Valle is a co-plaintiff, has since been consolidated by order of the United States District Court, Central District of California, with a similar action filed by another former AT&T employee, Mr. Jerry Wong.  Pursuant to the Court's order, Messrs. Pineda, Del Valle, and Wong filed a joint consolidated complaint against AT&T on March 23, 2011.  The consolidated case is styled as *Wong, Pineda, and Del Valle, on behalf of themselves, all others similarly situated, and the general public, v. AT&T Mobility Services LLC, et. al*, Case No. 10-8869 GW (FMOx) (C.D. Cal.).

As we explained in our earlier letter, the claims are based on the fact that AT&T has, among other things, improperly classified all RSMs as non-exempt from California and federal laws pertaining to overtime and hours worked, even though they do not meet the requirements for any exemption as set forth in the relevant Industrial Commission Wage Orders and federal statutes and regulations.  AT&T's acts give rise to, *inter alia*, the following violations: failure to pay overtime compensation (Labor Code § 1194); failure to pay meal and rest period compensation (Labor Code § 226.7, 512); waiting time penalties (Labor Code § 203); failure to pay all wages due on a pay period (Labor Code § 204); failure to provide accurate itemized wage statements (Labor Code § 226); and failure to pay all wages due at the time of separation (Labor Code §§ 201-203).

EXHIBIT E
PAGE 13

Labor and Workforce Development Agency
February 22, 2012
Page 2

Our clients, who are each "aggrieved employees" within the meaning of the Labor Code, intend to seek all penalties that are available for the above-described violations. The specific statutes for which penalties may be obtained for the violations of the laws identified above include the following: (1) Failure to pay overtime, Labor Code §§ 225.5 (based on AT&T's willful withholding of wages due to employees in violation of Labor Code §216), 558, 2699(f), as well as IWC Wage Order 4-2011, paragraph 20; (2) Meal and rest period violations, Labor Code §§ 558 and 2699(f), as well IWC Wage Order 4-2011, paragraph 20; (3) Providing inaccurate wage statements, Cal. Labor Code §§ 226(e), 226.3 and 2699(f) (for violations of § 226(a) without a showing of injury required), as well as IWC Wage Order 4-2011, paragraph 20; (4) Failure to pay all wages due by the appropriate pay period, Labor Code §§ 210 and 2699(f), as well IWC Wage Order 4-2011, paragraph 20; and (5) Failure to pay all wages due at the time of separation, Labor Code §§ 203 and 2699(f). In addition, our clients seek unpaid wages on behalf of all RSMs in California pursuant to Labor Code section 558(a)(3).

Our clients' PAGA claim asserted in their consolidated complaint identifies the following statutes as being violated: Labor Code §§ 201-203, 204, 210, 216, 225.5, 226.3, 512, 558 and 1194, as well as IWC Wage Order 4-2011, paragraph 20. The complaint specifies that our clients will be seeking penalties in accordance with Labor Code §§ 2698 and 2699, and that they should be awarded 25% of all penalties recovered.

As set forth in our original letter, according to the California Secretary of State's website, the agent for service of process on AT&T is

CT Corporation
1205 Lenox Park Blvd. NE Ste 5D46
Atlanta, Georgia 30319

AT&T is currently represented by George Abele, Esq. at Paul Hastings LLP, 515 S. Flower St., 25th Floor, Los Angeles, CA 90071. We are copying him on this letter.

Because the LWDA has not notified us otherwise, we understand that the LWDA will not itself be investigating this matter further. Please advise us if you have any questions or concerns. Our contact information is above.

Very truly yours,

J.D. Henderson
Attorney at Law

JDH: dk, mm
Enclosures: n/a
cc: George Abele

EXHIBIT E
PAGE 14

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To
*Labor and Workforce Development Agency*
Street, Apt. No.; or PO Box No. *800 Capitol Mall, MIC-55*
City, State, ZIP+4 *Sacramento, CA 95814*

PS Form 3800, January 2001          See Reverse for Instructions

7002 0510 0003 2043 2702

**EXHIBIT E**
**PAGE 15**

**EXHIBIT F**



STATE OF CALIFORNIA
## Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

April 04, 2012                                                          **CERTIFIED MAIL**

Law Offices of Thomas W. Falvey
301 North Lake Avenue, Suite 800
Pasadena, CA 91101

RE: Employer:    AT&T Mobility Services LLC c/o Paul Hastings LLP
RE: Employee(s): Juan Pineda, Ronald Del Valle and Jerry Wong
RE: LWDA No:    7812.1

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked February 22, 2012, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "…civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

*Doug Hoffner*

Doug Hoffner
Undersecretary

Cc:   AT&T Mobility Services LLC c/o Paul Hastings LLP
      515 S. Flower Street, 25th Floor
      Los Angeles, CA 90071



State of California
Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

25

RECEIVED
APR 11 2012
Paul Hastings
CALENDAR DEPT.

7011 2970 0000 0619 0445

CERTIFIED MAIL

UNITED STATES POSTAGE
02 1P                    $ 003.40
0003116804    APR 06 2012
MAILED FROM ZIP CODE 95814

500713:2229 C027

LWDA 7812.1

Paul Hastings LLP
515 S. Flower Street, 25th floor
Los Angeles, CA 90071

EXHIBIT F
PAGE 17



Office/Bldg
/
Deliver To
(Floor / Room)

psship
Received
Apr 9, 2012
13:01

Docket Dept.

Sender
State of C...

INB0003768

Signature Required

7011 2970 0000 0619 0445

**EXHIBIT G**



**STATE OF CALIFORNIA**
## Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. · SECRETARY Marty Morgenstern

**RECEIVED**

MAR 0 2 2012

**PAUL, HASTINGS**

Agricultural Labor Relations Board · California Unemployment Insurance Appeals Board
California Workforce Investment Board · Department of Industrial Relations
Employment Development Department · Employment Training Panel

February 29, 2012

Elizabeth A. Brown
Paul Hastings LLP
515 South Flower Street
25th Floor
Los Angeles, CA 90071

Dear Ms. Brown:

Re:   California Public Records Act Request

On February 27, 2012, the Labor and Workforce Development Agency (LWDA)
received your Public Records Act Request for the following documents:

"...any and all correspondence ... and/or files held by your Agency related to
claims under ... California Labor Code § 2699 *et seq*, by ... Jerry Wong ... Juan
Pineda ... and/or Ronald Del Valle against AT&T Mobility Services, LLC."

The number of pages copied to fulfill your request for the documents totaled 3
pages. The duplication cost is $.10 per page with any amount that totals less
than $2.00 being free of charge. There will be no charge for your request.

If you have any questions, please contact me at (916) 653-9900.

Sincerely,

April Kleine
Public Records Act Coordinator

Enclosure

**EXHIBIT G
PAGE 19**

7812

LAW OFFICES OF
# THOMAS W. FALVEY

301 NORTH LAKE AVENUE, SUITE 800
PASADENA, CALIFORNIA 91101
(626) 795-0205

February 28, 2011

**VIA CERTIFIED MAIL**

RECEIVED

Labor and Work Force Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

MAR 02 20

State of California
Labor & Workforce Developm

RE: *Notice of PAGA Claims Pursuant to Labor Code § 2699.3*

To Whom It May Concern:

Pursuant to the Private Attorney General Act of 2004, Mr. Juan Pineda is an aggrieved employee and intends to file a civil action on behalf of all current and former Retail Sales Managers ("RSM") of AT&T Mobility Services LLC ("AT&T"). According to the California Secretary of State's website, the address for service of process for AT&T is CT CORPORATION SYSTEM (C0168406), 1025 LENOX PARK BLVD NE STE 5D46, ATLANTA GA 30319.

This action will be based on the fact that AT&T, among other things, has: (1) improperly classified all RSMs as non-exempt from California and federal laws pertaining to overtime, even though they do not meet the requirements for any exemption as set forth in the relevant Industrial Commission Wage Orders and federal statutes and regulations; (2) failed to provide meal and rest periods as required by law; (3) failed to pay all wages due upon termination and resignation; and (4) failed to provide accurate wage statements. The employer's acts give rise to the following violations: meal and rest period violations (L.C. §§ 226.7, 512); loss of overtime (L.C. §1194); providing inaccurate wage statements (L.C. §226); failure to pay all wages due on a pay period (L.C. §204); and failure to pay all wages due at the time of separation (L.C. §§201-203).

We respectfully request the LWDA notify this office within thirty (30) days if it wishes to investigate further. Should you have any questions or concerns, please do not hesitate to contact the undersigned. Our contact information is above.

Sincerely,

LAW OFFICES OF THOMAS W. FALVEY

J.D. Henderson, Esq.
Attorneys for Herman Lu

cc: AT&T Mobility Services, LLC

**EXHIBIT G**
**PAGE 20**



7008 3230 0002 3103 2635

LAW OFFICES OF
THOMAS W. FALVEY
301 NORTH LAKE AVENUE, SUITE 800
PASADENA, CALIFORNIA 91101

Labor and Work Force Development
801 K Street, Suite 2101
Sacramento, CA 95814

RECEIVED

MAR 0 2 2011

State of California
Labor & Workforce Development Agency

95814413521

EXHIBIT G
PAGE 21



STATE OF CALIFORNIA
## Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

June 13, 2011                                                    **CERTIFIED MAIL**

Law Offices of Thomas W. Falvey
301 North Lake Avenue, Suite 800
Pasadena, CA 91101

RE: Employer:     AT&T Mobility Services, LLC
RE: Employee(s): Juan Pineda
RE: LWDA No:     7812

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked February 28, 2011, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "...civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

Doug Hoffner
Undersecretary

Cc:   AT&T Mobility Services, LLC
      5565 Glenridge Connector
      Atlanta, GA 30342

801 K Street, Suite 2101 • Sacramento, California 95814 • TEL (916) 327.9064 • FAX (916) 327.9158 • www.labor.ca.gov

EXHIBIT G
PAGE 22