GEORGE W. ABELE (SB# 149846)
georgeabele@paulhastings.com
ELIZABETH A. BROWN (SB# 235429)
elizabethbrown@paulhastings.com
RYAN J. CRAIN (SB# 266172)
ryancrain@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
AT&T MOBILITY SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WONG, an individual, JUAN PINEDA, an individual, RONALD DEL VALLE, an individual, on behalf of themselves, all others similarly situated and the general public,<br><br>        Plaintiffs,<br><br>vs.<br><br>AT&T MOBILITY SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10,<br><br>        Defendants. | CASE NO. CV 10-8869-GW(FMOx) consolidated with CV 11-1768 GW (FMOx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT AT&T MOBILITY SERVICES LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:      May 24, 2012<br>Time:     8:30 a.m.<br>Courtroom:  10<br>Judge:    Hon. George Wu<br><br>Action Removed: November 18, 2010<br>Trial Date:  None Set |

CASE NO. CV 10-8869-GW(FMOX)
CONSOLIDATED WITH CV 11-1768 GW (FMOX)
LEGAL_US_W # 70830606.3

RJN IN SUPPORT OF DEFENDANT'S
MOTION FOR JUDGMENT ON THE
PLEADINGS

1          Defendant AT&T Mobility Services LLC ("Defendant"), by and

2  through its attorneys of record, hereby requests that the Court take judicial notice,

3  pursuant to Federal Rule of Evidence 201, of the following facts:

4

5       1.    On February 28, 2011, Plaintiff Juan Pineda sent a letter via certified

6  mail to the LWDA setting forth his purported claims against Defendant AT&T

7  Mobility Services, LLC. *See* Plaintiffs' Status Report Re: Scope of PAGA Claims

8  Dkt. 124, Ex. 1, attached as Exhibit A hereto. Judicial notice of this fact and

9  document is proper because Exhibit A was filed with this Court and is part of the

10  "records" and/or "court proceedings" that are proper subjects of judicial notice

11  under Rule 201(b) of the Federal Rules of Evidence. *See also Lee v. City of Los*

12  *Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

13

14       2.    On February 22, 2012, Plaintiffs Juan Pineda, Jerry Wong and Ronald

15  Del Valle sent a letter via certified mail to the LWDA setting forth their purported

16  claims against Defendant AT&T Mobility Services, LLC. *See* Plaintiffs' Status

17  Report Re: Scope of PAGA Claims Dkt. 124, Ex. 2, attached as Exhibit B hereto.

18  Judicial notice of this fact and document is proper because Exhibit B was filed with

19  this Court and is part of the "records" and/or "court proceedings" that are proper

20  subjects of judicial notice under Rule 201(b) of the Federal Rules of Evidence. *See*

21  *also Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

22       3.    Neither the February 28, 2011 nor the February 22, 2012 letters were

23  sent to Defendant AT&T Mobility via certified mail. *See* email correspondence

24  from Plaintiff's counsel Michael Morrison to Defendant's counsel Elizabeth Brown

25  indicating that Plaintiffs provided to Defendant all certified mail records for the

26  February 28, 2011 and February 22, 2012 correspondence, none of which includes a

27  certified mail receipt for Defendant, attached hereto as Exhibit C. Judicial notice of

28  this fact is proper because whether notices were sent to the Defendant by certified

CASE NO. CV 10-8869-GW(FMOX)
CONSOLIDATED WITH CV 11-1768 GW (FMOX)
LEGAL_US_W # 70830606.3

-1-

RJN IN SUPPORT OF DEFENDANT'S
MOTION FOR JUDGMENT ON THE
PLEADINGS

1  mail is a fact not "subject to reasonable dispute" and "capable of accurate and ready

2  determination by resort to sources whose accuracy cannot reasonably be

3  questioned." Fed. R. Evid. 201(b).

4        4.    Plaintiffs Jerry Wong, Ronald Del Valle, and Juan Pineda were no

5  longer employed by Defendant as of February 22, 2011. Judicial notice of this fact

6  is proper because this fact is not "subject to reasonable dispute" and is "capable of

7  accurate and ready determination by resort to sources whose accuracy cannot

8  reasonably be questioned." Fed. R. Evid. 201(b). Specifically, this fact is not

9  subject to reasonable dispute because Plaintiff's counsel has acknowledged that

10  were no longer employed by Defendant as of February 22, 2011 in open court on

11  April 5, 2012, as well as by confirming Defendant counsel's email dated March 10,

12  2012, attached hereto as Exhibit D, together with the March 12, 2012 response.

13

14        5.    On June 13, 2011, the LWDA responded to Plaintiff Juan Pineda's

15  February 2011 letter. *See* letter from LWDA responding to a Public Records Act

16  Request and enclosing LWDA's June 13, 2011 response to Plaintiff Juan Pineda's

17  February 2011 letter, attached hereto as Exhibit E. Judicial notice of this fact and

18  document is proper because the fact of LWDA's response is not "subject to

19  reasonable dispute" and is "capable of accurate and ready determination by resort to

20  sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b);

21  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("documents whose contents

22  are alleged in a complaint and whose authenticity no party questions, but which are

23  not physically attached to the [plaintiffs'] pleading.") (citations and quotations

24  omitted); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (the court

25  "may treat such a document as part of the complaint, and thus may assume that its

26  contents are true for purposes of a motion to dismiss.")

27        Based upon the foregoing, Defendant respectfully requests that the

28

1  Court take judicial notice of the facts and documents listed above and attached

2  hereto.

3

   DATED: April 18, 2012                    PAUL HASTINGS LLP
4

5
                                            By:_____/s/ Elizabeth A. Brown_____
6                                                    ELIZABETH A. BROWN

7                                           Attorneys for Defendant
                                            AT&T MOBILITY SERVICES LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# EXHIBIT 1

EXHIBIT A
PAGE 4

LAW OFFICES OF

# THOMAS W. FALVEY

301 NORTH LAKE AVENUE, SUITE 800
PASADENA, CALIFORNIA 91101
(626) 795-0205

February 28, 2011

**VIA CERTIFIED MAIL**

Labor and Work Force Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

RE: *Notice of PAGA Claims Pursuant to Labor Code § 2699.3*

To Whom It May Concern:

Pursuant to the Private Attorney General Act of 2004, Mr. Juan Pineda is an aggrieved employee and intends to file a civil action on behalf of all current and former Retail Sales Managers ("RSM") of AT&T Mobility Services LLC ("AT&T"). According to the California Secretary of State's website, the address for service of process for AT&T is CT CORPORATION SYSTEM (C0168406), 1025 LENOX PARK BLVD NE STE 5D46, ATLANTA GA 30319.

This action will be based on the fact that AT&T, among other things, has: (1) improperly classified all RSMs as non-exempt from California and federal laws pertaining to overtime, even though they do not meet the requirements for any exemption as set forth in the relevant Industrial Commission Wage Orders and federal statutes and regulations; (2) failed to provide meal and rest periods as required by law; (3) failed to pay all wages due upon termination and resignation; and (4) failed to provide accurate wage statements. The employer's acts give rise to the following violations: meal and rest period violations (L.C. §§ 226.7, 512); loss of overtime (L.C. §1194); providing inaccurate wage statements (L.C. §226); failure to pay all wages due on a pay period (L.C. §204); and failure to pay all wages due at the time of separation (L.C. §§201-203).

We respectfully request the LWDA notify this office within thirty (30) days if it wishes to investigate further. Should you have any questions or concerns, please do not hesitate to contact the undersigned. Our contact information is above.

Sincerely,

LAW OFFICES OF THOMAS W. FALVEY

J.D. Henderson, Esq.
Attorneys for Herman Lu

cc: AT&T Mobility Services, LLC

**EXHIBIT A**
**PAGE 5**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Labor and Wage Force Develop-
ment Agency
801 K Street, Suite 2101
Sacramento, CA 95814

COMPLETE THIS SECTION ON DELIVERY

A. Signature
  ☐ Agent
  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
  ☐ Certified Mail   ☐ Express Mail
  ☐ Registered       ☐ Return Receipt for Merchandise
  ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7008 3230 0002 3003 2635

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

EXHIBIT A
PAGE 6



EXHIBIT A
PAGE 7

**EXHIBIT B**

Case 2:10-cv-08869-GW-FMO   Document 131   Filed 04/18/12   Page 11 of 30   Page ID
#:5528
Case 2:10-cv-08869-GW  -FMO   Document 124   Filed 02/24/12   Page 10 of 13   Page ID
#:5449

# EXHIBIT 2

EXHIBIT B
PAGE 8

LAW OFFICES OF

# THOMAS W. FALVEY

THOMAS W. FALVEY
J.D. HENDERSON
JUDY D. JONAS
DANIEL O'NEIL-ORTIZ

301 NORTH LAKE AVENUE, SUITE 800  •  PASADENA, CALIFORNIA 91101  •  (626) 795 - 0205  •  WWW.FALVEYLAW.COM

February 22, 2012

**VIA CERTIFIED US MAIL, RETURN RECIEPT REQUESTED**

Labor & Work Force Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

      RE:  Notice of PAGA Claims Pursuant to Labor Code § 2699.3

Dear Labor & Work Force Development Agency:

      Our firm submitted a letter dated February 28, 2011, to the LWDA providing notice pursuant to Labor Code § 2699.3, that our client, Mr. Juan Pineda, would be pursuing claims under the Private Attorney General Act of 2004 ("PAGA") against his former employer, AT&T Mobility Services LLC ("AT&T"), on behalf of all current and former retail store managers ("RSMs") at AT&T in California.  His claims are based on AT&T's state-wide unlawful misclassification of Mr. Pineda and all other California RSMs as exempt from the overtime laws.

      The LWDA did not respond to our February 28, 2011 letter.  In an abundance of caution, pursuant to Labor Code § 2699.3 we hereby notify the LWDA that Mr. Pineda's subsequently-filed lawsuit, in which former AT&T employee Mr. Ronald Del Valle is a co-plaintiff, has since been consolidated by order of the United States District Court, Central District of California, with a similar action filed by another former AT&T employee, Mr. Jerry Wong.  Pursuant to the Court's order, Messrs. Pineda, Del Valle, and Wong filed a joint consolidated complaint against AT&T on March 23, 2011.  The consolidated case is styled as *Wong, Pineda, and Del Valle, on behalf of themselves, all others similarly situated, and the general public, v. AT&T Mobility Services LLC, et. al*, Case No. 10-8869 GW (FMOx) (C.D. Cal.).

      As we explained in our earlier letter, the claims are based on the fact that AT&T has, among other things, improperly classified all RSMs as non-exempt from California and federal laws pertaining to overtime and hours worked, even though they do not meet the requirements for any exemption as set forth in the relevant Industrial Commission Wage Orders and federal statutes and regulations.  AT&T's acts give rise to, *inter alia*, the following violations: failure to pay overtime compensation (Labor Code § 1194); failure to pay meal and rest period compensation (Labor Code § 226.7, 512); waiting time penalties (Labor Code § 203); failure to pay all wages due on a pay period (Labor Code § 204); failure to provide accurate itemized wage statements (Labor Code § 226); and failure to pay all wages due at the time of separation (Labor Code§§ 201-203).

EXHIBIT B
PAGE 9

Case 2:10-cv-08869-GW-FMO   Document 131   Filed 04/18/12   Page 13 of 30   Page ID
#:5530
Case 2:10-cv-08869-GW -FMO   Document 124   Filed 02/24/12   Page 12 of 13   Page ID
#:5451

Labor and Workforce Development Agency
February 22, 2012
Page 2

Our clients, who are each "aggrieved employees" within the meaning of the Labor Code, intend to seek all penalties that are available for the above-described violations. The specific statutes for which penalties may be obtained for the violations of the laws identified above include the following: (1) Failure to pay overtime, Labor Code §§ 225.5 (based on AT&T's willful withholding of wages due to employees in violation of Labor Code §216), 558, 2699(f), as well as IWC Wage Order 4-2011, paragraph 20; (2) Meal and rest period violations, Labor Code §§ 558 and 2699(f), as well IWC Wage Order 4-2011, paragraph 20; (3) Providing inaccurate wage statements, Cal. Labor Code §§ 226(e), 226.3 and 2699(f) (for violations of § 226(a) without a showing of injury required), as well as IWC Wage Order 4-2011, paragraph 20; (4) Failure to pay all wages due by the appropriate pay period, Labor Code §§ 210 and 2699(f), as well IWC Wage Order 4-2011, paragraph 20; and (5) Failure to pay all wages due at the time of separation, Labor Code §§ 203 and 2699(f).  In addition, our clients seek unpaid wages on behalf of all RSMs in California pursuant to Labor Code section 558(a)(3).

Our clients' PAGA claim asserted in their consolidated complaint identifies the following statutes as being violated: Labor Code §§ 201-203, 204, 210, 216, 225.5, 226.3, 512, 558 and 1194, as well as IWC Wage Order 4-2011, paragraph 20.  The complaint specifies that our clients will be seeking penalties in accordance with Labor Code §§ 2698 and 2699, and that they should be awarded 25% of all penalties recovered.

As set forth in our original letter, according to the California Secretary of State's website, the agent for service of process on AT&T is

CT Corporation
1205 Lenox Park Blvd. NE Ste 5D46
Atlanta, Georgia 30319

AT&T is currently represented by George Abele, Esq. at Paul Hastings LLP, 515 S. Flower St., 25th Floor, Los Angeles, CA 90071.  We are copying him on this letter.

Because the LWDA has not notified us otherwise, we understand that the LWDA will not itself be investigating this matter further.  Please advise us if you have any questions or concerns. Our contact information is above.

Very truly yours,

J.D. Henderson
Attorney at Law

JDH: dk, mm
Enclosures: n/a
cc: George Abele

EXHIBIT B
PAGE 10

**EXHIBIT C**

**Gamino, Irma**

| | |
|---|---|
| **From:** | Michael S. Morrison [mmorrison@akgllp.com] |
| **Sent:** | Tuesday, March 13, 2012 9:55 AM |
| **To:** | Brown, Lisa A. (LA) |
| **Cc:** | Abele, George; 'Dimitrios Korovilas'; jason@wukolaw.com; 'Tom Falvey'; 'J. D. Henderson' |
| **Subject:** | RE: Wong et al. v. ATT Mobility Services LLC [PH-LEGAL_USW.FID320284] |

**Attachments:** PAGA ltr (Pineda).pdf

Here is the certified mail receipt for the 2012 LWDA letter.

Sincerely,
Michael S. Morrison.  **Of Counsel.**

mmorrison@akgllp.com
T: 310.394.0888
F: 310.394.0811

401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
www.akgllp.com

# ALEXANDER
# KRAKOW +
# GLICK LLP

Employee Justice.

*The contents of this e-mail are confidential and may contain attorney-client privileged information*
*and/or work product.  If you have received this e-mail in error, please respond to the sender immediately*
*to so indicate, delete this email from your computer, and destroy any copies of this e-mail.  Thank you.*

**From:** Brown, Lisa A. (LA) [mailto:elizabethbrown@paulhastings.com]
**Sent:** Monday, March 12, 2012 2:23 PM
**To:** Michael S. Morrison
**Cc:** Abele, George; Dimitrios Korovilas; jason@wukolaw.com; Tom Falvey; J. D. Henderson
**Subject:** Wong et al. v. ATT Mobility Services LLC [PH-LEGAL_USW.FID320284]

Mike,

Following up on our meet and confer conversation on Friday, as well as our discovery requests and my
email request of February 15, 2012, by end of the day today please email to me a copy of the certified
mail receipts for the February 2011 and February 2012 letters to AT&T Mobility, and the 2012 receipt for
the LWDA letter.  Your February 24, 2012 status report to the Court contained a copy of the certified mail
receipt for the LWDA 2011 letter, but no other receipt.

Thank you.

Lisa

EXHIBIT C
PAGE 11

**PAUL HASTINGS**

**Elizabeth (Lisa) A. Brown | Associate, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6323 | Main: +1.213.683.6000 | Fax: +1.213.996.3323 |
elizabethbrown@paulhastings.com | www.paulhastings.com

*******************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. For additional information, please visit our website at www.paulhastings.com

No virus found in this message.
Checked by AVG - www.avg.com
Version: 10.0.1424 / Virus Database: 2113/4866 - Release Date: 03/12/12

4/18/2012

EXHIBIT C
PAGE 12

LAW OFFICES OF

Thomas W. Falvey

Thomas W. Falvey
J.D. Henderson
Judy D. Jonas
Daniel O'Neil-Ortiz

301 NORTH LAKE AVENUE, SUITE 800   •   PASADENA, CALIFORNIA 91101   •   (626) 795 - 0205   •   WWW.FALVEYLAW.COM

February 22, 2012

**VIA CERTIFIED US MAIL, RETURN RECIEPT REQUESTED**

Labor and Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

RE:  Notice of PAGA Claims Pursuant to Labor Code § 2699.3

Dear Labor & Workforce Development Agency:

Our firm submitted a letter dated February 28, 2011, to the LWDA providing notice
pursuant to Labor Code § 2699.3, that our client, Mr. Juan Pineda, would be pursuing claims
under the Private Attorney General Act of 2004 ("PAGA") against his former employer, AT&T
Mobility Services LLC ("AT&T"), on behalf of all current and former retail store managers
("RSMs") at AT&T in California.  His claims are based on AT&T's state-wide unlawful
misclassification of Mr. Pineda and all other California RSMs as exempt from the overtime laws.

The LWDA did not respond to our February 28, 2011 letter.  In an abundance of caution,
pursuant to Labor Code § 2699.3 we hereby notify the LWDA that Mr. Pineda's subsequently-
filed lawsuit, in which former AT&T employee Mr. Ronald Del Valle is a co-plaintiff, has since
been consolidated by order of the United States District Court, Central District of California,
with a similar action filed by another former AT&T employee, Mr. Jerry Wong.  Pursuant to the
Court's order, Messrs. Pineda, Del Valle, and Wong filed a joint consolidated complaint against
AT&T on March 23, 2011.  The consolidated case is styled as *Wong, Pineda, and Del Valle, on
behalf of themselves, all others similarly situated, and the general public, v. AT&T Mobility
Services LLC, et. al*, Case No. 10-8869 GW (FMOx) (C.D. Cal.).

As we explained in our earlier letter, the claims are based on the fact that AT&T has,
among other things, improperly classified all RSMs as non-exempt from California and federal
laws pertaining to overtime and hours worked, even though they do not meet the requirements for
any exemption as set forth in the relevant Industrial Commission Wage Orders and federal
statutes and regulations.  AT&T's acts give rise to, *inter alia*, the following violations: failure to
pay overtime compensation (Labor Code § 1194); failure to pay meal and rest period
compensation (Labor Code § 226.7, 512); waiting time penalties (Labor Code § 203); failure to
pay all wages due on a pay period (Labor Code § 204); failure to provide accurate itemized wage
statements (Labor Code § 226); and failure to pay all wages due at the time of separation (Labor
Code§§ 201-203).

EXHIBIT C
PAGE 13

Labor and Workforce Development Agency
February 22, 2012
Page 2

    Our clients, who are each "aggrieved employees" within the meaning of the Labor Code, intend to seek all penalties that are available for the above-described violations. The specific statutes for which penalties may be obtained for the violations of the laws identified above include the following: (1) Failure to pay overtime, Labor Code §§ 225.5 (based on AT&T's willful withholding of wages due to employees in violation of Labor Code §216), 558, 2699(f), as well as IWC Wage Order 4-2011, paragraph 20; (2) Meal and rest period violations, Labor Code §§ 558 and 2699(f), as well IWC Wage Order 4-2011, paragraph 20; (3) Providing inaccurate wage statements, Cal. Labor Code §§ 226(e), 226.3 and 2699(f) (for violations of § 226(a) without a showing of injury required), as well as IWC Wage Order 4-2011, paragraph 20; (4) Failure to pay all wages due by the appropriate pay period, Labor Code §§ 210 and 2699(f), as well IWC Wage Order 4-2011, paragraph 20; and (5) Failure to pay all wages due at the time of separation, Labor Code §§ 203 and 2699(f). In addition, our clients seek unpaid wages on behalf of all RSMs in California pursuant to Labor Code section 558(a)(3).

    Our clients' PAGA claim asserted in their consolidated complaint identifies the following statutes as being violated: Labor Code §§ 201-203, 204, 210, 216, 225.5, 226.3, 512, 558 and 1194, as well as IWC Wage Order 4-2011, paragraph 20. The complaint specifies that our clients will be seeking penalties in accordance with Labor Code §§ 2698 and 2699, and that they should be awarded 25% of all penalties recovered.

    As set forth in our original letter, according to the California Secretary of State's website, the agent for service of process on AT&T is

    CT Corporation
    1205 Lenox Park Blvd. NE Ste 5D46
    Atlanta, Georgia 30319

    AT&T is currently represented by George Abele, Esq. at Paul Hastings LLP, 515 S. Flower St., 25th Floor, Los Angeles, CA 90071. We are copying him on this letter.

    Because the LWDA has not notified us otherwise, we understand that the LWDA will not itself be investigating this matter further. Please advise us if you have any questions or concerns. Our contact information is above.

                   Very truly yours,

                   J.D. Henderson
                   Attorney at Law

JDH: dk, mm
Enclosures: n/a
cc: George Abele

EXHIBIT C
PAGE 14

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.45 |
| Certified Fee | | $2.95 |
| Return Receipt Fee (Endorsement Required) | | $2.35 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.75 |

Postmark Here

Sent To
*Labor and Workforce Development Agency*
Street, Apt. No.; or PO Box No.
*800 Capitol Mall, M.I.C.-55*
City, State, ZIP+4
*Sacramento, CA 95814*

7002 0510 0003 2043 2702

PS Form 3800, January 2001          See Reverse for Instructions

EXHIBIT C
PAGE 15

## Brown, Lisa A. (LA)

| | |
|---|---|
| **From:** | Michael S. Morrison [mmorrison@akgllp.com] |
| **Sent:** | Thursday, March 29, 2012 3:24 PM |
| **To:** | Brown, Lisa A. (LA) |
| **Cc:** | 'Dimitrios Korovilas'; jason@wukolaw.com; 'J. D. Henderson'; 'Tom Falvey'; Abele, George |
| **Subject:** | RE: Wong v. AT&T Mobility - PAGA motion for judgment on the pleadings [PH-LEGAL_USW.FID320284] |

My apologies for not responding sooner.

We prefer that your submission not be filed on a Friday as it cuts into the working days we have to respond. We prefer that this be filed on April 18, 2012. Our response will be April 30, 2012. Your reply will be due May 10th. Please let me know if this is acceptable.

Regarding the other issue we discussed, I reviewed our past email exchanges and our files. We have sent you all the PAGA related correspondence we have. If AT&T is contending that it did not receive any correspondence, please indicate so in writing.

Sincerely,
Michael S. Morrison. **Of Counsel.**

mmorrison@akgllp.com
T: 310.394.0888
F: 310.394.0811

401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
www.akgllp.com

## ALEXANDER
## KRAKOW +
## GLICK LLP

Employee Justice.

*The contents of this e-mail are confidential and may contain attorney-client privileged information and/or work product. If you have received this e-mail in error, please respond to the sender immediately to so indicate, delete this email from your computer, and destroy any copies of this e-mail. Thank you.*

**From:** Brown, Lisa A. (LA) [mailto:elizabethbrown@paulhastings.com]
**Sent:** Tuesday, March 27, 2012 7:09 PM
**To:** Michael S. Morrison
**Cc:** Dimitrios Korovilas; jason@wukolaw.com; J. D. Henderson; Tom Falvey; Abele, George
**Subject:** Wong v. AT&T Mobility - PAGA motion for judgment on the pleadings [PH-LEGAL_USW.FID320284]

Mike,

Per our conversation last week at your office, here is the schedule we propose given the agreed-upon

**EXHIBIT C**
**PAGE 16**

hearing date of May 24, 2012 for our motion for judgment on the pleadings on your PAGA claim:

Motion filed: by April 20, 2012
Opposition filed: by April 30, 2012
Reply filed: by May 10, 2012
Hearing: May 24, 2012

Please confirm and we will prepare the stipulation that addresses the briefing schedule and the agreement regarding your discovery.

Thank you.

Lisa

PAUL
HASTINGS       **Elizabeth (Lisa) A. Brown | Associate, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles,
CA 90071 | Direct: +1.213.683.6323 | Main: +1.213.683.6000 | Fax:
+1.213.996.3323 | elizabethbrown@paulhastings.com |
www.paulhastings.com

**************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised
that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any
taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
**************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
For additional information, please visit our website at www.paulhastings.com

No virus found in this message.
Checked by AVG - www.avg.com
Version: 10.0.1424 / Virus Database: 2113/4898 - Release Date: 03/27/12

4/18/2012

EXHIBIT C
PAGE 17

**EXHIBIT D**

**Gamino, Irma**

| | |
|---|---|
| **From:** | Michael S. Morrison [mmorrison@akgllp.com] |
| **Sent:** | Monday, March 12, 2012 9:49 AM |
| **To:** | Brown, Lisa A. (LA); 'JD'; 'Tom Falvey'; 'Dimitrios Korovilas'; jason@wukolaw.com |
| **Subject:** | RE: ATT/Wong - summary of telephonic meet and confer [PH-LEGAL_USW.FID320284] |

A few things.

On point two, our position is that the letter to the LWDA does not have to list each of the penalties you are seeking. Instead, as long as you identify the Labor Code Provisions which have been violated, you can get all the penalties which flow from those violations. A PAGA action is by definition an action for penalties.

Point number three is incorrect. I think you confused different arguments.

With respect to point 6, our position is that the second notice is a supplemental notice – not a new notice.

On point 8, I am still perplexed why you could not state when you anticipate noticing the hearing. You argument that "we have 6 lawyers on the case" is not a valid reason for forgoing basic courtesy and setting the hearing on a date when the attorneys handling the motion know they can be present. There is no reason to hide the ball or be vague. Providing the date in advance may help the parties avoid unnecessary work such as preparing a stipulation to move the hearing date if counsel is not available (as what occurred with your last PAGA motion).

Sincerely,
Michael S. Morrison. **Of Counsel.**

mmorrison@akgllp.com
T: 310.394.0888
F: 310.394.0811

401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
www.akgllp.com

# ALEXANDER
# KRAKOW +
# GLICK LLP

Employee Justice.

*The contents of this e-mail are confidential and may contain attorney-client privileged information and/or work product. If you have received this e-mail in error, please respond to the sender immediately*

EXHIBIT D
PAGE 18

*to so indicate, delete this email from your computer, and destroy any copies of this e-mail.  Thank you.*

**From:** Brown, Lisa A. (LA) [mailto:elizabethbrown@paulhastings.com]
**Sent:** Saturday, March 10, 2012 12:16 AM
**To:** Michael S. Morrison
**Subject:** ATT/Wong - summary of telephonic meet and confer [PH-LEGAL_USW.FID320284]

Mike,

Following up on our telephonic meet and confer on Friday, March 9, 2012, regarding Defendants' anticipated Motion for Judgment on the Pleadings, please review the email below and let me know no later than noon on Monday, March 12, 2012, whether you believe the summary below does not accurately reflect our conversation:

1.  Plaintiffs believe that one named Plaintiff - here, Juan Pineda - can exhaust administrative remedies for the other named plaintiffs, and that even if one named plaintiff were dismissed, another could step in to carry on the representative action.  You advised that there are "at least trial court level decisions" regarding this point.

2.  Plaintiffs disagree that the LWDA notice must list all the specific Labor Code provisions listed in the operative complaint.  Plaintiffs also disagree that the February 2011 notice did not sufficiently describe the facts and theories pursuant to which they seek PAGA penalties.

3.  Plaintiffs believe that even if the the February 2011 notice were somehow deficient, there was no prejudice to the Defendant now that the Plaintiffs have provided the second notice and the explanation in their February 24, 2012 submission.

4.  In response to my comment that Mr. Pineda's notice was not produced in discovery or disclosed by the Plaintiffs, you stated that the letter was sent to AT&T Mobility in February 2011 and, thus, Defendant has been aware of what was in it prior to your February 2012 submission.

5.  You disagreed with our position that the second, February 2012, letter to the LWDA was an admission by the Plaintiffs that the first letter was deficient.  Instead, you advised that Plaintiffs sent the second letter because the LWDA did not respond to the February 2011 letter and Plaintiffs wanted to prompt LWDA into responding to that first letter.

6.  You disagreed that the second notice was time barred, although you did agree that none of the named Plaintiffs were employed by AT&T Mobility in February 2011.

7.  Plaintiffs do not agree that they misled the Court in their complaint and will not dismiss their PAGA claims.

8.  At the conclusion of our meet and confer call, I advised you that Defendant will be filing its Motion for Judgment on the Pleadings shortly, and will notice it for hearing at the earliest possible date permitted by the rules.  You asked whether we would be able to clear the hearing date with you first; I advised that we will not but explained that if we file the motion next week, it will be set for hearing within the month.

Lisa

---

 **Elizabeth Brown | Associate, Employment Law Department**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6323 | Main: +1.213.683.6000 | Fax: +1.213.996.3323 | elizabethbrown@paulhastings.com | www.paulhastings.com

4/18/2012

EXHIBIT D
PAGE 19

********************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised
that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any
taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
********************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
For additional information, please visit our website at www.paulhastings.com

No virus found in this message.
Checked by AVG - www.avg.com
Version: 10.0.1424 / Virus Database: 2113/4865 - Release Date: 03/11/12

# EXHIBIT E



STATE OF CALIFORNIA
## Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

**RECEIVED**

MAR 0 2 2012

**PAUL, HASTINGS**

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Employment Development Department • Employment Training Panel

February 29, 2012

Elizabeth A. Brown
Paul Hastings LLP
515 South Flower Street
25th Floor
Los Angeles, CA 90071

Dear Ms. Brown:

Re:   California Public Records Act Request

On February 27, 2012, the Labor and Workforce Development Agency (LWDA)
received your Public Records Act Request for the following documents:

"…any and all correspondence … and/or files held by your Agency related to
claims under … California Labor Code § 2699 *et seq*, by … Jerry Wong … Juan
Pineda … and/or Ronald Del Valle against AT&T Mobility Services, LLC."

The number of pages copied to fulfill your request for the documents totaled 3
pages.  The duplication cost is $.10 per page with any amount that totals less
than $2.00 being free of charge. There will be no charge for your request.

If you have any questions, please contact me at (916) 653-9900.

Sincerely,

April Kleine
Public Records Act Coordinator

Enclosure

EXHIBIT E
PAGE 21

7812

LAW OFFICES OF

# THOMAS W. FALVEY

301 NORTH LAKE AVENUE, SUITE 800
PASADENA, CALIFORNIA 91101
(626) 795-0205

February 28, 2011

**VIA CERTIFIED MAIL**

RECEIVED

MAR 02 2

State of Californ
Labor & Workforce Develop

Labor and Work Force Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

RE: *Notice of PAGA Claims Pursuant to Labor Code § 2699.3*

To Whom It May Concern:

Pursuant to the Private Attorney General Act of 2004, Mr. Juan Pineda is an aggrieved employee and intends to file a civil action on behalf of all current and former Retail Sales Managers ("RSM") of AT&T Mobility Services LLC ("AT&T"). According to the California Secretary of State's website, the address for service of process for AT&T is CT CORPORATION SYSTEM (C0168406), 1025 LENOX PARK BLVD NE STE 5D46, ATLANTA GA 30319.

This action will be based on the fact that AT&T, among other things, has: (1) improperly classified all RSMs as non-exempt from California and federal laws pertaining to overtime, even though they do not meet the requirements for any exemption as set forth in the relevant Industrial Commission Wage Orders and federal statutes and regulations; (2) failed to provide meal and rest periods as required by law; (3) failed to pay all wages due upon termination and resignation; and (4) failed to provide accurate wage statements. The employer's acts give rise to the following violations: meal and rest period violations (L.C. §§ 226.7, 512); loss of overtime (L.C. § 1194); providing inaccurate wage statements (L.C. § 226); failure to pay all wages due on a pay period (L.C. § 204); and failure to pay all wages due at the time of separation (L.C. §§ 201-203).

We respectfully request the LWDA notify this office within thirty (30) days if it wishes to investigate further. Should you have any questions or concerns, please do not hesitate to contact the undersigned. Our contact information is above.

Sincerely,

LAW OFFICES OF THOMAS W. FALVEY

J.D. Henderson, Esq.
Attorneys for Herman Lu

cc: AT&T Mobility Services, LLC

**EXHIBIT E
PAGE 22**





STATE OF CALIFORNIA
## Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

June 13, 2011                                                  **CERTIFIED MAIL**

Law Offices of Thomas W. Falvey
301 North Lake Avenue, Suite 800
Pasadena, CA 91101

RE: Employer:    AT&T Mobility Services, LLC
RE: Employee(s): Juan Pineda
RE: LWDA No:   7812

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked February 28, 2011, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "...civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

Doug Hoffner
Undersecretary

Cc:   AT&T Mobility Services, LLC
       5565 Glenridge Connector
       Atlanta, GA 30342

801 K Street, Suite 2101 • Sacramento, California 95814 • TEL (916) 327.9064 • FAX (916) 327.9158 • www.labor.ca.gov

EXHIBIT E
PAGE 24